UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 01469**

-----------------------------------------------------------------x

MAGDA EISENBERG,

                                  Plaintiff(s),

-against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                                Defendant(s).

**NOTICE OF REMOVAL**

Docket No.:



-----------------------------------------------------------------x

To:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

    This Notice of Removal on behalf of defendant NEW ENGLAND MOTOR
FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ) respectfully shows:

    1.    On or about November 8, 2007 an action was commenced against
defendant NEW ENGLAND MOTOR FREIGHT, INC. and AUDRAY HEMRAJ in the
Supreme Court of the State of New York, New York County for unspecified damages,
which action is entitled above. *Copies of the Summons and Verified Complaint and
Supplemental Summons and Amended Verified Complaint are attached hereto and
marked as Exhibits "A" and "B" respectively.*

    2    On or about December 10, 2007 defendants NEW ENGLAND MOTOR
FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ) served their Notice of Appearance and Verified Answer with Affirmative
Defenses. *Copies of the Notice of Appearance and Verified Answer with Affirmative
Defenses is attached hereto and marked as Exhibit "C".*

3.　　On February 8, 2008, plaintiff's counsel personally served upon the undersigned a  Response to CPLR 3107(c) Supplemental Demand setting forth for the first time her claimed damages of One Hundred Million ($100,000,000.00) Dollars, together with costs and disbursements, making this case eligible for Removal to this Court. *The Demand and Plaintiff's Response to Supplemental Demand are attached hereto and marked as Exhibits "D" and "E" respectively[1].*

4.　　The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.　　As set forth in the Verified Complaint and Amended Verified Complaint, plaintiff is a resident of the State of New York.  As further set forth, defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and still is, a corporation organized under the laws of the State of New Jersey and having its principal address at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) was and still is a resident of the State of New Jersey.  See Exhibits "A" and "B".  The parties have complete diversity.

6.　　There have been no proceedings held in the Supreme Court of the State of New York-New York County with regard to this matter, except for a Case Scheduling Order and discovery conference, resulting in an Order, copies of which are annexed hereto as Exhibits "G" and "H", respectively.

---

[1] The Response was also mailed to our office, in an envelope postmarked February 11, 2008.  Exhibit "F".

   **WHEREFORE**, defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) request that this

action now pending against it in the Supreme Court of the State of New York, New York

County, be removed therefrom to this Court.

Dated:  Lake Success, New York
        February 12, 2008

                                    Yours etc.,

                                    ABRAMS, FENSTERMAN,
                                    FENSTERMAN, EISMAN, GREENBERG,
                                    FORMATO & EINIGER, LLP

                                    BY:_____
                                    TODD C. RUBENSTEIN (TR-8884)
                                    Attorneys for Defendants
                                    NEW ENGLAND MOTOR FREIGHT,
                                    INC. and ANDRE HEMRAJ (improperly
                                    sued herein as AUDRAY HEMRAJ)
                                    1111 Marcus Avenue
                                    Suite 107
                                    Lake Success, New York 141042
                                    516-328-2300

TO:     RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

**EXHIBIT A**

07007691

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
MAGDA EISENBERG,

                                          Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                          Defendants.
------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of Second Avenue
New York, New York
County. City and State of New
York

**To the above named Defendants:**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner.  In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              November 7, 2007

                                          _____
                                          RAPHAEL WEITZMAN
                                          Weitzman Law Offices, L.L.C.
                                          Attorneys for Plaintiff(s)
                                          MAGDA EISENBERG
                                          110 Wall Street
                                          Eleventh Floor
                                          New York, New York 10005
                                          212-248-5200
                                          Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant

ALBANY COUNTY
SHERIFF'S OFFICE
2001 DEC 10 P 12: 57
JAMES L. CAMPBELL

108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                               Plaintiff,

              -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                           Defendants.
-------------------------------------------------------------------X

Index No.: 150522/2007

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

      1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

      2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

      3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

      4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.     At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, 60th Street and its intersection with Second Ave were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    New York, New York
          November 7, 2007

          YOURS, ETC.

          RAPHAEL WEITZMAN
          Weitzman Law Offices, L.L.C.
          Attorneys for Plaintiff(s)
          MAGDA EISENBERG
          110 Wall Street
          Eleventh Floor
          New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **COMPLAINT** and know the contents thereof, and the same

are true to my knowledge, except those matters therein which are stated to be alleged upon

information and belief, and as to those matters I believe them to be true. My belief, as to those

matters therein not stated upon knowledge, is based upon facts, records, and other pertinent

information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county

wherein I maintain my offices.

DATED:      New York, New York
            November 7, 2007

RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                                Plaintiff(s),

               -against-


New England Motor Freight, Inc. &
Audray Hemraj

                                Defendant(s).

---

### SUMMONS AND VERIFIED COMPLAINT

---

**Weitzman Law Offices, L.L.C.**
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

---

TO:

AUDRAY HEMRAJ
Defendant
108 Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

MAGDA EISENBERG,

                                Plaintiff,

               -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                           Defendants.

-----------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
               November 15, 2007

                         RAPHAEL WEITZMAN
                         Weitzman Law Offices, L.L.C.
                         Attorneys for Plaintiff(s)
                         MAGDA EISENBERG
                         110 Wall Street
                         Eleventh Floor
                         New York, New York 10005
                         212-248-5200
                         Our File No. 07-0008

TO:

AUDRAY HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
MAGDA EISENBERG,

                        Plaintiff,

           -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                    Defendants.
---------------------------------------------------------------------X

Index No.: 150522/2007

**AMMENDED VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

    1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

    2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

    3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

    4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.      At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.      At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.      At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.      At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.      At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.     At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.     That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.     That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.     That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.     That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.     That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            November 15, 2007

YOURS, ETC.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

4

212-248-5200
Our File No. 07-0008

5

**ATTORNEY'S VERIFICATION**

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg.  I have read the annexed **AMMENDED COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which are stated to

be alleged upon information and belief, and as to those matters I believe them to be true.  My

belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I

maintain my offices.


DATED:       New York, New York
             November 15, 2007

RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                              Plaintiff(s),

              -against-


New England Motor Freight, Inc. &
Audray Hemraj

                              Defendant(s).


**SUPPLEMENTAL SUMMONS AND AMMENDED VERIFIED COMPLAINT**


### Weitzman Law Offices, L.L.C.
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**


TO:

AUDRAY HEMRAJ
Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

**EXHIBIT C**

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X Index No.: 150522/07
MAGDA EISENBERG,

                                    Plaintiff,              **NOTICE OF APPEARANCE**
                                                            **AND VERIFIED ANSWER**
                                                            **WITH AFFIRMATIVE DEFENSES**

        -against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                                    Defendants.
-------------------------------------------------------------------X

        **PLEASE TAKE NOTICE,** that the above-named defendants, NEW ENGLAND

MOTOR FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY

HEMRAJ), hereby appear in this action and that the undersigned have been retained as attorneys

for said defendants and demand that you serve all papers in this proceeding upon them at the

address stated below.

        **PLEASE TAKE FURTHER NOTICE,** that said defendants hereby interpose the

following verified answer to the plaintiff's Amended Verified Complaint dated November 15,

2007:

        1.      Defendants deny information and/or knowledge sufficient to form a belief as to

the allegations contained in paragraphs marked "1", and "17" of plaintiff's Amended Verified

Complaint, and therefore deny same.

        2.      Defendants deny each and every allegation contained in paragraphs marked "5",

"6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "19", "20", "21", "22", "23"

and "26" of plaintiff's Amended Verified Complaint.

3.       Defendants deny each and every allegation contained in paragraph marked "3" of plaintiff's Amended Verified Complaint, except admit that NEW ENGLAND MOTOR FREIGHT, INC. is a foreign corporation authorized to do business in the State of New York.

4.       Defendants deny each and every allegation contained in paragraphs marked "24" and "25" of plaintiff's Amended Verified Complaint, and leave all questions of law to the Court.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

5.       The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

6.       The amended verified complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

7.       That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

8.       The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

9.    The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

10.    The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

11.    The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in her complaint.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

12.    Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superseding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

13.    There is a lack or jurisdiction over the person of these answering defendants by reason of failure to issue process and/or insufficiency of process and/or insufficiency of service of process.  Therefore, the right to move for dismissal is reserved.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

14.    Plaintiff's complaint must be dismissed or transferred for forum non-convenience and/or improper venue.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

15.    That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable

conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

### AND AS FOR A TENTH AFFIRMATIVE DEFENSE

16.    The answering defendant(s), allege(s), upon information and belief, that whatever injuries and/or damages were sustained by the plaintiffs at the time and place alleged in the Complaint were in whole or in part the result of the culpable conduct of the plaintiffs.

17.    That the plaintiff(s) herein were guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars Plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff(s) was caused in whole or in part by the assumption of risk of the plaintiff.

### AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

18.    The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.    These defendants reserve their right to amend their answer and the attached affirmative defenses, supplement and/or change same upon completion of the appropriate investigation and discovery.

4

**WHEREFORE**, defendants, NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ), demand judgment against plaintiff dismissing the Amended Verified Complaint against these defendants, together with all costs, fees and disbursements of this action.

Dated: Lake Success, New York
           December 10, 2007

Yours, etc.

_____
By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman, Greenberg,
Formato & Einiger, LLP
Attorneys for Defendants
NEW ENGLAND MOTOR FREIGHT, INC. AND
ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

5

## VERIFICATION

State of New York
                                        ss.:
County of Nassau

I, Todd C. Rubenstein, Esq., being duly sworn, state:

I am an attorney for defendants in this action. The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation. This verification is not made by defendant corporation because it is a foreign corporation.

_____
Todd C. Rubenstein

Dated: December 10, 2007

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )

                                                    ss.:

COUNTY OF NASSAU   )

CAMI NEGUS, duly sworn, deposes and says that:

1.      I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

2.      On the 10th day of December, 2007, I served the within NOTICE OF APPEARANCE AND VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

RAPHAEL WEITZMAN
Weitzman Law Offices, LLC
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, NY 10005
212-248-5200

_____
CAMI NEGUS

Sworn to before me this
10th day of December, 2007

_____
Notary Public

JOETTA KLOEPPING
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

**EXHIBIT D**

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X  Index No.: 150522/07
MAGDA EISENBERG,

                                        Plaintiff,

                                                                **DEMAND FOR**
-against-                                                       **SUPPLEMENTAL**
                                                                **DEMAND FOR RELIEF**

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                                        Defendants.
-----------------------------------------------------------------X
**SIR/MADAM(S):**

        Pursuant to CPLR 3017(c), defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (s/h/a AUDRAY HEMRAJ),  request that within fifteen (15) days of the date

of this demand, the plaintiff MAGDA EISENBERG serves a supplemental demand for relief

setting forth the total damages to which she deems herself entitled.

Dated: Lake Success, New York
        January 7, 2008

                                        Yours, etc.

                                        _____
                                        By: Todd C. Rubenstein
                                        Abrams, Fensterman, Fensterman, Eisman, Greenberg,
                                        Formato & Einiger, LLP
                                        Attorneys for Defendants
                                        NEW ENGLAND MOTOR FREIGHT, INC. AND
                                        ANDRE HEMRAJ (improperly sued herein as AUDRAY
                                        HEMRAJ)
                                        1111 Marcus Avenue, Suite 107
                                        Lake Success, New York 11042
                                        (516) 328-2300

To:     RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )
                                    ss.:

COUNTY OF NASSAU   )

                CAMI NEGUS, duly sworn, deposes and says that:

        1.     I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

        2.     On the 9th day of January, 2008, I served the within **DEMAND FOR SUPPLEMENTAL DEMAND FOR RELIEF** by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

        RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

                                                            _____
                                        CAMI NEGUS

Sworn to before me this
9th day of January, 2008

_____
Notary Public

**JOETTA KLOEPPING**
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

**EXHIBIT E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

Defendants.

------------------------------------------------------------------------X

**DEMAND FOR RELIEF**

Index No. 150522/2007

 

**PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants

herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and

disbursements of this action.


Dated:       New York, New York
              January 29, 2008

                            Yours, etc.,

                            RAPHAEL WEITZMAN
                            Weitzman Law Offices, L.L.C.
                            Attorneys for Plaintiff(s)
                            MAGDA EISENBERG
                            110 Wall Street
                            Eleventh Floor
                            New York, New York 10005
                            212-248-5200
                            Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

1

(516) 328-2300

2

**EXHIBIT F**

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Weitzman Law Offices LLC
110 Wall St, 11th Fl
New York, NY 10005-3817

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

Defendants.

------------------------------------------------------------------------X

**DEMAND FOR RELIEF**

Index No. 150522/2007

 

**PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants

herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and

disbursements of this action.


Dated:      New York, New York
              January 29, 2008

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

1

(516) 328-2300

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MAGDA EISENBERG,

                         Plaintiff,

        -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

                         Defendants.

---

### DEMAND FOR RELIEF

---

**Weitzman Law Offices, L.L.C.**
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

---

TO:    Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

**EXHIBIT G**

Supreme Court of the State of New York
New York County Courthouse
80 Centre Street
New York, New York  10013

**DIFFERENTIATED CASE MANAGEMENT PROGRAM**

<u>PRESENT: HON. DEBORAH A. KAPLAN</u>                    PART  22-DCM


Jan 02, 2008

To: ABRAMS FENSTERMAN FENSTERMAN/        (For Defendant)
1111 MARCUS AVENUE - SUITE 107
LAKE SUCCESS, N. Y.  11042

Index #  0150522/2007

---

EISENBERG, MAGDA                    ,PLAINTIFF

V

NEW ENGLAND MOTOR                    ,DEFENDANT

---

1

# CASE SCHEDULING ORDER

A request for a preliminary conference having been filed or the court having taken action on its own initiative,

IT IS HEREBY ORDERED  that this case is designated an Expedited matter (Uniform Rule 202.19 (b)) and disclosure not already furnished shall proceed in accordance with the deadlines set forth below.  However, a party claiming to be prejudiced by this order may, after consulting opposing counsel, seek a modification of the Expedited designation or the schedule by contacting Tammy M. Harwood, Case Management Coordinator, at the Case Management Office (by phone at **646-386-3682, fax at 212-374 -1842** , or e-mail to Tharwood@courts.state.ny.us) by  **January 22, 2008**.  That Office will provide an opportunity to the parties to be heard on the request by telephone or court conference and the court will take such action as is appropriate.  Failure to contact the Office within the said deadline shall constitute a waiver of any objection to the designation or schedule.  The parties shall not in the first instance contact the Justice assigned.

**NONE OF THE DATES IN THE ORDER MAY BE EXTENDED WITHOUT ADVANCE APPROVAL BY THE COURT.**   All requests for extensions shall be directed to the Case Management Office in the first instance.

(1) <u>Mandatory Notification:</u>   The attorney who receives a copy of this Order shall, within ten days from receipt, transmit a copy to counsel for all parties who have appeared in the case and to all self-represented litigants and shall, by **January 15, 2008**, return to the Case Management Office an original by mail or a copy by fax of an affidavit of service or a letter setting forth the dates the parties were served.

(2) <u>Insurance Information:</u>   All parties shall exchange insurance and coverage information by **January 29, 2008.**

(3) <u>Bill of Particulars:</u>   A demand shall be served by **January 22, 2008.**  A bill(s) shall be served by **february 05, 2008.**

(4) <u>Authorizations:</u>  Authorizations for **HIPAA compliant** medical records and for employment records for two years prior to the accident shall be served by **January 29, 2008.**

---

1    This is a conformed copy. The original order has been or will be filed with the County Clerk .

Index # 0150522/2007  Case of  EISENBERG, MAGDA          vs.  NEW ENGLAND MOTOR

(5) Witness and Other Information: All parties shall exchange statements of opposing parties, photographs, and the names and addresses of all fact witnesses by **February 05, 2008**. If any of these items do not exist, the parties shall serve by that date an affirmation clearly so specifying.

(6) Depositions: All depositions must be completed by **April 22, 2008**. Plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption. Within 20 days from service of a copy of this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. If a witness thereafter is unable to appear as scheduled, the parties shall confer and attempt to agree upon a resolution of the problem, including, if necessary, an alternative schedule or order of production. However, absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above.

(7) Demands for Documents: Demands for documents shall be served no later than 10 days after completion of depositions and shall be responded to within 20 days from service.

(8) Physical Examinations and Reports (Uniform Rule 202.17): Physical examination(s) of the plaintiff shall be completed by **June 10, 2008**. The examining party shall notify all other parties of the identity of the examining physician at least 20 days prior to said examination. Copies of medical reports shall be served by plaintiff at least 15 days prior to said examination. A copy of the report of the examining physician shall be served on all parties within 21 days of said examination.

(9) Other Disclosure: All other disclosure shall be completed by **June 24, 2008**.

(10) Impleader: Shall be completed by **June 24, 2008**.

(11) Mandatory Compliance Conference: Will be held on **July 07, 2008** at **9:30 am** at **80 Centre Street , Room 103.**

(12) Note of Issue: Shall be filed on or before **July 14, 2008**.

(13) Summary Judgment Motions: Summary judgment motions shall be made no later than **60 days** after filing of the note of issue (CPLR 3212 (a)).

## RESOLUTION OF DISPUTES/PENALTIES FOR NON-COMPLIANCE

**If disputes arise about compliance with this Order, the parties shall promptly confer in an effort to resolve them. If that effort fails, the parties shall immediately, in advance of deadlines and prior to initiating motion practice, bring the dispute to the attention of the Case Management Office (not the assigned Justice) and shall participate in any telephonic or court conference that Office may require. Absent good cause, failure to raise discovery problems with that Office immediately, in advance of deadlines, other non-compliance with this Order, or failure to comply with any Disclosure Reminder Notice transmitted by that Office may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of an answer, costs, sanctions, and attorney's fees.** Counsel should be particularly aware that penalties may be imposed in the event of the failure of a defendant to give notice of, designate a physician for, schedule, or conduct an examination of plaintiff as set forth herein, the failure of said defendant to serve a report as set forth herein, the failure of plaintiff to appear at an examination as required, and the failure of a party to schedule or attend a deposition.

*Deborah A. Kg*

J.S.C.

Jan 02, 2008

**EXHIBIT H**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

MAGUA   EISENBERG

NEME  V  ET AL

INDIVIDUAL ASSIGNMENT PART _____

~~STIPULATION~~ ORDER

INDEX NO.  150577/07

MOTION CALENDAR NO.

DATE  2/8/08

ORDERED

IT IS HEREBY ~~STIPULATED AND AGREED by and between the below-named attorney(s) as follows:~~

Counsel for plaintiff has represented that plaintiff is age 85-years-old and her physician asserts that she is totally ill. Counsel has requested this DCM conference in compliance with Hon. D.A. Kaplan's Part Rule 2A, requiring same prior to plaintiff's intended motion to expedite all discovery of order dated 1/2/08.

_____
*Attorney for Plaintiff*

Date:  2/8/08

_____
*Attorney for Defendant*

So Ordered.

_____
*Attorney for Defendant*

ENTER. Deborah A. Kg

J.S.C.

SC-8G (rev 2/86)