UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

                                   Plaintiff,                        MEMORANDUM OF LAW
                                                                                  CIVIL ACTION FILE NO.:
                         -against-                                        08CV1469

NEW ENGLAND MOTOR FREIGHT, INC. &
ANDRE HEMRAJ,

                                 Defendants.
-----------------------------------------------------------------------X

## BACKGROUND AND NATURE OF THE ACTION

The incident complained of in the foregoing complaint occurred on October 22, 2007 at approximately 2:15 pm at Second Avenue at its intersection with East 60th Street in the County, City and State of New York. On the said date and time, Defendant ANDRE HEMRAJ operated and controlled NEW ENGLAND MOTOR FREIGHT, INC.'s vehicle bearing license plate number T27328, New Jersey at the above-mentioned location. Plaintiff MAGDA EISENBERG who was a lawful pedestrian at the above-mentioned location, was headed east on East 60th Street at its intersection with Second Avenue, and the Defendant was travelling southbound on Second Avenue at its intersection with East 60th Street when the defendant's truck struck her and drove on top of her. Plaintiff was struck by the Defendants' truck and injured by reason, also of the negligence, recklessness and carelessness of THE CITY OF NEW YORK, its agents, servants, employees and/or licensees in the ownership, operation, control and maintenance of said roadway in causing, permitting and/or allowing said roadway at the aforementioned location to be, become and remain in

a dangerous and hazardous condition, constituting a trap, nuisance and hazard and in failing to properly direct traffic. As a result of the incident Plaintiff sustained the injuries of the nature as; Multiple Fractures of the Right Shoulder Requiring Open Reduction Surgery, Multiple Fractures of the Right Pelvis, Multiple Hematomas. Plaintiff **MAGDA EISENBERG** was and is continuously confined to the following Hospitals;

    a.    New York Hospital, Weill Cornell at 525 East, 68th Street, New York, New York 10021 ;

    b.    Haymn Salomon Home For The Aged at 2340 Cropsey Avenue, New York, New York 11214 ;

    c.    Miamonides Hospital at Tenth Avenue and 49th Street, Brooklyn, New York ;

    d.    New York University Hospital at 560 First Avenue, New York, New York 10016.

## THE PARTIES

**1.** Plaintiff, Magda Eisenberg, is a resident in the city and the State of New York.

2. Plaintiff resides at 65-65 Wetherole Street, Apartment 2S, Rego Park, NY 11374.

3. Upon information and belief, defendant, NEW ENGLAND MOTOR FREIGHT, INC. is a foreign corporation performing ongoing and continuing business in the State of New York, and maintains its principal place of business at 108 South Franklin Avenue, Suite One, Valley Stream, New York 11580.

4. Defendant ANDRE HEMRAJ was, and still is a resident of the State of New Jersey who transacts business in the State of New York.

5. Defendant CITY OF NEW YORK was, and still is a Domestic Municipal Corporation having its office at 1 Centre Street Room 1200, New York, NY 10007-2341.

## VENUE AND JURISDICTION

6. The Supreme Court of the State of New York, County of New York has jurisdiction pursuant to the New York Civil Practice Law and Rules ("CPLR") § 301.

7. Pursuant to CPLR § 503(c), venue is proper in New York County. The section provides: A domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located; except that such a corporation, if a railroad or other common carrier, shall also be deemed a resident of the county where the cause of action arose.

8. Furthermore, at all relevant times, Defendants transacted business in the State of New York, committed the acts described herein and otherwise performed the acts within the State subjecting them to the jurisdiction of the courts of the State of New York.

## PROCEDURAL BACKGROUND

9. The Plaintiffs purchased an index number in the Supreme Court of the State of New York, County of New York on November 08, 2007. (See Summons and Complaint annexed hereto as EXHIBIT A).

10. On December 26, 2007 the Defendants were served with Plaintiff's Discovery Demands (Exhibit D).

11. On January 23, 2008 Plaintiff's counsel was furnished with Defendants' responses to the

8

aforesaid demands (Exhibit E).

12. On February 16, 2008, Plaintiffs were served with a Notice of Removal by all defendants in the present action. (See Notice of Removal dated February 13, 2008 annexed hereto as EXHIBIT F).

## LEGAL ARGUMENTS

11. Section 1447(c) of Title 28 provides that motions for remand:

on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a).

12. Section 1447(c) also recognizes a second basis for remand:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Property Clerk, New York City Police Dept. v. Fyfe, 197 F. Supp. 2d 39, 41–42 (S.D.N.Y. 2002); Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000)

13. "All doubts should be resolved in favor of remand" ; Vasura v. Acands, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000)

14. "The party invoking the Court's removal jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to remand." (citing United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Hallenbeck v. Transgas, Inc., 53 F. Supp. 2d 543, 543–44 (N.D.N.Y. 1999) (when a plaintiff moves to remand the action to state court, the party opposing remand bears the burden of proving that the requirements for removal have been met); Arkwright-Boston Mfrs. Mut. Ins.

9

Co. v. Truck Ins. Exchange, 979 F. Supp. 155, 159 (E.D.N.Y. 1997), vacated in part on other grounds, 173 F.3d 843 (2d Cir.1999) (vacating sactions). All the Circuit Courts that have addressed the issue thus far agree that the burden of establishing federal jurisdiction under the Class Action Fairness Act of 2005 remains on the party seeking the removal to federal court. See Evans v. Walter Industries, Inc., 449 F.3d 1159 (11th Cir. 2006) at *4 ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction"); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 686 (9th Cir. 2006) ("CAFA's silence, coupled with a sentence in a legislative committee report untethered to any statutory language, does not alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction");
Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005) (holding that the burden of persuasion rests on the party seeking federal jurisdiction, not the party seeking the remand). In Evans, the Ninth Circuit, addressing a question of first impression, held that once defendants have established federal court jurisdiction, it is the party seeking remand who bears the burden to establish one of the CAFA exceptions to federal jurisdiction—in that case, CAFA's "local controversy" exception. Evans v. Walter Industries, Inc., 449 F.3d 1159 (11th Cir. 2006), at *5.

15. The cause of Action does not pose a Federal Question

Complete diversity does not exist and therefore there can be no question of federal jurisdiction on that count; indeed.

16. Pursuant to § 503(c) of the Civil Practice Laws and Rules:

A domestic corporation, or a foreign corporation authorized to transact business in the state,

shall be deemed a resident of the county in which its principal office is located; except that such a corporation, if a railroad or other common carrier, shall also be deemed a resident of the county where the cause of action arose.

Defendant New England Motor Freight, Inc. is a foreign licensed corporation registered with the Secretary of the State of New York. The office of the Defendant is located at 108, South Franklin Ave., Suite 1, Valley Stream, NY 11580 (EXHIBIT C).

17. Defendants in their removal of the action from State court make no mention of the fact that they are foreign licensed and registered with the State of New York, that they engage and transact business in the State of New York that they maintain offices in the State of New York and derive revenue in the State of New York.

18. § 1447(e) of Title 28 of United States Code, provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

19. If the court grants joinder, it must remand the action to state court. The court may not, permit joinder and then proceed to adjudicate the merits of the action. Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).

19. According to § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## CONCLUSION

20. In its papers to remove, the defendants improperly allege that diversity as a basis for

federal jurisdiction and in fact, it does not exist in this case.

21. No federal question exists.

22. Accordingly, this action should be remanded to the State of New York, Supreme Court, County of New York pursuant to 28 U.S.C.A. §1447(c).


WHEREFORE, the plaintiff prays for an order granting remand of this action, now pending, from this court to the Supreme Court of the State of New York, County of New York pursuant to 28 USCA §1447(c).

Raphael Weitzman
Attorney for the Plaintiff