# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MAGDA EISENBERG,

                                    Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                    Defendants.

-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of Second Avenue
New York, New York
County. City and State of New
York

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, New York
            November 7, 2007

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant

108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

Index No.: 150522/2007

                Plaintiff,

**VERIFIED COMPLAINT**

        -against-

New England Motor Freight, Inc. &
Audray Hemraj.

               Defendants.
-----------------------------------------------------------------------X

       Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

       1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

       2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

       3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite

One, Valley Stream, New York 11580.

       4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, 60th Street and its intersection with Second Ave were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:        New York, New York
              November 7, 2007

                                    YOURS, ETC.

                                    RAPHAEL WEITZMAN
                                    Weitzman Law Offices, L.L.C.
                                    Attorneys for Plaintiff(s)
                                    MAGDA EISENBERG
                                    110 Wall Street
                                    Eleventh Floor
                                    New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda Eisenberg. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:      New York, New York
            November 7, 2007

RAPHAEL WEITZMAN

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                                          Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                          Defendants.
-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

### To the above named Defendants:

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           November 15, 2007

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

AUDRAY HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X
MAGDA EISENBERG,

                                                    Index No.: 150522/2007

                                    Plaintiff,

                                                    **AMMENDED VERIFIED**
                    -against-                       **COMPLAINT**

New England Motor Freight, Inc. &
Audray Hemraj.

                                    Defendants.
---------------------------------------------------------------------X

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

1.      At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

2.      At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

3.      That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

4.      At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    New York, New York
          November 15, 2007

YOURS, ETC.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which are stated to

be alleged upon information and belief, and as to those matters I believe them to be true. My

belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I

maintain my offices.

DATED:     New York, New York
           November 15, 2007

RAPHAEL WEITZMAN

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                        -against-

New England Motor Freight, Inc. &
Andre Hemraj,

                                        Defendants.

-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
              December 26, 2007

              RAPHAEL WEITZMAN
              Weitzman Law Offices, L.L.C.
              Attorneys for Plaintiff(s)
              MAGDA EISENBERG
              110 Wall Street
              Eleventh Floor
              New York, New York 10005
              212-248-5200
              Our File No. 07-0008

TO:

ANDRE HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

MAGDA EISENBERG,

Index No.: 150522/2007

Plaintiff,

**AMMENDED VERIFIED**

-against-                                    **COMPLAINT**

New England Motor Freight, Inc. &
Andre Hemraj.

Defendants.

---------------------------------------------------------------------X

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

1.      At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

2.      At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

3.      That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

4.      At all time herein mentioned, Defendant **ANDRE HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14. At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** managed the aforesaid motor vehicle.

15. At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16. At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** controlled the aforesaid motor vehicle.

17. That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18. That on October 22, 2007, Defendant **ANDRE HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19. That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20. That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **ANDRE HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21. That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22. That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing. Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:        New York, New York
              December 26, 2007

                         YOURS, ETC.

                         RAPHAEL WEITZMAN
                         Weitzman Law Offices, L.L.C.
                         Attorneys for Plaintiff(s)
                         MAGDA EISENBERG
                         110 Wall Street
                         Eleventh Floor
                         New York, New York 10005

4

212-248-5200
Our File No. 07-0008

**ATTORNEY'S VERIFICATION**

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which are stated to

be alleged upon information and belief, and as to those matters I believe them to be true. My

belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I

maintain my offices.


DATED:        New York, New York
              December 26, 2007


RAPHAEL WEITZMAN

6

# EXHIBIT B

Albany County Sheriff's Department
CERTIFICATE OF SERVICE
SECRETARY OF STATE – Sec. 253 VTL (Non resident)

NEW YORK
COUNTY CLERKS OFFICE

JAN 07 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NERW YORK

County of Albany, State of New York

| | |
|---|---|
| MAGDA EISENBERG | Index Number - 150522/2007 |
| vs. | Sheriff File Number – 07007693 |
| NEW ENGLAND MOTOR FRIEGHT & AUDRAY **HEMRAJ** | |

I, certify that I am an Albany County Deputy Sheriff, and that I am not a party to the above-entitled action.

I further certify that on 12/11/2007 at approximately 9:44AM, at the office of the Secretary of State of the State of New York, in the city of Albany, New York, I made service of the annexed SUMMONS AND VERIFIED COMPLAINT upon SECRETARY OF STATE the agent of the defendant, **AUDRAY HEMRAJ**, in the above entitled action by delivering to and leaving with **DONNA CHRISTIE** a(n) data entry machine operator in the office of the Secretary of State, two true copy(s) thereof and that at the time of making such service, I paid the secretary of state a fee of $10.00 dollars. The service was made pursuant to section 253 VTL (Non resident).

I further certify that I knew the person so served as aforesaid to be a data entry machine operator in the office of the Secretary of State of New York, authorized to accept such service on behalf of said defendant.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female Height: 5' 5'' Weight: 155 Age: 43

Dated:
Tuesday, December 11, 2007

Lawrence Boudreau
DEPUTY SHERIFF

Albany County Sheriff's Department
CERTIFICATE OF SERVICE
SECRETARY OF STATE – Sec. 306 BCL

NEW YORK
COUNTY CLERK'S OFFICE

JAN 07 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

County of Albany, State of New York

| | |
|---|---|
| MAGDA EISENBERG | Index Number – 150522/2007 |
| vs. | |
| NEW ENGLAND MOTOR FREIGHT, INC. & AUDRAY HEMRAJ | Sheriff File Number – 07007691 |

I, certify that I am an Albany County Deputy Sheriff, and that I am not a party to the above-entitled action.

I further certify that on 12/11/2007 at approximately 9:44AM, at the office of the Secretary of State of the State of New York, in the city of Albany, New York, I made service of the annexed SUMMONS AND VERIFIED COMPLAINT upon SECRETARY OF STATE the agent of the defendant, **NEW ENGLAND MOTOR FREIGHT, INC.**, in the above entitled action by delivering to and leaving with **DONNA CHRISTIE** a(n) data entry machine operator in the office of the Secretary of State, two true copy(s) thereof and that at the time of making such service, I paid the secretary of state a fee of $40.00 dollars. The service was made pursuant to section 306 Business Corporation Law.

I further certify that I knew the person so served as aforesaid to be a data entry machine operator in the office of the Secretary of State of New York, authorized to accept such service on behalf of said defendant.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female Height: 5' 5" Weight: 155 Age: 43 .

Dated:
Tuesday, December 11, 2007

Lawrence Boudreau
DEPUTY SHERIFF

**AFFIDAVIT OF SERVICE**                                             12/11/2007

SHERIFF'S NUMBER: S070086801              DEFENDANT SEQUENCE 1 OF 1
TYPE OF SERVICE:                                Summons and Complaint

I, RALPH FROEHLICH, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE **EDDY PONS**

AND APPOINT TO BE MY DEPUTY, TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY | NEW YORK COUNTY CLERKS OFFICE | AMOUNT |
|---|---|---|
| WEITZMAN LAW OFFICES, L.L.C.<br>110 WALL STREET<br>11TH FLOOR<br>NEW YORK, NY 10005-3817 | 10084<br>JAN 07 2008<br>CONTROL #12793<br><br>NOT COMPARED<br>WITH COPY FILE | 25.00<br><br><br>ASCHNEN |

**COURT DATA**

COURT OF ISSUANCE: Other

WRIT EXPIRATION:                    STATE: NY        COUNTY OF VENUE: New York

COURT DOCKET #:    N/A           CAPTION OF CASE

NAME:              MAGDA EISENBERG
          VS       NEW ENGLAND MOTOR FREIGHT, INC. & AUDRAY HEMRAJ

DEFENDANT OR NAMED WITHIN TO BE SERVED

NAME:              NEW ENGLAND MOTOR FREIGHT, INC.

ADDRESS:           1-71 NORTH AVE EAST
                   ELIZABETH, NJ 07201

**PAPERS SERVED**

SUMMONS & COMPLAINT, AMENDED COMPLAINT, OUT OF STATE REQUIRE DESCRIPTION

**SERVICE DATA RECORDED**

☒ SERVED SUCCESSFULLY    ☐ UNABLE TO SERVE         NUMBER OF ATTEMPTS _____

        DATE: 12/12/01  TIME: 0925         DATE:            DATE:
                                           TIME:            TIME:
REMARKS:
                                           DATE:            DATE:
                                           TIME:            TIME:

☐ PERSONALLY DELIVERED    ☐ OFFICER     ☐ MANAGING AGENT     ☐ REGISTERED AGENT

☐ COPY LEFT WITH COMPETENT HOUSEHOLD MEMBER   ☒ AGENT AUTHORIZED TO ACCEPT
                                    ☐ IS IN THE MILITARY   ☐ NOT IN THE MILITARY

PERSON SERVED    Debbie Kooh
                                    (TITLE/RELATIONSHIP)

| | | | | | | |
|---|---|---|---|---|---|---|
| SEX | ☐ MALE | ☐ FEMALE | | | | |
| SKIN | ☐ WHITE | ☐ BLACK | ☐ YELLOW | ☐ BROWN | ☐ RED | |
| HEIGHT | ☐ UNDER 5 FT. | ☐ 5.0 - 5.6 FT | ☐ 5.7 - 6.0 FT | ☐ OVER 6 FT. | | |
| WEIGHT | ☐ UNDER 100 LBS. | ☐ 100 - 150 LBS. | ☐ 151 - 200 LBS | ☐ OVER 200 LBS | | |
| HAIR | ☐ BLACK | ☐ BROWN | ☐ BLOND | ☐ GRAY | ☐ RED | ☐ WHITE | ☐ BALDING |
| AGE | ☐ 14 - 20 | ☐ 21 - 35 | ☐ 36 - 50 | ☐ 51 - 65 | ☐ OVER 65 | |

SWORN TO AND SUBSCRIBED            FRANCES DIDOMATO
BEFORE ME ON:                      NOTARY PUBLIC OF NEW JERSEY
                                   My Commission Expires Oct. 3, 2008

                                   _____
                                          SIGNATURE
                                   SHERIFF'S OFFICER OF UNION COUNTY
                                   STATE OF NEW JERSEY

## Hudson County Sheriff's Office
## AFFIDAVIT OF SERVICE

Service #  1 of 1 Services

Docket #    150522/2007

Sheriff's #    **OS 121411**

Plaintiff    MAGDA EISENBERH

Defendant  NEW ENGLAND MOTOR FREIGHT,INC. & AUDRAY HEMRAJ

Supreme
New York
**NEW YORK**

Person/Corporation to Serve
**AUDRAY HEMRAJ**

Paper
SUMMONS/COMPLAINT

108 SYCAMORE ROAD
JERSEY CITY, NJ
Alternate Address

I, JOSEPH T. CASSIDY, SHERIFF OF HUDSON COUNTY DO HEREBY DEPUTIZE AND APPOINT
J. BARTLEY A DULY SWORN OFFICER TO EXECUTE AND RETURN THE
DOCUMENTS ACCORDING TO LAW.

Date of Action 12/5/2007
Time of Action
Attempts        DATE      TIME

Defendant    AUDRAY HEMRAJ
108 SYCAMORE ROAD
JERSEY CITY, NJ

Delivered To

Relationship

| Race | Sex | Height | Weight | Eyes | Hair | Age | Military |
|------|-----|--------|--------|------|------|-----|----------|

Type of Action OTHER -

POSTED & MAILED

I, J. BARTLEY WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

WEITZMAN  LAW OFFICES, L.L.C.
110 WAAL STREET, 11TH FLOOR **CAROL BRANSKY**
NEW YORK, NY 10005-3817 **NOTARY PUBLIC OF NEW JERSEY**
My Commission Expires 8/31/2011
ID No. 2192169

J. BARTLEY                    12/13/07
                              DATED

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 13th DAY OF Dec          20 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MAGDA EISENBERG,

                                    Plaintiff(s),

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                    Defendant(s).

-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of the 2nd Avenue
New York, NY
County of New York

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service. where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
              November 7, 2007

                                    RAPHAEL WEITZMAN
                                    Weitzman Law Offices, L.L.C.
                                    Attorneys for Plaintiff(s)
                                    MAGDA EISENBERG
                                    110 Wall Street
                                    Eleventh Floor
                                    New York, New York 10005
                                    212-248-5200
                                    Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

# EXHIBIT C

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: NEW ENGLAND MOTOR FREIGHT, INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | NEW ENGLAND MOTOR FREIGHT, INC. |
| **Initial DOS Filing Date:** | AUGUST 15, 1973 |
| **County:** | NASSAU |
| **Jurisdiction:** | NEW JERSEY |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
NEW ENGLAND MOTOR FREIGHT INC
C/O BLAKEMAN & ASSOCIATES
108 SOUTH FRANKLIN AVE STE #1
VALLEY STREAM, NEW YORK, 11580

**Chairman or Chief Executive Officer**
MYRON P SHEVELL, CHAIRMAN OF THE BOARD
1-71 NORTH AVE EAST
ELIZABETH, NEW JERSEY, 07201

**Principal Executive Office**
NEW ENGLAND MOTOR FREIGHT, INC.
1-71 NORTH AVE EAST
ELIZABETH, NEW JERSEY, 07201

**Registered Agent**
BRUCE BLAKEMAN
BLAKEMAN & ASSOCIATES
108 SOUTH FRANKLIN AVE STE #1
VALLEY STREAM, NEW YORK, 11580

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# EXHIBIT
# D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

<div align="center">Plaintiff(s),</div>

<div align="center">-against-</div>

**COMBINED DEMANDS**

Index No.: 150522/2007

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

<div align="center">Defendant(s).</div>

-------------------------------------------------------------------X

S I R S:

    **PLEASE TAKE NOTICE**, that Plaintiff by her attorneys **WEITZMAN LAW OFFICES, L.L.C.**, hereby makes the following demands upon you:

1.     Demand for the Names and Addresses of all Witnesses;

2.     Demand for the Discovery and Inspection of any Statement of a party represented by the undersigned;

3.     Demand for Insurance Coverage Information;

4.     Demand for Photographs, Slides, Audio tapes, Video tapes and Motion pictures;

5.     Demand for any Accident and/or Police Reports;

6.     Demand for documents regarding inspection, maintenance and/or repair of condition;

<div align="center">1</div>

7.    Demand for vehicle maintenance and repair records;

8.    Demand for Contracts; and

9.    Demand for Expert Witness Information.

returnable at the office of the undersigned at **10:00 a.m. on January 14, 2008** as follows:

## DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES

**PLEASE TAKE NOTICE**, that the undersigned hereby demands pursuant to CPLR §3101(a) and R.3120 (a) and the case of <u>Zellman v. Metropolitan Transportation Authority</u>, 40 A.D.2nd 248, 339 N.Y.S.2d 255, that you set forth in writing and under oath the names and addresses of each person claimed by any party you represent to be a witness to any of the following:

(a)    The occurrence alleged in the complaint;

(b)    Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;

(c)    The names and addresses of any witnesses to the acts or conditions substantiating the alleged affirmative defenses plead in your answer; and

(d)    The names and addresses of any individuals who commenced legal action for injuries sustained as a result of the occurrence complained of in the instant action.

2

If no such witnesses are known to any party you represent, so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

**PLEASE TAKE FURTHER NOTICE**, that if any party you represent or its representatives, obtain names and addresses of persons who witnessed the occurrence alleged in the complaint or the acts, notice or conditions substantiating the alleged affirmative defenses or have first hand knowledge of such facts subsequent to the service of this notice, this information is to be furnished to the Plaintiff(s), whenever obtained. The Plaintiff(s) will object at the time of trial to the testimony of any persons not so identified.

## DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands upon behalf of the Plaintiff(s) in this action that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every statement made or taken by each party and his, her, or its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any matter bears on the issues in this action. If no such statement(s) is(are) in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

## DEMAND FOR DISCOVERY AND INSPECTION OF INSURANCE COVERAGE

3

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the provisions of §3101 of the Civil Practice Law and Rules, any party you represent is required to serve upon the undersigned at the time and place specified above the declaration and coverage pages of any and all contracts of insurance and insurance policies, including the primary insurance policy of any party you represent, as well as reinsurance and/or excess liability, "umbrella," or "catastrophe" policies of any party you represent, the spouse of any party you represent or any relative residing with any party you represent, for liability on **October 22, 2007** giving the name and addresses of each insurance carrier, the policy numbers thereof, the dates of coverage and/or policy periods, and the amounts of such and each policy coverage.

If, after investigation, no such reinsurance, excess liability, "umbrella," or "catastrophe" policies are found to exist, so state in a sworn reply to this demand.

## DEMAND FOR PHOTOGRAPHS, AUDIO TAPES, SLIDES, VIDEO TAPES AND MOTION PICTURES

**PLEASE TAKE FURTHER NOTICE**, that undersigned demands on behalf of the Plaintiff(s) that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect, photograph and copy each and every photograph, audio tapes, slides, videotapes or motion pictures in defendant's custody, possession or control depicting the following:

(a)    The location where it is alleged that the occurrence complained of took place;

(b)    The condition complained of in the complaint;

(c)    Any vehicles involved in the occurrence depicting said vehicles after the occurrence;

4

(d)    The Plaintiff(s);

(e)    Any actions or activities of the Plaintiff(s);

(f)    The injuries sustained by the Plaintiff(s);

If no such photographs, slides, video or motion pictures are in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

## DEMAND FOR ACCIDENT REPORT

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §3101 and the case of Pataki v. Kiseda,  80 A.D.2d 100, 437 N.Y.S.2d 692 (2d Dept. 1981), that the undersigned demands upon behalf of the Plaintiff(s) in this action that you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every written report of the occurrence which is the subject matter of this action, prepared in the regular course of business operations or practices of any party you represent, or persons or firms acting on behalf of any party you represent.  If no such report is in existence, so state in the sworn reply to this demand.

## DEMAND FOR DOCUMENTS REGARDING INSPECTION, MAINTENANCE AND/OR REPAIR OF CONDITION

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence

5

within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, cut forms, contracts, logs, log books, letters, charts, maps, diagrams and/or repair orders.

## DEMAND FOR VEHICLE MAINTENANCE AND REPAIR RECORDS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance and repair of the motor vehicle involved in the occurrence for a period of one year prior to the date of the occurrence.

## DEMAND FOR CONTRACTS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect and copy each and every contract between any of the parties to this action.

## REQUEST FOR DISCLOSURE OF EXPERT WITNESS INFORMATION PURSUANT TO CPLR §3101(d)

**PLEASE TAKE NOTICE**, that pursuant to §3101(d) of the Civil Practice Law and Rules, the undersigned hereby requests that you produce, within twenty (20) days after service of

this request, at the Law Offices of **WEITZMAN LAW OFFICES, L.L.C.,** 110 Wall Street, New York, New York 10005 the following information:

    (a)    Identify each person the party upon whom this request is served expects to call as an expert witness at the trial of this action.

    (b)    The subject matter in reasonable detail upon which each expert named above is expected to testify at the trial of this action.

    (c)    The substance of the facts and opinions upon which each expert named above is expected to testify at the trial of this action.

    (d)    The complete qualifications of each expert named above.

    (e)    A summary of the grounds for the opinion of each expert named above.

**PLEASE TAKE FURTHER NOTICE,** that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

**PLEASE TAKE FURTHER NOTICE,** that in the event of your failure to comply, a motion will be made for an Order to Strike your Answer, with costs.

Dated:    New York, New York
         December 26, 2007

Yours, etc..

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

7

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
MAGDA EISENBERG,

                                    Plaintiff,                          **NOTICE OF**
                                                                        **DISCOVERY AND**
                    -against-                                           **INSPECTION**

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,                                                          Index No.: 150522/2007

                                    Defendants.

-------------------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that pursuant to CPLR §3120, Defendants is hereby required to

produce, furnish and permit discovery by the Plaintiff, by her attorneys, the following items or

documents for inspection on **January 14, 2008**, at 2:00 o'clock in the afternoon, at the office of

**WEITZMAN LAW OFFICES, L.L.C., 110 Wall Street, New York, New York 10005**:

     1.     The primary liability insurance policy insuring the Defendants on October 22, 2007.

     2.     Any personal, umbrella, excess or other insurance agreements covering the

Defendants on October 22, 2007 which may be liable to satisfy part or all of the judgment entered

herein or to indemnify or reimburse for payment made to satisfy any such judgment.

     This demand explicitly requires a response from the Defendants in person and under oath

regarding the existence of such other coverage and responses such as "None Known" or "None to the

Best of our Knowledge" from Defendant(s)' counsel will be deemed non-compliant.

3.    A copy of any statement given by, or on behalf of, the Plaintiff concerning this occurrence, whether such statement is oral or recorded, whether or not transcribed, whether signed or unsigned.

4.    The names and addresses of any and all witnesses known to the Defendants or to Defendant(s)' attorney who may have witnessed the occurrence or who may have first-hand knowledge of same. If no such persons are known to Defendants or Defendants' representatives, so state in reply to this demand.

The Plaintiff will object at the time of trial of this action to the testimony of any persons not so identified.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand, and that if the Defendants or Defendants' representatives obtain names and addresses of persons who may have witnessed the occurrence or who may have first-hand knowledge of the same subsequent to the service of this notice, or obtain any statement(s) made by said witnesses, such information must be furnished to the Plaintiff whenever so obtained. The Plaintiff will object at the time of trial of this action to introduction of any statements or testimony not previously identified.

5.    All photographs and/or pictures of the accident, the accident scene, the vehicles involved, any buildings, signals, signs, trees, shrubs or other landscape features which existed at the place of the occurrence.

6.    All photographs, videotapes, motion pictures and the like taken of the Plaintiff which Defendants will seek to introduce at the time of trial.

The Plaintiff will object at the time of trial of this action to the introduction of any photographs, videotapes, motion pictures and the like not so exchanged.

2

7.     The MV-104 Motor Vehicle Department report prepared by, or on behalf of, the Defendants with regard to the accident of October 22, 2007.

8.     A copy of all appraisals, damage estimates and repair bills concerning damage to Defendants' vehicle arising out of this accident.

9.     Name and address of the auto body repair shop that repaired Defendants' vehicle.

10.     Copies of all the maintenance records or service reports of the Defendant(s)' vehicle involved in the accident on October 22, 2007 for a period of one year prior to the date of the occurrence. Inspection, maintenance and repair records for the one-year period preceding the accident and the six-month period subsequent to the accident

11.     Name and address of the Service Centre that maintains and services the Defendant(s)' vehicle.

12.     If the Defendants' vehicle was leased, the title or ownership certificate to Defendants' leased vehicle, and the names and addresses of all owners listed on such certificate applicable on October 22, 2007.

13.     If the Defendants' vehicle was leased, the motor vehicle lease agreement in force on Defendants' leased vehicle on October 22, 2007, and the names and addresses of all lessors or lessees listed in said agreement.

14.     Any and all reports prepared in the ordinary course of business concerning the incident which is the subject of this lawsuit.

15.     Physical Inspection Of the vehicle involved in the incident on October 22, 2007.

16.     Daily inspection reports for the three-month period preceding the accident .

17.     Annual inspection report covering the date of the accident.

18.    Driver's qualification file and driver's logs for at least the eight-day period Preceding the accident.

19.    Accident register for the time period preceding the accident.

20.    Post-accident drug and alcohol tests of the Driver.

21.    Printouts or data from onboard recording devices.

22.    Downloadable data from the Electronic Control Module (ECM).

23.    Accident register for the time period preceding the accident.

24.    Bills of lading, weight tickets, hotel receipts, and similar documents for the eight day period preceding the accident.

25.    Policy and procedure manuals.

26.    Training documents including audio and video tapes used for the training.

The aforesaid discovery may be complied with by sending true copies of the aforementioned documents to the undersigned prior to the time hereinabove set forth for the production thereof.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained or come into the possession of the Defendants, their agents, servants, employees and/or attorneys after the date of this demand, they are to be furnished pursuant to this demand.

Dated:    New York, New York
          December 26, 2007

Yours, etc.

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street

4

Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008


TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

                                  Plaintiff,

                  -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

                             Defendants.

------------------------------------------------------------------------X

**NOTICE OF DISCOVERY AND INSPECTION AND COMBINED DEMAND**

Index No. 150522/2007

**PLEASE TAKE NOTICE**, that the Plaintiff(s) demand(s) that the Defendant(s), and each of them, produce and allow discovery and inspection to be made by the Plaintiff's attorneys of:

    1.      Any and all original policies of insurance (both primary and excess) together with any and all endorsements relating thereto, whether or not physically annexed to the original policies of insurance, which were in force and effect and relating in any way to the accident/occurrence which gave rise to this action. In the event that this action relates to a motor vehicle accident, in which the operator of the motor vehicle is not the owner, you are required to produce and allow discovery and inspection to be made by the plaintiff's attorneys of any and all policies of insurance (both primary and excess) together with any and all endorsements relating thereto whether or not physically annexed to the original policies of insurance, and which were in force and effect of any motor vehicle either owned by the operator of owned by any member of the operator's household on the date of the accident/occurrence.

    2.      All photographs showing the motor vehicles of the Plaintiff(s) or of the Defendant(s) and which were involved in the accident/occurrence taken at any time following the accident/occurrence.

3.    All photographs, motion pictures, videotape films, all surveillance materials taken of the Plaintiff(s) of any kind whatsoever.

4.    All reports, incident reports and statements made in the regular course of business of the Defendant(s), whether written, recorded or otherwise, and whether or not made exclusively for litigation purposes, and relating to the occurrence in which the Plaintiff(s) claims injury.

5.    All records of inspection, maintenance and/or repair of the Defendant(s)' motor vehicle(s) on the date of the occurrence and for a period of one (1) year prior thereto.

6.    The name and address of each person claimed to be a witness by any party that you represent to any of the following:

     (a)    the occurrence alleged in the Complaint;

     (b)    as an eyewitness to the occurrence alleged in the Complaint and/or circumstances regarding the same;

     (c)    any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint;

     (d)    first-hand knowledge of the condition of the site of the occurrence at the time of the occurrence;

     (e)    the nature and duration of the condition alleged by the Plaintiff(s) to have caused the occurrence alleged in the Complaint; and

     (f)    any admission or statement allegedly made by the Plaintiff(s) concerning the happening of the occurrence alleged in the Complaint.

7.    The name and address of any expert the Defendant(s) expect(s) to call at the time of trial setting forth:

     (a)    the subject matter on which each expert is expected to testify;

     (b)    the substance of the facts and opinions each expert is expected to testify on;

     (c)    the qualifications of each expert; and

(d)    the summary of grounds for the opinion expressed by each expert.

8.    All photographs showing the scene, site or location of the accident/occurrence taken at any time following the accident/occurrence.

9.    Copies of all statements, whether oral, signed or unsigned, recorded or unrecorded, electronically recorded by the Plaintiff(s), or any of them, in any way relating to the accident/occurrence.

10.    Copies of all photographs, video tapes or movies ("surveillance materials") taken by the Defendant(s) subsequent to the commencement of this action and which purport to depict the Plaintiff(s). This is a continuing demand, up to and including trial, and in the event that this demand is not complied with, the Plaintiff(s) will move to preclude the Defendant(s) from offering into evidence upon the trial of the action that which this item seeks and which the Defendant(s) has(have) not provided.

11.    The name and address of every person, firm, business entity or other that the Defendant(s) claim(s) caused, or in any way contributed to, the happening of the occurrence set forth in the Complaint, or is responsible in whole or in part for any of the injuries and/or damages sustained by the Plaintiff(s), and over which the Plaintiff(s) can with due diligence obtain jurisdiction over.

12.    A copy of each and every M.V. report (MV-104) prepared by and/or signed by any Defendant and which relates to the happening of the occurrence in which the parties were involved.

This is a continuing demand, and in the event knowledge is acquired of the name and address of any person claimed to be a witness or participant to the occurrence which gave rise to the commencement of this action, or who has been consulted as an expert, and such knowledge is acquired subsequent to the receipt of this demand, up to and including the trial of this action, you are required to set forth in writing, and under oath, the name and address of such

persons. In the event this Demand is not complied with, the Plaintiff(s) will, upon the trial of this action, move the Court to preclude and forbid the testimony of any witness offered by the Defendant(s) as to whom the name and address has not thereto been furnished to the Plaintiff's attorneys, pursuant to this Demand.

**PLEASE TAKE FURTHER NOTICE,** that Discovery and Inspection will take place on January 14, 2008 at 10:00 A.M. at the Plaintiff(s)' attorneys' office located at 110 Wall Street, New York, New York, 10005.

**PLEASE TAKE FURTHER NOTICE,** that your default will result in an application being made to the Court for appropriate relief, with costs.

Dated:      New York, New York
            December 26, 2007

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

MAGDA EISENBERG,

<div align="center">Plaintiff,</div>

<div align="center">-against-</div>

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

<div align="center">Defendants.</div>

------------------------------------------------------------------------X

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

Index No.: 150522/2007

C O U N S E L O R S:

    **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony, upon oral examination, of all Defendants herein, as an adverse party will be taken before a notary public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein; at Supreme Court of the State of New York, County of New York located at 60 Centre Street, New York, NY 10007-1474 on **January 14, 2008** at **10.00 am** o'clock in the forenoon of that day with respect to evidence materially necessary to the prosecution of this action.

    That the said person to be examined is required to produce at such examination the following:  Any and all notes, records, reports or memorandum concerning an accident which occurred on **October 22, 2007**.

Dated:      New York, New York
          December 26, 2007

Yours, etc

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200

Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY IIEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

<div style="margin-left:4em">Plaintiff,</div>

<div style="margin-left:6em">-against-</div>

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

<div style="margin-left:6em">Defendants.</div>

-------------------------------------------------------------------X

**DEMAND FOR
DISCLOSURE OF
EXPERT WITNESS
INFORMATION**

Index No.: 150522/2007

**PLEASE TAKE NOTICE,** that pursuant to CPLR § 3101(d), you are hereby required to furnish, within thirty (30) days hereof, each person whom you expect to call as an Expert Witness at the trial of this matter, by stating for each such Expert Witness, with all details available to you or your attorneys, the following:

1. State the Name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial whom you expect to call as a witness at the trial:

<div style="margin-left:3em">

(a) The subject matter on which the expert is expected to testify;

(b) The substance of the facts and opinions of which the expert is expected to testify;

(c) A summary of the grounds for each such opinions;

(d) A brief chronological curriculum vitae of the witness' educational background and professional credentials, including the associations or societies of which the expert is a member, and as to medical personnel, the names and addresses of all hospitals on whose staffs such experts are or where such medical experts have courtesy privileges or act as consultants;

</div>

      (e)      Whether each named expert will testify as an expert at the trial of this case.

2.  With respect to any and all proposed medical expert witnesses, indicate:

      (a)      The area of expertise;

      (b)      educational background, including the names and addresses of each medical school attended;

      (c)      The names and addresses of each hospital to which an internship and residency was served and the dates thereof;

      (d)      The names and addresses of each hospital to which privileges of admitting patients is extended and the nature of the privilege;

      (e)      The state or states in which this individual was licensed to practice medicine;

      (f)      Each state in which this individual is actively engaged in the practice of medicine;

      (g)      societies which each said expert is a member of and the date of each membership;

      (h)      The present board certifications and/or qualifications, if any, and the dates given to each proposed expert witness;

      (i)      The subject matter on which each expert is expected to testify, including each and every act which will be claimed was good and accepted medical practice;

      (j)      The substance of these facts and opinions to which each expert is expected to testify, including a summary of his/her grounds for each opinion.

3.    State the names, addresses and qualifications of all expert witnesses and other persons

known to you to have made studies or analysis as to the cause of the alleged injury involved herein:

      (a)      State the substance of such opinion as it relates to proximate cause;

(b)    State the substance of such opinion as it relates to proximate cause.

**PLEASE TAKE NOTICE,** that failure to respond to these demands will be deemed a waiver as to the use of an expert by Defendants at the time of trial, and that, in such a case, a preclusion order will be sought by Plaintiff enforcing such waiver.

**PLEASE TAKE FURTHER NOTICE,** that this demand is continuing in nature and accordingly, must be supplemented or modified as soon as information contained in any response hereto becomes inaccurate or incomplete.

Dated:       New York, New York
             December 26, 2007

Yours, etc.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No.: 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

January 16, 2008

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Re:  Eisenberg v. New England Motor Freight, Inc.
Your File No.
Our File No. 07-0008

Dear Sir/Madam:

You were served with Combined Demands, a Demand for Bill of Particulars and various other demands in the instant matter in the month of December, 2007.

To date, there has been no response from your office to these demands.

Examinations before trial were scheduled in this case for January 14, 2008. To avoid unnecessary delay and subsequent motion practice, please respond to the above demands and contact this office for rescheduling the date of the deposition of your client.

Finally, your client was notified immediately after the incident, to preserve the subject truck until we are afforded in opportunity to conduct our inspection of the same. I want to confirm that this request is been honored.

Very truly yours,

Raphael Weitzman

RW/US

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

February 6, 2008

Todd C Rubenstein
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

      Re:  Eisenberg v. New England Motor Freight, Inc.
      Your File No. 100-797
      <u>Our File No. 07-0008</u>

Dear Mr. Rubenstein:

  You were served with Combined Demands, a Demand for Bill of Particulars and various other demands in the instant matter on December 26, 2007.

  We are in receipt of your response to all the demands. Please be advised that your responses are gravely deficient in content and hence, unacceptable.

  Examinations before trial were scheduled in this case for January 14, 2008 in order to conduct said depositions in an expedited manner as the result of Plaintiff's worsening health condition which we have advised you of and you were on notice of, as a result of your view of Plaintiff's medical records. To avoid unnecessary delay and subsequent motion practice, please respond fully to the above demands and contact this office for rescheduling the date of the deposition of our clients.

  Finally, your client was notified immediately after the incident, to preserve the subject truck until we are afforded in opportunity to conduct our inspection of the same. Please advise us of the next available date to conduct an inspection of the subject truck.

       Very truly yours,

Raphael Weitzman

RW/US

# EXHIBIT E

Index No. 150522/07
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                                                                    Plaintiff(s),

                        -against-

NEW ENGLAND MOTOR FREIGHT, INC. and AUDRAY HEMRAJ,

                                                                    Defendant(s).

## RESPONSE TO CASE SCHEDULING ORDER

### ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP
*Attorneys for Defendants, New England Motor Freight, Inc. and Audray Hemraj*
*Office and Post Office Address, Telephone*
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300
TELEFAX: (516) 328-6638

To
Attorney(s) for

Service of a copy of the within                    is hereby admitted.
Dated,

                                                    ..............................................................
                                                    Attorney(s) for

Sir: — Please take notice

**NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    19

**NOTICE OF SETTLEMENT**
that an order          of which the within is a true copy will be presented for settlement to the HON.                    one of the judges
of the within named court, at                    on          19    at    M.
Dated

                                                    Yours, etc.

                                                    Abrams, Fensterman, Fensterman, Eisman,
                                                    Greenberg, Formato & Einiger, LLP
                                                    *Attorneys for*

To                                                  *Office and Post Office Address*
                                                    1111 Marcus Avenue
                                                    SUITE 107
Attorney(s) for                                     Lake Success, New York 11042

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X Index No.: 150522/07
MAGDA EISENBERG,

Plaintiff,

**RESPONSE TO CASE**
-against-                                                                    **SCHEDULING ORDER**

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

Defendants.
-------------------------------------------------------------X

Defendants, **NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ**

(s/h/a AUDRAY HEMRAJ), by their attorneys, **ABRAMS, FENSTERMAN, FENSTERMAN,**

**EISMAN, GREENBERG, FORMATO & EINIGER, LLP,** as for their Response to the Case

Scheduling Order dated January 2, 2008, state as follows, upon information and belief:

### NAMES AND ADDRESSES OF ALL WITNESSES:

Terry Mohamed, 204 East 112th Street, Apt. 26, New York, New York 10029; Edwin

Irizarry, 564 Liberty Avenue, Apt. 1B, Brooklyn, New York and Andre Hemraj c/o New

England Motor Freight, Inc., 1-71 North Avenue East, Elizabeth, New Jersey 07201.

### DISCOVERY AND INSPECTION OF ANY STATEMENT

Defendants are not currently in possession of any statements made by Plaintiff.

### INSURANCE COVERAGE INFORMATION:

We are advised that at the time of the alleged accident, defendants were insured under a

policy issued by Discover Property & Casualty Insurance Company, assigned policy number

D001A00323. See Common Policy Declarations attached hereto.

## **PHOTOGRAPHS**

Defendants are not currently in possession of any photographs of the subject accident.

Defendants reserve their right to supplement and amend this response if and when additional information becomes available up and until the time of trial.

Dated: Lake Success, New York
      January 8, 2008

                      Yours, etc.

                      By: Todd C. Rubenstein
                      Abrams, Fensterman, Fensterman, Eisman, Greenberg,
                      Formato & Einiger, LLP
                      Attorneys for Defendants
                      NEW ENGLAND MOTOR FREIGHT, INC. AND
                      ANDRE HEMRAJ (improperly sued herein as AUDRAY
                      HEMRAJ)
                      1111 Marcus Avenue, Suite 107
                      Lake Success, New York 11042
                      (516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

2

JAN-08-2008 TUE 11:23 AM NEMF CORPORATE OFFICES    FAX NO. 19089651894    P. 02

 **DISCOVER PROPERTY & CASUALTY**

## COMMON POLICY DECLARATIONS

Policy Number:
D001A00323
Company Code:

Renewal of:
D001A00300

### DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY
(A Member of the St. Paul Travelers Companies)
A STOCK INSURANCE COMPANY
Home Office: Chicago, Illinois
Principle Administration Offices: 385 Washington Street, St. Paul, MN 55102 Phone: 1.800.878.2660

| NAMED INSURED AND MAILING ADDRESS | AGENT NAME AND ADDRESS |
|---|---|
| New England Motor Freight, Inc. et al per Endt #1<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201 | Discovery Managers, Ltd.<br>5 Batterson Park Rd.<br>Farmington, CT 06032 |
| | AGENT NO. |

POLICY PERIOD: FROM 04/10/2007 TO 04/10/2008 AT 12:01 A.M. TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

BUSINESS DESCRIPTION:

FORM OF BUSINESS: Corporation

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE WILL PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. WHERE NO PREMIUM IS SHOWN, THERE IS NO COVERAGE. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| COVERAGE PART(S) | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Auto (Business or Truckers) Coverage Part | ███████ |
| Commercial Garage Coverage Part | $ |
| Businessowners Coverage Part | $ |
| Commercial Liability Umbrella Coverage Part | $ |
| **TOTAL :** | ███████ |
| Taxes/surcharges from UC 5005 0199 (in addition to Premium shown above) $ | |

**FORMS AND ENDORSEMENTS**
FORM(S) AND ENDORSEMENT(S) MADE A PART OF THE POLICY AT TIME OF ISSUE:

See Listing of Forms and Endorsements Forming a Part of This Policy.

Countersigned:
Date: _____    By: _____
                                 Authorized Representative

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

UC 10 10 07 05                                                            ISSUE DATE:

JAN-08-2008 TUE 11:24 AM NEMF CORPORATE OFFICES    FAX NO. 19089651894    P. 10

Policy Number D001A00323

TRUCKERS DECLARATIONS
# DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY

**ITEM ONE**    Effective Date: 04/10/2007

Named Insured    New England Motor Freight, Inc.    12:01 A.M. Standard Time

Agent Name    Discovery Managers, Ltd.    Agent No.

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**

This Policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Truckers Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Truckers Coverage Form shows which autos are covered autos) | LIMIT | | PREMIUM |
|---|---|---|---|---|
| Liability | 51 | $5,000,000 | | |
| Personal Injury Protection (or equivalent No-Fault Coverage) | 52 | Separately Stated In Each P.I.P. Endorsement Minus $ deductible | | $Included |
| Added Personal Injury Protection (or equivalent Added No-Fault coverage) | | Separately Stated In Each Added P.I.P. Endorsement. $ | | $ |
| Property Protection Insurance (Michigan Only) | 52 | Separately Stated In The P.P.I. Endorsement Minus $ deductible For Each "Accident" | | $Included |
| Medical Payments | | $ | | $ |
| Medical Expense and Income Loss Benefits (Virginia only) | | Separately Stated In Each Medical Expense and Income Loss Benefits Endorsement | | $ |
| Uninsured Motorists | 53 | $See endorsements. | | $Included |
| Underinsured Motorists (when not included in Uninsured Motorists coverage) | 53 | $See endorsements. | | $Included |
| Trailer Interchange Comprehensive Coverage | 48 | Actual Cash Value, Cost of Repair or $75,000 Whichever is less, Minus $75,000 Deductible For Each Covered "Auto" | | $Included |
| Trailer Interchange Specified Causes of Loss Coverage | | Actual Cash Value, Cost of Repair or $ Whichever is Less Minus $ Deductible For Each Covered "Auto". For "Loss" Caused By Mischief or Vandalism | | $ |
| Trailer Interchange Collision Coverage | 48 | Actual Cash Value, Cost of Repair or $75,000 Whichever is less, Minus $ 75,000 Deductible For Each Covered "Auto" | | $Included |
| Physical Damage Comprehensive Coverage | | Actual Cash Value Or Cost Of Repair, Whichever is Less, Minus | $ Deductible For Each Covered "Auto", But No Deductible Applies To "Loss" Caused By Fire Or Lightning.** | $ |
| Physical Damage Specified Causes Of Loss Coverage | | | $ Deductible For Each Covered "Auto", For "Loss" Caused By Mischief or Vandalism. ** | $ |
| Physical Damage Collision Coverage | | | $ . Deductible For Each Covered "Auto"** | $ |
| Physical Damage Towing and Labor | | $ For Each Disablement Of A Private Passenger "Auto." | | $ |
| | | PREMIUM FOR ENDORSEMENTS | | $ |
| | | *TOTAL ESTIMATED PREMIUM | | |

Endorsements attached to this Policy:
See Listing of Forms and Endorsements Forming a Part of This Policy.

*This policy may be subject to final audit.    **See ITEM FOUR for hired or borrowed "autos."

UA 10 12A 03 06

# EXHIBIT
# F

UNITED STATES DISTRICT COURT    **08 CV 01469**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MAGDA EISENBERG,

                      Plaintiff(s),    **NOTICE OF REMOVAL**

   -against-    Docket No.:

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                    Defendant(s).

------------------------------------------------------------x

To:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF NEW YORK

    This Notice of Removal on behalf of defendant NEW ENGLAND MOTOR

FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY

HEMRAJ) respectfully shows:

    1.    On or about November 8, 2007 an action was commenced against

defendant NEW ENGLAND MOTOR FREIGHT, INC. and AUDRAY HEMRAJ in the

Supreme Court of the State of New York, New York County for unspecified damages,

which action is entitled above. *Copies of the Summons and Verified Complaint and*

*Supplemental Summons and Amended Verified Complaint are attached hereto and*

*marked as Exhibits "A" and "B" respectively.*

    2    On or about December 10, 2007 defendants NEW ENGLAND MOTOR

FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY

HEMRAJ) served their Notice of Appearance and Verified Answer with Affirmative

Defenses. *Copies of the Notice of Appearance and Verified Answer with Affirmative*

*Defenses is attached hereto and marked as Exhibit "C".*

3.    On February 8, 2008, plaintiff's counsel personally served upon the undersigned a Response to CPLR 3107(c) Supplemental Demand setting forth for the first time her claimed damages of One Hundred Million ($100,000,000.00) Dollars, together with costs and disbursements, making this case eligible for Removal to this Court. *The Demand and Plaintiff's Response to Supplemental Demand are attached hereto and marked as Exhibits "D" and "E" respectively[1].*

4.    The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.    As set forth in the Verified Complaint and Amended Verified Complaint, plaintiff is a resident of the State of New York. As further set forth, defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and still is, a corporation organized under the laws of the State of New Jersey and having its principal address at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) was and still is a resident of the State of New Jersey. See Exhibits "A" and "B". The parties have complete diversity.

6.    There have been no proceedings held in the Supreme Court of the State of New York-New York County with regard to this matter, except for a Case Scheduling Order and discovery conference, resulting in an Order, copies of which are annexed hereto as Exhibits "G" and "H", respectively.

---

[1] The Response was also mailed to our office, in an envelope postmarked February 11, 2008. Exhibit "F".

**WHEREFORE**, defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) request that this

action now pending against it in the Supreme Court of the State of New York, New York

County, be removed therefrom to this Court.

Dated: Lake Success, New York
      February 12, 2008

                Yours etc.,

                ABRAMS, FENSTERMAN,
                FENSTERMAN, EISMAN, GREENBERG,
                FORMATO & EINIGER, LLP

                BY: _____
                TODD C. RUBENSTEIN (TR-8884)
                Attorneys for Defendants
                NEW ENGLAND MOTOR FREIGHT,
                INC. and ANDRE HEMRAJ (improperly
                sued herein as AUDRAY HEMRAJ)
                1111 Marcus Avenue
                Suite 107
                Lake Success, New York 141042
                516-328-2300

TO:    RAPHAEL WEITZMAN
       Weitzman Law Offices, LLC
       Attorneys for Plaintiff(s)
       MAGDA EISENBERG
       110 Wall Street
       Eleventh Floor
       New York, NY 10005
       212-248-5200

07007691

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendants.
-------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of Second Avenue
New York, New York
County. City and State of New
York

**To the above named Defendants:**

        **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              November 7, 2007

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant

ALBANY COUNTY
SHERIFF'S OFFICE

2007 DEC 10  P 12: 57

JAMES L. CAMPBELL

108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
MAGDA EISENBERG,

                               Plaintiff,

                -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                             Defendants.
-------------------------------------------------------------------------X

Index No.: 150522/2007

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

     1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

     2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

     3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

     4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, 60th Street and its intersection with Second Ave were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            November 7, 2007

YOURS, ETC.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda Eisenberg. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:      New York, New York
            November 7, 2007

RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                              Plaintiff(s),

        -against-


New England Motor Freight, Inc. &
Audray Hemraj

                              Defendant(s).


## SUMMONS AND VERIFIED COMPLAINT


**Weitzman Law Offices, L.L.C.**
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**


TO:

AUDRAY HEMRAJ
Defendant
108 Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                  -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
            November 15, 2007

                           RAPHAEL WEITZMAN
                           Weitzman Law Offices, L.L.C.
                           Attorneys for Plaintiff(s)
                           MAGDA EISENBERG
                           110 Wall Street
                           Eleventh Floor
                           New York, New York 10005
                           212-248-5200
                           Our File No. 07-0008

TO:

AUDRAY HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

                              Plaintiff,

                       -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                             Defendants.
-----------------------------------------------------------------------X

Index No.: 150522/2007

**AMMENDED VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

      1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

      2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

      3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

      4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.     Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.     That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.     That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            November 15, 2007

YOURS, ETC.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

4

212-248-5200
Our File No. 07-0008

**ATTORNEY'S VERIFICATION**

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which are stated to

be alleged upon information and belief, and as to those matters I believe them to be true. My

belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I

maintain my offices.

DATED:     New York, New York
           November 15, 2007

RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

<div align="center">Plaintiff(s),</div>

<div align="center">-against-</div>

New England Motor Freight, Inc. &
Audray Hemraj

<div align="center">Defendant(s).</div>

## SUPPLEMENTAL SUMMONS AND AMMENDED VERIFIED COMPLAINT

<div align="center">

**Weitzman Law Offices, L.L.C.**
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

</div>

TO:

AUDRAY HEMRAJ
Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X Index No.: 150522/07
MAGDA EISENBERG,

                             Plaintiff,         **NOTICE OF APPEARANCE**
                                          **AND VERIFIED ANSWER**
                                          **WITH AFFIRMATIVE DEFENSES**

    -against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                              Defendants.
-------------------------------------------------------------X

     **PLEASE TAKE NOTICE,** that the above-named defendants, NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ), hereby appear in this action and that the undersigned have been retained as attorneys for said defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

     **PLEASE TAKE FURTHER NOTICE,** that said defendants hereby interpose the following verified answer to the plaintiff's Amended Verified Complaint dated November 15, 2007:

     1.      Defendants deny information and/or knowledge sufficient to form a belief as to the allegations contained in paragraphs marked "1", and "17" of plaintiff's Amended Verified Complaint, and therefore deny same.

     2.      Defendants deny each and every allegation contained in paragraphs marked "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "19", "20", "21", "22", "23" and "26" of plaintiff's Amended Verified Complaint.

3.      Defendants deny each and every allegation contained in paragraph marked "3" of plaintiff's Amended Verified Complaint, except admit that NEW ENGLAND MOTOR FREIGHT, INC. is a foreign corporation authorized to do business in the State of New York.

4.      Defendants deny each and every allegation contained in paragraphs marked "24" and "25" of plaintiff's Amended Verified Complaint, and leave all questions of law to the Court.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

5.      The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

6.      The amended verified complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

7.      That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

8.      The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

9.      The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

10.     The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

11.     The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in her complaint.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

12.     Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superseding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     There is a lack or jurisdiction over the person of these answering defendants by reason of failure to issue process and/or insufficiency of process and/or insufficiency of service of process. Therefore, the right to move for dismissal is reserved.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

14.     Plaintiff's complaint must be dismissed or transferred for forum non-convenience and/or improper venue.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

15.     That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable

3

conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

16.    The answering defendant(s), allege(s), upon information and belief, that whatever injuries and/or damages were sustained by the plaintiffs at the time and place alleged in the Complaint were in whole or in part the result of the culpable conduct of the plaintiffs.

17.    That the plaintiff(s) herein were guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars Plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff(s) was caused in whole or in part by the assumption of risk of the plaintiff.

## AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

18.    The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.    These defendants reserve their right to amend their answer and the attached affirmative defenses, supplement and/or change same upon completion of the appropriate investigation and discovery.

WHEREFORE, defendants, NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ), demand judgment against plaintiff dismissing the Amended Verified Complaint against these defendants, together with all costs, fees and disbursements of this action.

Dated: Lake Success, New York
      December 10, 2007

Yours, etc.

By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman, Greenberg,
Formato & Einiger, LLP
Attorneys for Defendants
NEW ENGLAND MOTOR FREIGHT, INC. AND
ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

To:    RAPHAEL WEITZMAN
       Weitzman Law Offices, LLC
       Attorneys for Plaintiff(s)
       MAGDA EISENBERG
       110 Wall Street
       Eleventh Floor
       New York, NY 10005
       212-248-5200

5

## VERIFICATION

State of New York

              ss.:

County of Nassau

       I, Todd C. Rubenstein, Esq., being duly sworn, state:

       I am an attorney for defendants in this action. The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation. This verification is not made by defendant corporation because it is a foreign corporation.

                                  Todd C. Rubenstein

Dated: December 10, 2007

6

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )

                           ss.:

COUNTY OF NASSAU  )

         CAMI NEGUS, duly sworn, deposes and says that:

         1.      I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

         2.      On the 10th day of December, 2007, I served the within NOTICE OF APPEARANCE AND VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

         RAPHAEL WEITZMAN
         Weitzman Law Offices, LLC
         Attorneys for Plaintiff(s)
         MAGDA EISENBERG
         110 Wall Street
         Eleventh Floor
         New York, NY 10005
         212-248-5200

                                               CAMI NEGUS

Sworn to before me this
10th day of December, 2007

Notary Public

**JOETTA KLOEPPING**
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X Index No.: 150522/07
MAGDA EISENBERG,

                        Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                        Defendants.

------------------------------------------------------------X

**DEMAND FOR
SUPPLEMENTAL
DEMAND FOR RELIEF**

**SIR/MADAM(S):**

       Pursuant to CPLR 3017(c), defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (s/h/a AUDRAY HEMRAJ), request that within fifteen (15) days of the date

of this demand, the plaintiff MAGDA EISENBERG serves a supplemental demand for relief

setting forth the total damages to which she deems herself entitled.

Dated: Lake Success, New York
       January 7, 2008

                        Yours, etc.

                        _____
                        By: Todd C. Rubenstein
                        Abrams, Fensterman, Fensterman, Eisman, Greenberg,
                        Formato & Einiger, LLP
                        Attorneys for Defendants
                        NEW ENGLAND MOTOR FREIGHT, INC. AND
                        ANDRE HEMRAJ (improperly sued herein as AUDRAY
                        HEMRAJ)
                        1111 Marcus Avenue, Suite 107
                        Lake Success, New York 11042
                        (516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )

                        ss.:

COUNTY OF NASSAU  )

            CAMI NEGUS, duly sworn, deposes and says that:

      1.      I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

      2.      On the 9th day of January, 2008, I served the within **DEMAND FOR SUPPLEMENTAL DEMAND FOR RELIEF** by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

        RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

                                             CAMI NEGUS

Sworn to before me this
9th day of January, 2008

Notary Public

**JOETTA KLOEPPING**
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                              Plaintiff,

            -against-                              **DEMAND FOR RELIEF**

NEW ENGLAND MOTOR FREIGHT, INC.&          Index No. 150522/2007
AUDRAY HEMRAJ,

                              Defendants.

-------------------------------------------------------------------X

     **PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants

herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and

disbursements of this action.

Dated:        New York, New York
              January 29, 2008

                              Yours, etc.,

                              RAPHAEL WEITZMAN
                              Weitzman Law Offices, L.L.C.
                              Attorneys for Plaintiff(s)
                              MAGDA EISENBERG
                              110 Wall Street
                              Eleventh Floor
                              New York, New York 10005
                              212-248-5200
                              Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

1

(516) 328-2300



Weitzman Law Offices LLC
110 Wall St, 11th Fl
New York, NY 10005-3817

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

                                        Plaintiff,

            -against-                                    **DEMAND FOR RELIEF**

NEW ENGLAND MOTOR FREIGHT, INC.&              Index No. 150522/2007
AUDRAY HEMRAJ,

                                        Defendants.

------------------------------------------------------------------------X


      **PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants

herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and

disbursements of this action.


Dated:          New York, New York
                January 29, 2008

                                Yours, etc.,

                                RAPHAEL WEITZMAN
                                Weitzman Law Offices, L.L.C.
                                Attorneys for Plaintiff(s)
                                MAGDA EISENBERG
                                110 Wall Street
                                Eleventh Floor
                                New York, New York 10005
                                212-248-5200
                                Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

                                1

(516) 328-2300

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

Defendants.

---

## DEMAND FOR RELIEF

---

### Weitzman Law Offices, L.L.C.
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

---

TO:    Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

Supreme Court of the State of New York
New York County Courthouse
80 Centre Street
New York, New York 10013

## DIFFERENTIATED CASE MANAGEMENT PROGRAM

PRESENT: HON. DEBORAH A. KAPLAN                    PART 22-DCM

Jan 02, 2008

To: ABRAMS FENSTERMAN FENSTERMAN/          (For Defendant)
1111 MARCUS AVENUE - SUITE 107
LAKE SUCCESS, N. Y.  11042

Index # 0150522/2007

EISENBERG, MAGDA                    ,PLAINTIFF

        V

NEW ENGLAND MOTOR                   ,DEFENDANT

1

# CASE SCHEDULING ORDER

A request for a preliminary conference having been filed or the court having taken action on its own initiative,

IT IS HEREBY ORDERED that this case is designated an Expedited matter (Uniform Rule 202.19 (b)) and disclosure not already furnished shall proceed in accordance with the deadlines set forth below. However, a party claiming to be prejudiced by this order may, after consulting opposing counsel, seek a modification of the Expedited designation or the schedule by contacting Tammy M. Harwood, Case Management Coordinator, at the Case Management Office (by phone at 646-386-3682, **fax at 212-374 -1842** , or e-mail to Tharwood@courts.state.ny.us) by **January 22, 2008.** That Office will provide an opportunity to the parties to be heard on the request by telephone or court conference and the court will take such action as is appropriate. Failure to contact the Office within the said deadline shall constitute a waiver of any objection to the designation or schedule. The parties shall not in the first instance contact the Justice assigned.

## NONE OF THE DATES IN THE ORDER MAY BE EXTENDED WITHOUT ADVANCE APPROVAL BY THE COURT.    All requests for extensions shall be directed to the Case Management Office in the first instance.

(1) Mandatory Notification:  The attorney who receives a copy of this Order shall, within ten days from receipt, transmit a copy to counsel for all parties who have appeared in the case and to all self-represented litigants and shall, by **January 15, 2008**, return to the Case Management Office an original by mail or a copy by fax of an affidavit of service or a letter setting forth the dates the parties were served.

(2) Insurance Information:  All parties shall exchange insurance and coverage information by **January 29, 2008.**

(3) Bill of Particulars:  A demand shall be served by **January 22, 2008.** A bill(s) shall be served by **february 05, 2008.**

(4) Authorizations: Authorizations for **HIPAA compliant** medical records and for employment records for two years prior to the accident shall be served by **January 29, 2008.**

1    This is a conformed copy. The original order has been or will be filed with the County Clerk .

Index # 0150522/2007  Case of EISENBERG, MAGDA        vs.  NEW ENGLAND MOTOR

(5) Witness and Other Information: All parties shall exchange statements of opposing parties, photographs, and the names and addresses of all fact witnesses by **February 05, 2008.** If any of these items do not exist, the parties shall serve by that date an affirmation clearly so specifying.

(6) Depositions: All depositions must be completed by **April 22, 2008.** Plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption. Within 20 days from service of a copy of this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. If a witness thereafter is unable to appear as scheduled, the parties shall confer and attempt to agree upon a resolution of the problem, including, if necessary, an alternative schedule or order of production. However, absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above.

(7) Demands for Documents: Demands for documents shall be served no later than 10 days after completion of depositions and shall be responded to within 20 days from service.

(8) Physical Examinations and Reports (Uniform Rule 202.17): Physical examination(s) of the plaintiff shall be completed by **June 10, 2008.** The examining party shall notify all other parties of the identity of the examining physician at least 20 days prior to said examination. Copies of medical reports shall be served by plaintiff at least 15 days prior to said examination. A copy of the report of the examining physician shall be served on all parties within 21 days of said examination.

(9) Other Disclosure: All other disclosure shall be completed by **June 24, 2008.**

(10) Impleader: Shall be completed by **June 24, 2008.**

(11) Mandatory Compliance Conference: Will be held on **July 07, 2008** at **9:30 am** at **80 Centre Street , Room 103.**

(12) Note of Issue: Shall be filed on or before **July 14, 2008.**

(13) Summary Judgment Motions: Summary judgment motions shall be made no later than **60 days** after filing of the note of issue (CPLR 3212 (a)).

### RESOLUTION OF DISPUTES/PENALTIES FOR NON-COMPLIANCE

**If disputes arise about compliance with this Order, the parties shall promptly confer in an effort to resolve them. If that effort fails, the parties shall immediately, in advance of deadlines and prior to initiating motion practice, bring the dispute to the attention of the Case Management Office (not the assigned Justice) and shall participate in any telephonic or court conference that Office may require. Absent good cause, failure to raise discovery problems with that Office immediately, in advance of deadlines, other non-compliance with this Order, or failure to comply with any Disclosure Reminder Notice transmitted by that Office may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of an answer, costs, sanctions, and attorney's fees.** Counsel should be particularly aware that penalties may be imposed in the event of the failure of a defendant to give notice of, designate a physician for, schedule, or conduct an examination of plaintiff as set forth herein, the failure of said defendant to serve a report as set forth herein, the failure of plaintiff to appear at an examination as required, and the failure of a party to schedule or attend a deposition.

Deborah S. K.

J.S.C.

**Jan 02, 2008**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

MAGUA    IISENBERG

NEME V ET AL

**INDIVIDUAL ASSIGNMENT PART** _____

~~**STIPULATION**~~ ORDER

INDEX NO. 150577/07

MOTION CALENDAR NO.

DATE  2/8/08

IT IS HEREBY ~~STIPULATED AND AGREED by and between the below-named attorney(s) as follows:~~ ORDERED

Counsel for plaintiff has represented that plaintiff is age 85 years-old and her physician asserts that she is totally ill. Counsel has quoted this IXM conference in compliance with Hon. D.A. Kaplan's Part Rule 2A requiring same prior to plaintiff's intended motion to expedite all discovery of order dated 1/2/08.

Date:  2/8/08

So Ordered.

ENTER: _Deborah A. K_ _____

J.S.C.

_____
**Attorney for Plaintiff**

_____
**Attorney for Defendant**

_____
**Attorney for Defendant**

SC-8G (rev 2/86)

# EXHIBIT

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

MAGDA EISENBERG,

                                              Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                              Defendants.
------------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of Second Avenue
New York, New York
County. City and State of New
York

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
        November 7, 2007

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant

108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

Index No.: 150522/2007

                  Plaintiff,

**VERIFIED COMPLAINT**

      -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                Defendants.
------------------------------------------------------------------------X

     Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

     1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

     2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

     3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite

One, Valley Stream, New York 11580.

     4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.     That on October 22, 2007, 60th Street and its intersection with Second Ave were public thoroughfares.

18.     That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.     That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.     That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.     That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    New York, New York
          November 7, 2007

                              YOURS, ETC.

                              RAPHAEL WEITZMAN
                              Weitzman Law Offices, L.L.C.
                              Attorneys for Plaintiff(s)
                              MAGDA EISENBERG
                              110 Wall Street
                              Eleventh Floor
                              New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda Eisenberg. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:     New York, New York
            November 7, 2007

RAPHAEL WEITZMAN

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

        **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              November 15, 2007

                                        RAPHAEL WEITZMAN
                                        Weitzman Law Offices, L.L.C.
                                        Attorneys for Plaintiff(s)
                                        MAGDA EISENBERG
                                        110 Wall Street
                                        Eleventh Floor
                                        New York, New York 10005
                                        212-248-5200
                                        Our File No. 07-0008

TO:

AUDRAY HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

MAGDA EISENBERG,

                         Plaintiff,

                -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                        Defendants.

-------------------------------------------------------------------X

Index No.: 150522/2007

**AMMENDED VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

      1.      At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

      2.      At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

      3.      That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

      4.      At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.     That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.     That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.     That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.     That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.     That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:    New York, New York
          November 15, 2007

YOURS, ETC.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:   New York, New York  
    November 15, 2007

RAPHAEL WEITZMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Andre Hemraj,

                                        Defendants.

---------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
            December 26, 2007

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

ANDRE HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

                                Plaintiff,

                  -against-

New England Motor Freight, Inc. &
Andre Hemraj.

                              Defendants.
------------------------------------------------------------------------X

Index No.: 150522/2007

**AMMENDED VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

1.    At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a resident of the State of New York.

2.    At all times herein mentioned, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East Elizabeth, New Jersey, 07201.

3.    That on information and belief at all times hereinafter mentioned the Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey licensed in the State of New York with its principal place of business being 108 South Franklin Avenue, Suite , Valley Stream, New York 11580.

4.    At all time herein mentioned, Defendant **ANDRE HEMRAJ** was, and still is a resident of the State of New Jersey.

5.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle.

7.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.     At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** maintained said motor vehicle.

13.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** managed the aforesaid motor vehicle.

15.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.     At all times herein mentioned, and on October 22, 2007, Defendant **ANDRE HEMRAJ** controlled the aforesaid motor vehicle.

17.     That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.     That on October 22, 2007, Defendant **ANDRE HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.     That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.     That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **ANDRE HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.     That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.     Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.     That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.     That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            December 26, 2007

            YOURS, ETC.

            RAPHAEL WEITZMAN
            Weitzman Law Offices, L.L.C.
            Attorneys for Plaintiff(s)
            MAGDA EISENBERG
            110 Wall Street
            Eleventh Floor
            New York, New York 10005

4

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           December 26, 2007

RAPHAEL WEITZMAN

6

# EXHIBIT B

Albany County Sheriff's Department
CERTIFICATE OF SERVICE
SECRETARY OF STATE – Sec. 253 VTL (Non Resident)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NERW YORK

County of Albany, State of New York

NEW YORK
COUNTY CLERKS OFFICE

JAN 07 2008

NOT COMPARED
WITH COPY FILE

| | |
|---|---|
| MAGDA EISENBERG<br><br>vs.<br><br>NEW ENGLAND MOTOR FRIEGHT & AUDRAY **HEMRAJ** | Index Number - 150522/2007<br><br>Sheriff File Number – 07007693 |

I, certify that I am an Albany County Deputy Sheriff, and that I am not a party to the above-entitled action.

I further certify that on 12/11/2007 at approximately 9:44AM, at the office of the Secretary of State of the State of New York, in the city of Albany, New York, I made service of the annexed SUMMONS AND VERIFIED COMPLAINT upon SECRETARY OF STATE the agent of the defendant, **AUDRAY HEMRAJ**, in the above entitled action by delivering to and leaving with **DONNA CHRISTIE** a(n) data entry machine operator in the office of the Secretary of State, two true copy(s) thereof and that at the time of making such service, I paid the secretary of state a fee of $10.00 dollars. The service was made pursuant to section 253 VTL (Non resident).

I further certify that I knew the person so served as aforesaid to be a data entry machine operator in the office of the Secretary of State of New York, authorized to accept such service on behalf of said defendant.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female Height: 5' 5" Weight: 155 Age: 43

Dated:
Tuesday, December 11, 2007

Lawrence Boudreau
DEPUTY SHERIFF

Albany County Sheriff's Department
CERTIFICATE OF SERVICE
SECRETARY OF STATE – Sec. 306 BCL

NEW YORK
COUNTY CLERK'S OFFICE

JAN 07 2008

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

County of Albany, State of New York

| | |
|---|---|
| **MAGDA EISENBERG** | Index Number - 150522/2007 |
| vs. | |
| **NEW ENGLAND MOTOR FREIGHT, INC. &** | Sheriff File Number – 07007691 |
| **AUDRAY HEMRAJ** | |

I, certify that I am an Albany County Deputy Sheriff, and that I am not a party to the above-entitled action.

I further certify that on 12/11/2007 at approximately 9:44AM, at the office of the Secretary of State of the State of New York, in the city of Albany, New York, I made service of the annexed SUMMONS AND VERIFIED COMPLAINT upon SECRETARY OF STATE the agent of the defendant, **NEW ENGLAND MOTOR FREIGHT, INC.**, in the above entitled action by delivering to and leaving with **DONNA CHRISTIE** a(n) data entry machine operator in the office of the Secretary of State, two true copy(s) thereof and that at the time of making such service, I paid the secretary of state a fee of $40.00 dollars. The service was made pursuant to section 306 Business Corporation Law.

I further certify that I knew the person so served as aforesaid to be a data entry machine operator in the office of the Secretary of State of New York, authorized to accept such service on behalf of said defendant.

DESCRIPTION

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female Height: 5' 5" Weight: 155 Age: 43 .

Dated:
Tuesday, December 11, 2007

_Lawrence Boudreau_
Lawrence Boudreau
DEPUTY SHERIFF

**AFFIDAVIT OF SERVICE**                                          12/11/2007

SHERIFF'S NUMBER S070086001          DEFENDANT SEQUENCE 1 OF
TYPE OF SERVICE:                     Summons and Complaint

I, RALPH FROEHLICH, SHERIFF OF UNION COUNTY, DO HEREBY DEPUTIZE EDDY PONS
AND APPOINT TO BE MY DEPUTY, TO EXECUTE AND RETURN THE WRIT ACCORDING TO LAW.

| ATTORNEY | NEW YORK COUNTY CLERK'S OFFICE | AMOUNT |
|---|---|---|
| WEITZMAN LAW OFFICES, L.L.C. 110 WALL STREET 11TH FLOOR NEW YORK, NY 10005-3817 | 10084 JAN 07 2008 CONTROL # 12795 NOT COMPARED WITH COPY FILE | 25.50 |
| | | ASOHNEN |

COURT DATA

COURT OF ISSUANCE: Other

WRIT EXPIRATION:                 STATE: NY       COUNTY OF VENUE: New York

COURT DOCKET #      N/A          CAPTION OF CASE

NAME:               MAGDA EISENBERG
          VS        NEW ENGLAND MOTOR FREIGHT, INC. & AUDRAY HEMRAJ

                    DEFENDANT OR NAMED WITHIN TO BE SERVED

NAME                NEW ENGLAND MOTOR FREIGHT, INC.

ADDRESS             1-71 NORTH AVE EAST
                    ELIZABETH, NJ 07201

PAPERS SERVED
SUMMONS & COMPLAINT, AMENDED COMPLAINT, OUT OF STATE REQUIRE DESCRIPTION

SERVICE DATA RECORDED

[X] SERVED SUCCESSFULLY    [ ] UNABLE TO SERVE    NUMBER OF ATTEMPTS

DATE: 12/11/01  TIME: 0925        DATE:           DATE:
                                  TIME:           TIME:
REMARKS:
                                  DATE:           DATE:
                                  TIME:           TIME:

[ ] PERSONALLY DELIVERED    [ ] OFFICER    [ ] MANAGING AGENT    [ ] REGISTERED AGENT
[ ] COPY LEFT WITH COMPETENT HOUSEHOLD MEMBER   [X] AGENT AUTHORIZED TO ACCEPT
                                    [ ] IS IN THE MILITARY    [ ] NOT IN THE MILITARY

PERSON SERVED    Debbie Kooh
                                    (TITLE/RELATIONSHIP)

SEX        [ ] MALE      [ ] FEMALE
SKIN       [ ] WHITE     [ ] BLACK       [ ] YELLOW     [ ] BROWN      [ ] RED
HEIGHT     [ ] UNDER 5 FT.   [ ] 5.0 - 5.6 FT    [ ] 5.7 - 6.0 FT   [ ] OVER 6 FT.
WEIGHT     [ ] UNDER 100 LBS.   [ ] 100 - 150 LBS.   [ ] 151 - 200 LBS   [ ] OVER 200 LBS
HAIR       [ ] BLACK     [ ] BROWN      [ ] BLOND      [ ] GRAY       [ ] RED       [ ] WHITE    [ ] BALDING
AGE        [ ] 14 - 20   [ ] 21 - 35    [ ] 36 - 50    [ ] 51 - 65    [ ] OVER 65

SWORN TO AND SUBSCRIBED         FRANCES DIDOMATO
BEFORE ME ON                    NOTARY PUBLIC OF NEW JERSEY
                                My Commission Expires Oct. 3, 2008

                                                    SIGNATURE
                                    SHERIFF'S OFFICER OF UNION COUNTY
                                    STATE OF NEW JERSEY

# Hudson County Sheriff's Office
## AFFIDAVIT OF SERVICE

Service #  1 of 1 Services

Docket #    150522/2007

Sheriff's #    **OS 121411**

Plaintiff    MAGDA EISENBERH

Defendant  NEW ENGLAND MOTOR FREIGHT,INC. & AUDRAY HEMRAJ

Supreme
New York
NEW YORK

Person/Corporation to Serve
**AUDRAY HEMRAJ**

Paper
SUMMONS/COMPLAINT

108 SYCAMORE ROAD
JERSEY CITY, NJ
Alternate Address

I, JOSEPH T. CASSIDY, SHERIFF OF HUDSON COUNTY DO HEREBY DEPUTIZE AND APPOINT
J. BARTLEY A DULY SWORN OFFICER TO EXECUTE AND RETURN THE
DOCUMENTS ACCORDING TO LAW.

| Date of Action 12/5/2007 | Defendant    AUDRAY HEMRAJ |
|---|---|
| Time of Action | 108 SYCAMORE ROAD |
| Attempts    DATE    TIME | JERSEY CITY, NJ |

Delivered To

Relationship

| Race | Sex | Height | Weight | Eyes | Hair | Age | Military |
|---|---|---|---|---|---|---|---|

Type of Action OTHER -

POSTED & MAILED

I, J. BARTLEY WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

WEITZMAN  LAW OFFICES, L.L.C.
110 WAAL STREET, 11TH FLOOR
NEW YORK, NY 10005-3817

_J. BARTLEY_    12/13/07
DATED

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 13th DAY OF Dec    20 07

CAROL BRANSKY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/31/2011
ID No. 2192169

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff(s),

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendant(s).

-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of the 2nd Avenue
New York, NY
County of New York

## To the above named Defendants:

   **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service. where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
              November 7, 2007

                              RAPHAEL WEITZMAN
                              Weitzman Law Offices, L.L.C.
                              Attorneys for Plaintiff(s)
                              MAGDA EISENBERG
                              110 Wall Street
                              Eleventh Floor
                              New York, New York 10005
                              212-248-5200
                              Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

# EXHIBIT C

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: NEW ENGLAND MOTOR FREIGHT, INC.

Selected Entity Status Information

|  |  |
|---|---|
| **Current Entity Name:** | NEW ENGLAND MOTOR FREIGHT, INC. |
| **Initial DOS Filing Date:** | AUGUST 15, 1973 |
| **County:** | NASSAU |
| **Jurisdiction:** | NEW JERSEY |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
NEW ENGLAND MOTOR FREIGHT INC
C/O BLAKEMAN & ASSOCIATES
108 SOUTH FRANKLIN AVE STE #1
VALLEY STREAM, NEW YORK, 11580

**Chairman or Chief Executive Officer**
MYRON P SHEVELL, CHAIRMAN OF THE BOARD
1-71 NORTH AVE EAST
ELIZABETH, NEW JERSEY, 07201

**Principal Executive Office**
NEW ENGLAND MOTOR FREIGHT, INC.
1-71 NORTH AVE EAST
ELIZABETH, NEW JERSEY, 07201

**Registered Agent**
BRUCE BLAKEMAN
BLAKEMAN & ASSOCIATES
108 SOUTH FRANKLIN AVE STE #1
VALLEY STREAM, NEW YORK, 11580

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# EXHIBIT
# D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

<div align="center">Plaintiff(s),</div>

<div align="center">-against-</div>

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

<div align="center">Defendant(s).</div>

-------------------------------------------------------------------X

**COMBINED DEMANDS**

Index No.: 150522/2007

S I R S:

**PLEASE TAKE NOTICE**, that Plaintiff by her attorneys **WEITZMAN LAW OFFICES, L.L.C.**, hereby makes the following demands upon you:

1. Demand for the Names and Addresses of all Witnesses;

2. Demand for the Discovery and Inspection of any Statement of a party represented by the undersigned;

3. Demand for Insurance Coverage Information;

4. Demand for Photographs, Slides, Audio tapes, Video tapes and Motion pictures;

5. Demand for any Accident and/or Police Reports;

6. Demand for documents regarding inspection, maintenance and/or repair of condition;

<div align="center">1</div>

7.    Demand for vehicle maintenance and repair records;

8.    Demand for Contracts; and

9.    Demand for Expert Witness Information.

returnable at the office of the undersigned at **10:00 a.m. on January 14, 2008** as follows:

## DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES

**PLEASE TAKE NOTICE**, that the undersigned hereby demands pursuant to CPLR §3101(a) and R.3120 (a) and the case of <u>Zellman v. Metropolitan Transportation Authority</u>, 40 A.D.2nd 248, 339 N.Y.S.2d 255, that you set forth in writing and under oath the names and addresses of each person claimed by any party you represent to be a witness to any of the following:

(a)    The occurrence alleged in the complaint;

(b)    Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;

(c)    The names and addresses of any witnesses to the acts or conditions substantiating the alleged affirmative defenses plead in your answer; and

(d)    The names and addresses of any individuals who commenced legal action for injuries sustained as a result of the occurrence complained of in the instant action.

If no such witnesses are known to any party you represent, so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

**PLEASE TAKE FURTHER NOTICE**, that if any party you represent or its representatives, obtain names and addresses of persons who witnessed the occurrence alleged in the complaint or the acts, notice or conditions substantiating the alleged affirmative defenses or have first hand knowledge of such facts subsequent to the service of this notice, this information is to be furnished to the Plaintiff(s), whenever obtained. The Plaintiff(s) will object at the time of trial to the testimony of any persons not so identified.

## DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands upon behalf of the Plaintiff(s) in this action that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every statement made or taken by each party and his, her, or its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any matter bears on the issues in this action. If no such statement(s) is(are) in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

## DEMAND FOR DISCOVERY AND INSPECTION OF INSURANCE COVERAGE

3

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the provisions of §3101 of the Civil Practice Law and Rules, any party you represent is required to serve upon the undersigned at the time and place specified above the declaration and coverage pages of any and all contracts of insurance and insurance policies, including the primary insurance policy of any party you represent, as well as reinsurance and/or excess liability, "umbrella," or "catastrophe" policies of any party you represent, the spouse of any party you represent or any relative residing with any party you represent, for liability on **October 22, 2007** giving the name and addresses of each insurance carrier, the policy numbers thereof, the dates of coverage and/or policy periods, and the amounts of such and each policy coverage.

If, after investigation, no such reinsurance, excess liability, "umbrella," or "catastrophe" policies are found to exist, so state in a sworn reply to this demand.

### DEMAND FOR PHOTOGRAPHS, AUDIO TAPES, SLIDES, VIDEO TAPES AND MOTION PICTURES

**PLEASE TAKE FURTHER NOTICE**, that undersigned demands on behalf of the Plaintiff(s) that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect, photograph and copy each and every photograph, audio tapes, slides, videotapes or motion pictures in defendant's custody, possession or control depicting the following:

(a) The location where it is alleged that the occurrence complained of took place;

(b) The condition complained of in the complaint;

(c) Any vehicles involved in the occurrence depicting said vehicles after the occurrence;

4

(d)    The Plaintiff(s);

(e)    Any actions or activities of the Plaintiff(s);

(f)    The injuries sustained by the Plaintiff(s);

If no such photographs, slides, video or motion pictures are in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.


## DEMAND FOR ACCIDENT REPORT

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §3101 and the case of Pataki v. Kiseda, 80 A.D.2d 100, 437 N.Y.S.2d 692 (2d Dept. 1981), that the undersigned demands upon behalf of the Plaintiff(s) in this action that you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every written report of the occurrence which is the subject matter of this action, prepared in the regular course of business operations or practices of any party you represent, or persons or firms acting on behalf of any party you represent.  If no such report is in existence, so state in the sworn reply to this demand.


## DEMAND FOR DOCUMENTS REGARDING INSPECTION, MAINTENANCE AND/OR REPAIR OF CONDITION

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence

5

within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, cut forms, contracts, logs, log books, letters, charts, maps, diagrams and/or repair orders.

## DEMAND FOR VEHICLE MAINTENANCE AND REPAIR RECORDS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance and repair of the motor vehicle involved in the occurrence for a period of one year prior to the date of the occurrence.

## DEMAND FOR CONTRACTS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect and copy each and every contract between any of the parties to this action.

## REQUEST FOR DISCLOSURE OF EXPERT WITNESS INFORMATION PURSUANT TO CPLR §3101(d)

**PLEASE TAKE NOTICE**, that pursuant to §3101(d) of the Civil Practice Law and Rules, the undersigned hereby requests that you produce, within twenty (20) days after service of

this request, at the Law Offices of **WEITZMAN LAW OFFICES, L.L.C.,** 110 Wall Street, New York, New York 10005 the following information:

     (a)     Identify each person the party upon whom this request is served expects to call as an expert witness at the trial of this action.

     (b)     The subject matter in reasonable detail upon which each expert named above is expected to testify at the trial of this action.

     (c)     The substance of the facts and opinions upon which each expert named above is expected to testify at the trial of this action.

     (d)     The complete qualifications of each expert named above.

     (e)     A summary of the grounds for the opinion of each expert named above.

     **PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

     **PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply, a motion will be made for an Order to Strike your Answer, with costs.

Dated:     New York, New York
          December 26, 2007

                    Yours, etc.,

                    RAPHAEL WEITZMAN
                    Weitzman Law Offices, L.L.C.
                    Attorneys for Plaintiff(s)
                    MAGDA EISENBERG
                    110 Wall Street
                    Eleventh Floor
                    New York, New York 10005
                    212-248-5200
                    Our File No. 07-0008

7

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

                                        Defendants.

------------------------------------------------------------------------X

**NOTICE OF
DISCOVERY AND
INSPECTION**

Index No.: 150522/2007

 

 

**PLEASE TAKE NOTICE**, that pursuant to CPLR §3120, Defendants is hereby required to

produce, furnish and permit discovery by the Plaintiff, by her attorneys, the following items or

documents for inspection on **January 14, 2008**, at 2:00 o'clock in the afternoon, at the office of

**WEITZMAN LAW OFFICES, L.L.C., 110 Wall Street, New York, New York 10005**:

    1.       The primary liability insurance policy insuring the Defendants on October 22, 2007.

    2.       Any personal, umbrella, excess or other insurance agreements covering the

Defendants on October 22, 2007 which may be liable to satisfy part or all of the judgment entered

herein or to indemnify or reimburse for payment made to satisfy any such judgment.

    This demand explicitly requires a response from the Defendants in person and under oath

regarding the existence of such other coverage and responses such as "None Known" or "None to the

Best of our Knowledge" from Defendant(s)' counsel will be deemed non-compliant.

3.    A copy of any statement given by, or on behalf of, the Plaintiff concerning this occurrence, whether such statement is oral or recorded, whether or not transcribed, whether signed or unsigned.

4.    The names and addresses of any and all witnesses known to the Defendants or to Defendant(s)' attorney who may have witnessed the occurrence or who may have first-hand knowledge of same. If no such persons are known to Defendants or Defendants' representatives, so state in reply to this demand.

The Plaintiff will object at the time of trial of this action to the testimony of any persons not so identified.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand, and that if the Defendants or Defendants' representatives obtain names and addresses of persons who may have witnessed the occurrence or who may have first-hand knowledge of the same subsequent to the service of this notice, or obtain any statement(s) made by said witnesses, such information must be furnished to the Plaintiff whenever so obtained. The Plaintiff will object at the time of trial of this action to introduction of any statements or testimony not previously identified.

5.    All photographs and/or pictures of the accident, the accident scene, the vehicles involved, any buildings, signals, signs, trees, shrubs or other landscape features which existed at the place of the occurrence.

6.    All photographs, videotapes, motion pictures and the like taken of the Plaintiff which Defendants will seek to introduce at the time of trial.

The Plaintiff will object at the time of trial of this action to the introduction of any photographs, videotapes, motion pictures and the like not so exchanged.

2

7.    The MV-104 Motor Vehicle Department report prepared by, or on behalf of, the Defendants with regard to the accident of October 22, 2007.

8.    A copy of all appraisals, damage estimates and repair bills concerning damage to Defendants' vehicle arising out of this accident.

9.    Name and address of the auto body repair shop that repaired Defendants' vehicle.

10.    Copies of all the maintenance records or service reports of the Defendant(s)' vehicle involved in the accident on October 22, 2007 for a period of one year prior to the date of the occurrence. Inspection, maintenance and repair records for the one-year period preceding the accident and the six-month period subsequent to the accident

11.    Name and address of the Service Centre that maintains and services the Defendant(s)' vehicle.

12.    If the Defendants' vehicle was leased, the title or ownership certificate to Defendants' leased vehicle, and the names and addresses of all owners listed on such certificate applicable on October 22, 2007.

13.    If the Defendants' vehicle was leased, the motor vehicle lease agreement in force on Defendants' leased vehicle on October 22, 2007, and the names and addresses of all lessors or lessees listed in said agreement.

14.    Any and all reports prepared in the ordinary course of business concerning the incident which is the subject of this lawsuit.

15.    Physical Inspection Of the vehicle involved in the incident on October 22, 2007.

16.    Daily inspection reports for the three-month period preceding the accident .

17.    Annual inspection report covering the date of the accident.

18.     Driver's qualification file and driver's logs for at least the eight-day period Preceding the accident.

19.     Accident register for the time period preceding the accident.

20.     Post-accident drug and alcohol tests of the Driver.

21.     Printouts or data from onboard recording devices.

22.     Downloadable data from the Electronic Control Module (ECM).

23.     Accident register for the time period preceding the accident.

24.     Bills of lading, weight tickets, hotel receipts, and similar documents for the eight day period preceding the accident.

25.     Policy and procedure manuals.

26.     Training documents including audio and video tapes used for the training.

The aforesaid discovery may be complied with by sending true copies of the aforementioned documents to the undersigned prior to the time hereinabove set forth for the production thereof.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained or come into the possession of the Defendants, their agents, servants, employees and/or attorneys after the date of this demand, they are to be furnished pursuant to this demand.

Dated:          New York, New York
                December 26, 2007

                                        Yours, etc.

                                        Raphael Weitzman
                                        Weitzman Law Offices, L.L.C.
                                        Attorneys for Plaintiff(s)
                                        MAGDA EISENBERG
                                        110 Wall Street

4

Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008


TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

|  | Plaintiff, |
| --- | --- |

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

|  | Defendants. |
| --- | --- |

-------------------------------------------------------------------X

**NOTICE OF DISCOVERY
AND INSPECTION AND
COMBINED DEMAND**

Index No. 150522/2007

**PLEASE TAKE NOTICE**, that the Plaintiff(s) demand(s) that the Defendant(s), and each of them, produce and allow discovery and inspection to be made by the Plaintiff's attorneys of:

1.      Any and all original policies of insurance (both primary and excess) together with any and all endorsements relating thereto, whether or not physically annexed to the original policies of insurance, which were in force and effect and relating in any way to the accident/occurrence which gave rise to this action. In the event that this action relates to a motor vehicle accident, in which the operator of the motor vehicle is not the owner, you are required to produce and allow discovery and inspection to be made by the plaintiff's attorneys of any and all policies of insurance (both primary and excess) together with any and all endorsements relating thereto whether or not physically annexed to the original policies of insurance, and which were in force and effect of any motor vehicle either owned by the operator of owned by any member of the operator's household on the date of the accident/occurrence.

2.      All photographs showing the motor vehicles of the Plaintiff(s) or of the Defendant(s) and which were involved in the accident/occurrence taken at any time following the accident/occurrence.

3.  All photographs, motion pictures, videotape films, all surveillance materials taken of the Plaintiff(s) of any kind whatsoever.

4.  All reports, incident reports and statements made in the regular course of business of the Defendant(s), whether written, recorded or otherwise, and whether or not made exclusively for litigation purposes, and relating to the occurrence in which the Plaintiff(s) claims injury.

5.  All records of inspection, maintenance and/or repair of the Defendant(s)' motor vehicle(s) on the date of the occurrence and for a period of one (1) year prior thereto.

6.  The name and address of each person claimed to be a witness by any party that you represent to any of the following:

   (a)  the occurrence alleged in the Complaint;

   (b)  as an eyewitness to the occurrence alleged in the Complaint and/or circumstances regarding the same;

   (c)  any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint;

   (d)  first-hand knowledge of the condition of the site of the occurrence at the time of the occurrence;

   (e)  the nature and duration of the condition alleged by the Plaintiff(s) to have caused the occurrence alleged in the Complaint; and

   (f)  any admission or statement allegedly made by the Plaintiff(s) concerning the happening of the occurrence alleged in the Complaint.

7.  The name and address of any expert the Defendant(s) expect(s) to call at the time of trial setting forth:

   (a)  the subject matter on which each expert is expected to testify;

   (b)  the substance of the facts and opinions each expert is expected to testify on;

   (c)  the qualifications of each expert; and

(d)    the summary of grounds for the opinion expressed by each expert.

8.    All photographs showing the scene, site or location of the accident/occurrence taken at any time following the accident/occurrence.

9.    Copies of all statements, whether oral, signed or unsigned, recorded or unrecorded, electronically recorded by the Plaintiff(s), or any of them, in any way relating to the accident/occurrence.

10.    Copies of all photographs, video tapes or movies ("surveillance materials") taken by the Defendant(s) subsequent to the commencement of this action and which purport to depict the Plaintiff(s). This is a continuing demand, up to and including trial, and in the event that this demand is not complied with, the Plaintiff(s) will move to preclude the Defendant(s) from offering into evidence upon the trial of the action that which this item seeks and which the Defendant(s) has(have) not provided.

11.    The name and address of every person, firm, business entity or other that the Defendant(s) claim(s) caused, or in any way contributed to, the happening of the occurrence set forth in the Complaint, or is responsible in whole or in part for any of the injuries and/or damages sustained by the Plaintiff(s), and over which the Plaintiff(s) can with due diligence obtain jurisdiction over.

12.    A copy of each and every M.V. report (MV-104) prepared by and/or signed by any Defendant and which relates to the happening of the occurrence in which the parties were involved.

This is a continuing demand, and in the event knowledge is acquired of the name and address of any person claimed to be a witness or participant to the occurrence which gave rise to the commencement of this action, or who has been consulted as an expert, and such knowledge is acquired subsequent to the receipt of this demand, up to and including the trial of this action, you are required to set forth in writing, and under oath, the name and address of such

persons. In the event this Demand is not complied with, the Plaintiff(s) will, upon the trial of this action, move the Court to preclude and forbid the testimony of any witness offered by the Defendant(s) as to whom the name and address has not thereto been furnished to the Plaintiff's attorneys, pursuant to this Demand.

**PLEASE TAKE FURTHER NOTICE**, that Discovery and Inspection will take place on January 14, 2008 at 10:00 A.M. at the Plaintiff(s)' attorneys' office located at 110 Wall Street, New York, New York, 10005.

**PLEASE TAKE FURTHER NOTICE**, that your default will result in an application being made to the Court for appropriate relief, with costs.

Dated:      New York, New York
            December 26, 2007

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------X

MAGDA EISENBERG,

                              Plaintiff,

                                                    **NOTICE TO TAKE**
                -against-                           **DEPOSITION UPON**
                                                    **ORAL EXAMINATION**
NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,                                       Index No.: 150522/2007

                              Defendants.

----------------------------------------------------------------------X

C O U N S E L O R S:

    **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony, upon oral examination, of all Defendants herein, as an adverse party will be taken before a notary public, who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein; at Supreme Court of the State of New York, County of New York located at 60 Centre Street, New York, NY 10007-1474 on **January 14, 2008** at **10.00 am** o'clock in the forenoon of that day with respect to evidence materially necessary to the prosecution of this action.

    That the said person to be examined is required to produce at such examination the following: Any and all notes, records, reports or memorandum concerning an accident which occurred on **October 22, 2007**.

Dated:      New York, New York
           December 26, 2007

Yours, etc

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200

Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY IIEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

                                        Defendants.

-----------------------------------------------------------------------X

**DEMAND FOR
DISCLOSURE OF
EXPERT WITNESS
INFORMATION**

Index No.: 150522/2007

**PLEASE TAKE NOTICE,** that pursuant to CPLR § 3101(d), you are hereby required to furnish, within thirty (30) days hereof, each person whom you expect to call as an Expert Witness at the trial of this matter, by stating for each such Expert Witness, with all details available to you or your attorneys, the following:

    1. State the Name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial whom you expect to call as a witness at the trial:

        (a)    The subject matter on which the expert is expected to testify;

        (b)    The substance of the facts and opinions of which the expert is expected to testify;

        (c)    A summary of the grounds for each such opinions;

        (d)    A brief chronological curriculum vitae of the witness' educational background and professional credentials, including the associations or societies of which the expert is a member, and as to medical personnel, the names and addresses of all hospitals on whose staffs such experts are or where such medical experts have courtesy privileges or act as consultants;

(e)     Whether each named expert will testify as an expert at the trial of this case.

2.  With respect to any and all proposed medical expert witnesses, indicate:

(a)     The area of expertise;

(b)     educational background, including the names and addresses of each medical school attended;

(c)     The names and addresses of each hospital to which an internship and residency was served and the dates thereof;

(d)     The names and addresses of each hospital to which privileges of admitting patients is extended and the nature of the privilege;

(e)     The state or states in which this individual was licensed to practice medicine;

(f)     Each state in which this individual is actively engaged in the practice of medicine;

(g)     societies which each said expert is a member of and the date of each membership;

(h)     The present board certifications and/or qualifications, if any, and the dates given to each proposed expert witness;

(i)     The subject matter on which each expert is expected to testify, including each and every act which will be claimed was good and accepted medical practice;

(j)     The substance of these facts and opinions to which each expert is expected to testify, including a summary of his/her grounds for each opinion.

3.  State the names, addresses and qualifications of all expert witnesses and other persons known to you to have made studies or analysis as to the cause of the alleged injury involved herein:

(a)     State the substance of such opinion as it relates to proximate cause;

(b)    State the substance of such opinion as it relates to proximate cause.

**PLEASE TAKE NOTICE,** that failure to respond to these demands will be deemed a waiver as to the use of an expert by Defendants at the time of trial, and that, in such a case, a preclusion order will be sought by Plaintiff enforcing such waiver.

**PLEASE TAKE FURTHER NOTICE,** that this demand is continuing in nature and accordingly, must be supplemented or modified as soon as information contained in any response hereto becomes inaccurate or incomplete.

Dated:        New York, New York
              December 26, 2007

Yours, etc.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No.: 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

January 16, 2008

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Re:  Eisenberg v. New England Motor Freight, Inc.
Your File No.
Our File No. 07-0008

Dear Sir/Madam:

You were served with Combined Demands, a Demand for Bill of Particulars and various other demands in the instant matter in the month of December, 2007.

To date, there has been no response from your office to these demands.

Examinations before trial were scheduled in this case for January 14, 2008. To avoid unnecessary delay and subsequent motion practice, please respond to the above demands and contact this office for rescheduling the date of the deposition of your client.

Finally, your client was notified immediately after the incident, to preserve the subject truck until we are afforded in opportunity to conduct our inspection of the same. I want to confirm that this request is been honored.

Very truly yours,

Raphael Weitzman

RW/US

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

February 6, 2008

Todd C Rubenstein
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

                Re: Eisenberg v. New England Motor Freight, Inc.
                Your File No. 100-797
                <u>Our File No. 07-0008</u>

Dear Mr. Rubenstein:

You were served with Combined Demands, a Demand for Bill of Particulars and various other demands in the instant matter on December 26, 2007.

We are in receipt of your response to all the demands. Please be advised that your responses are gravely deficient in content and hence, unacceptable.

Examinations before trial were scheduled in this case for January 14, 2008 in order to conduct said depositions in an expedited manner as the result of Plaintiff's worsening health condition which we have advised you of and you were on notice of, as a result of your view of Plaintiff's medical records. To avoid unnecessary delay and subsequent motion practice, please respond fully to the above demands and contact this office for rescheduling the date of the deposition of our clients.

Finally, your client was notified immediately after the incident, to preserve the subject truck until we are afforded in opportunity to conduct our inspection of the same. Please advise us of the next available date to conduct an inspection of the subject truck.

                Very truly yours,

Raphael Weitzman

RW/US

# EXHIBIT E

Index No. 150522/07
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

Plaintiff(s),

-against-

NEW ENGLAND MOTOR FREIGHT, INC. and AUDRAY HEMRAJ,

Defendant(s).

## RESPONSE TO CASE SCHEDULING ORDER

### ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG, FORMATO & EINIGER, LLP
*Attorneys for Defendants, New England Motor Freight, Inc. and Audray Hemraj*
*Office and Post Office Address, Telephone*
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300
TELEFAX: (516) 328-6638

To
Attorney(s) for

Service of a copy of the within                    is hereby admitted.
Dated,

..............................................................
Attorney(s) for

Sir: — Please take notice

**NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    19

**NOTICE OF SETTLEMENT**
that an order          of which the within is a true copy will be presented for settlement to the HON.                    one of the judges
of the within named court, at                    on          19    at    M.
Dated

Yours, etc.

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
*Attorneys for*

To

*Office and Post Office Address*
1111 Marcus Avenue
SUITE 107
Lake Success, New York 11042

Attorney(s) for

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X  Index No.: 150522/07
MAGDA EISENBERG,

<div align="center">Plaintiff,</div>

-against-

<div align="right">**RESPONSE TO CASE**
**SCHEDULING ORDER**</div>

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

<div align="center">Defendants.</div>

-----------------------------------------------------------------X

Defendants, **NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ**

(s/h/a AUDRAY HEMRAJ), by their attorneys, **ABRAMS, FENSTERMAN, FENSTERMAN,**

**EISMAN, GREENBERG, FORMATO & EINIGER, LLP,** as for their Response to the Case

Scheduling Order dated January 2, 2008, state as follows, upon information and belief:

### NAMES AND ADDRESSES OF ALL WITNESSES:

Terry Mohamed, 204 East 112th Street, Apt. 26, New York, New York 10029; Edwin

Irizarry, 564 Liberty Avenue, Apt. 1B, Brooklyn, New York and Andre Hemraj c/o New

England Motor Freight, Inc., 1-71 North Avenue East, Elizabeth, New Jersey 07201.

### DISCOVERY AND INSPECTION OF ANY STATEMENT

Defendants are not currently in possession of any statements made by Plaintiff.

### INSURANCE COVERAGE INFORMATION:

We are advised that at the time of the alleged accident, defendants were insured under a

policy issued by Discover Property & Casualty Insurance Company, assigned policy number

D001A00323. See Common Policy Declarations attached hereto.

## PHOTOGRAPHS

Defendants are not currently in possession of any photographs of the subject accident.

Defendants reserve their right to supplement and amend this response if and when additional information becomes available up and until the time of trial.

Dated: Lake Success, New York
        January 8, 2008

Yours, etc.

By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman, Greenberg,
Formato & Einiger, LLP
Attorneys for Defendants
NEW ENGLAND MOTOR FREIGHT, INC. AND
ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

To:    RAPHAEL WEITZMAN
       Weitzman Law Offices, LLC
       Attorneys for Plaintiff(s)
       MAGDA EISENBERG
       110 Wall Street
       Eleventh Floor
       New York, NY 10005
       212-248-5200

2

JAN-08-2008 TUE 11:23 AM NEMF CORPORATE OFFICES    FAX NO. 19089651894    P. 02



| | Policy Number: D001A00323 |
| --- | --- |
| **COMMON POLICY DECLARATIONS** | Company Code: |
| | Renewal of: D001A00300 |

## DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY

(A Member of the St. Paul Travelers Companies)
A STOCK INSURANCE COMPANY
Home Office: Chicago, Illinois
Principle Administration Offices: 385 Washington Street, St. Paul, MN 55102 Phone: 1.800.878.2660

| NAMED INSURED AND MAILING ADDRESS | AGENT NAME AND ADDRESS |
| --- | --- |
| New England Motor Freight, Inc. et al per Endt #1 | Discovery Managers, Ltd. |
| 1-71 North Avenue East | 5 Batterson Park Rd. |
| Elizabeth, New Jersey 07201 | Farmington, CT 06032 |
| | AGENT NO. |

POLICY PERIOD: FROM  04/10/2007  TO 04/10/2008   AT 12:01 A.M. TIME AT YOUR MAILING ADDRESS SHOWN ABOVE.

BUSINESS DESCRIPTION:

FORM OF BUSINESS:    Corporation

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE WILL
PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. WHERE NO
PREMIUM IS SHOWN, THERE IS NO COVERAGE. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| COVERAGE PART(S) | PREMIUM |
| --- | --- |
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Auto (Business or Truckers) Coverage Part | $ ▮▮▮ |
| Commercial Garage Coverage Part | $ |
| Businessowners Coverage Part | $ |
| Commercial Liability Umbrella Coverage Part | $ |
| | **TOTAL :** $ ▮▮▮ |
| Taxes/surcharges from UC 5005 0199 (in addition to Premium shown above) | $ |

FORMS AND ENDORSEMENTS
FORM(S) AND ENDORSEMENT(S) MADE A PART OF THE POLICY AT TIME OF ISSUE:

See Listing of Forms and Endorsements Forming a Part of This Policy.

Countersigned:
Date: _____    By: _____
                                        Authorized Representative

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY
CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE
NUMBERED POLICY.

UC 10 10 07 05                                                    ISSUE DATE:

JAN-08-2008 TUE 11:24 AM NEMF CORPORATE OFFICES    FAX NO. 19089651894    P. 10

Policy Number D001A00323

TRUCKERS DECLARATIONS
# DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY

**ITEM ONE**                                         Effective Date: 04/10/2007

Named Insured    New England Motor Freight, Inc.                12:01 A.M. Standard Time

Agent Name    Discovery Managers, Ltd.                      Agent No.

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**

This Policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Truckers Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Truckers Coverage Form shows which autos are covered autos) | LIMIT | | PREMIUM |
|---|---|---|---|---|
| Liability | 51 | $5,000,000 | | |
| Personal Injury Protection (or equivalent No-Fault Coverage) | 52 | Separately Stated In Each P.I.P. Endorsement Minus $ deductible | | $Included |
| Added Personal Injury Protection (or equivalent Added No-Fault coverage) | | Separately Stated In Each Added P.I.P. Endorsement. $ | | $ |
| Property Protection Insurance (Michigan Only) | 52 | Separately Stated In The P.P.I. Endorsement Minus $ deductible For Each "Accident" | | $Included |
| Medical Payments | | $ | | $ |
| Medical Expense and Income Loss Benefits (Virginia only) | | Separately Stated In Each Medical Expense and Income Loss Benefits Endorsement | | $ |
| Uninsured Motorists | 53 | $See endorsements. | | $Included |
| Underinsured Motorists (when not included in Uninsured Motorists coverage) | 53 | $See endorsements. | | $Included |
| Trailer Interchange Comprehensive Coverage | 48 | Actual Cash Value, Cost of Repair or $75,000 Whichever is less, Minus $75,000 Deductible For Each Covered "Auto" | | $Included |
| Trailer Interchange Specified Causes of Loss Coverage | | Actual Cash Value, Cost of Repair or $ Whichever is Less Minus $ Deductible For Each Covered "Auto". For "Loss" Caused By Mischief or Vandalism | | $ |
| Trailer Interchange Collision Coverage | 48 | Actual Cash Value, Cost of Repair or $75,000 Whichever is less, Minus $ 75,000 Deductible For Each Covered "Auto" | | $Included |
| Physical Damage Comprehensive Coverage | | Actual Cash Value Or Cost Of Repair, Whichever is Less, Minus | $ Deductible For Each Covered "Auto", But No Deductible Applies To "Loss" Caused By Fire Or Lightning.** | $ |
| Physical Damage Specified Causes Of Loss Coverage | | | $ Deductible For Each Covered "Auto", For "Loss" Caused By Mischief or Vandalism. ** | $ |
| Physical Damage Collision Coverage | | | $ . Deductible For Each Covered "Auto"** | $ |
| Physical Damage Towing and Labor | | $ For Each Disablement Of A Private Passenger "Auto." | | $ |
| | | | PREMIUM FOR ENDORSEMENTS | $ |
| | | | *TOTAL ESTIMATED PREMIUM | |

Endorsements attached to this Policy:
See Listing of Forms and Endorsements Forming a Part of This Policy.
*This policy may be subject to final audit.    **See ITEM FOUR for hired or borrowed "autos."

UA 10 12A 03 06

# EXHIBIT
# F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 08 CV 01469

------------------------------------------------------------x

MAGDA EISENBERG,

                             Plaintiff(s),

   -against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                          Defendant(s).

------------------------------------------------------------x

**NOTICE OF REMOVAL**

Docket No.:

To:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF NEW YORK

     This Notice of Removal on behalf of defendant NEW ENGLAND MOTOR
FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ) respectfully shows:

     1.    On or about November 8, 2007 an action was commenced against
defendant NEW ENGLAND MOTOR FREIGHT, INC. and AUDRAY HEMRAJ in the
Supreme Court of the State of New York, New York County for <u>unspecified damages,</u>
which action is entitled above. *Copies of the Summons and Verified Complaint and
Supplemental Summons and Amended Verified Complaint are attached hereto and
marked as Exhibits "A" and "B" respectively.*

     2    On or about December 10, 2007 defendants NEW ENGLAND MOTOR
FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY
HEMRAJ) served their Notice of Appearance and Verified Answer with Affirmative
Defenses. *Copies of the Notice of Appearance and Verified Answer with Affirmative
Defenses is attached hereto and marked as Exhibit "C".*

3.    On February 8, 2008, plaintiff's counsel personally served upon the undersigned a Response to CPLR 3107(c) Supplemental Demand setting forth for the first time her claimed damages of One Hundred Million ($100,000,000.00) Dollars, together with costs and disbursements, making this case eligible for Removal to this Court. *The Demand and Plaintiff's Response to Supplemental Demand are attached hereto and marked as Exhibits "D" and "E" respectively[1].*

4.    The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C. §1441 in that the matter in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.    As set forth in the Verified Complaint and Amended Verified Complaint, plaintiff is a resident of the State of New York. As further set forth, defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and still is, a corporation organized under the laws of the State of New Jersey and having its principal address at 1-71 North Avenue East, Elizabeth, New Jersey 07201 and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) was and still is a resident of the State of New Jersey. See Exhibits "A" and "B". The parties have complete diversity.

6.    There have been no proceedings held in the Supreme Court of the State of New York-New York County with regard to this matter, except for a Case Scheduling Order and discovery conference, resulting in an Order, copies of which are annexed hereto as Exhibits "G" and "H", respectively.

---

[1] The Response was also mailed to our office, in an envelope postmarked February 11, 2008. Exhibit "F".

**WHEREFORE**, defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ) request that this

action now pending against it in the Supreme Court of the State of New York, New York

County, be removed therefrom to this Court.

Dated: Lake Success, New York
      February 12, 2008

                Yours etc.,

                ABRAMS, FENSTERMAN,
                FENSTERMAN, EISMAN, GREENBERG,
                FORMATO & EINIGER, LLP

                BY:_____
                TODD C. RUBENSTEIN (TR-8884)
                Attorneys for Defendants
                NEW ENGLAND MOTOR FREIGHT,
                INC. and ANDRE HEMRAJ (improperly
                sued herein as AUDRAY HEMRAJ)
                1111 Marcus Avenue
                Suite 107
                Lake Success, New York 141042
                516-328-2300

TO:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

07007691

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendants.
-----------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
60th Street at the Intersection
of Second Avenue
New York, New York
County. City and State of New
York

**To the above named Defendants:**

        **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              November 7, 2007

                                        RAPHAEL WEITZMAN
                                        Weitzman Law Offices, L.L.C.
                                        Attorneys for Plaintiff(s)
                                        MAGDA EISENBERG
                                        110 Wall Street
                                        Eleventh Floor
                                        New York, New York 10005
                                        212-248-5200
                                        Our File No. 07-0008

TO:

AUDRAY HEMRAJ
Defendant

ALBANY COUNTY
SHERIFF'S OFFICE

2007 DEC 10 P 12: 57

JAMES L. CAMPBELL

108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

Index No.: 150522/2007

                       Plaintiff,

**VERIFIED COMPLAINT**

         -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                       Defendants.
-----------------------------------------------------------------------X

Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the

Defendants, respectfully alleges, upon information and belief:

      1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a

resident of the State of New York.

      2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR**

**FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East

Elizabeth, New Jersey, 07201.

      3.     That on information and belief at all times hereinafter mentioned the Defendant

**NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly

organized and existing under and by virtue of the laws of the State of New Jersey licensed in the

State of New York with its principal place of business being 108 South Franklin Avenue, Suite ,

Valley Stream, New York 11580.

      4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a

resident of the State of New Jersey.

5.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.    At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.     That on October 22, 2007, 60th Street and its intersection with Second Ave were public thoroughfares.

18.     That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.     That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.     That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.     That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.     That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:        New York, New York
              November 7, 2007

YOURS, ETC.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005

212-248-5200
Our File No. 07-0008

## ATTORNEY'S VERIFICATION

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **COMPLAINT** and know the contents thereof, and the same

are true to my knowledge, except those matters therein which are stated to be alleged upon

information and belief, and as to those matters I believe them to be true. My belief, as to those

matters therein not stated upon knowledge, is based upon facts, records, and other pertinent

information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county

wherein I maintain my offices.


DATED:      New York, New York
            November 7, 2007

                                    _____
                                    RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                              Plaintiff(s),

            -against-


New England Motor Freight, Inc. &
Audray Hemraj

                              Defendant(s).


## SUMMONS AND VERIFIED COMPLAINT


### Weitzman Law Offices, L.L.C.
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**


TO:

AUDRAY HEMRAJ
Defendant
108 Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MAGDA EISENBERG,

                                        Plaintiff,

                    -against-

New England Motor Freight, Inc. &
Audray Hemraj,

                                        Defendants.
-------------------------------------------------------------------X

Index No.: 150522/2007
Date Purchased 11/8/2007
**SUPPLEMENTAL
SUMMONS**

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Incident Location

Incident Location
Second Avenue at the
Intersection of 60th Street
New York, New York
County. City and State of New
York

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day
of service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:        New York, New York
              November 15, 2007

                                        RAPHAEL WEITZMAN
                                        Weitzman Law Offices, L.L.C.
                                        Attorneys for Plaintiff(s)
                                        MAGDA EISENBERG
                                        110 Wall Street
                                        Eleventh Floor
                                        New York, New York 10005
                                        212-248-5200
                                        Our File No. 07-0008

TO:

AUDRAY HEMRAJ

Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave.,Suite 1
Valley Stream, NY 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

Index No.: 150522/2007

                           Plaintiff,

**AMMENDED VERIFIED COMPLAINT**

             -against-

New England Motor Freight, Inc. &
Audray Hemraj.

                        Defendants.
-----------------------------------------------------------------------X

       Plaintiff, by her attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

       1.     At all times herein mentioned, Plaintiff **MAGDA EISENBERG** was, and still is a resident of the State of New York.

       2.     At all times herein mentioned, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey with its principal address of 1-71 North Ave East Elizabeth, New Jersey, 07201.

       3.     That on information and belief at all times hereinafter mentioned the Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** was, and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of New Jersey licensed in the State of New York with its principal place of business being 108 South Franklin Avenue, Suite , Valley Stream, New York 11580.

       4.     At all time herein mentioned, Defendant **AUDRAY HEMRAJ** was, and still is a resident of the State of New Jersey.

5.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLND MOTOR FREIGHT, INC.** owned a motor vehicle bearing license plate number T27328, New Jersey.

6.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle.

7.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the permission of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

8.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

9.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated the aforesaid motor vehicle with the consent of its owner, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

10.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated said motor vehicle bearing license plate number T27328, New Jersey within the scope of his employment with Defendant **NEW ENGLAND MOTOR FREIGHT, INC.**.

11.     At All Times Herein Mentioned, And On October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** maintained the aforesaid motor vehicle.

12.     At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** maintained said motor vehicle.

13.     At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** managed the aforesaid motor vehicle.

14.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** managed the aforesaid motor vehicle.

15.    At all times herein mentioned, and on October 22, 2007, Defendant **NEW ENGLAND MOTOR FREIGHT, INC.** controlled the aforesaid motor vehicle.

16.    At all times herein mentioned, and on October 22, 2007, Defendant **AUDRAY HEMRAJ** controlled the aforesaid motor vehicle.

17.    That on October 22, 2007, Second Avenue and its intersection with 60th Street were public thoroughfares.

18.    That on October 22, 2007, Defendant **AUDRAY HEMRAJ** operated and controlled said motor vehicle bearing license plate number T27328, New Jersey at or about the above-mentioned location.

19.    That on October 22, 2007, Plaintiff **MAGDA EISENBERG** was a lawful pedestrian at the above-mentioned location.

20.    That on October 22, 2007 at the aforementioned location, the motor vehicle owned by **NEW ENGLAND MOTOR FREIGHT, INC.** and operated by Defendant **AUDRAY HEMRAJ** came into contact with the Plaintiff **MAGDA EISENBERG** at the above-mentioned location.

21.    That as a result of the aforesaid contact, Plaintiff **MAGDA EISENBERG** was injured.

22.    That the above-stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendants' agents, servants, employees

3

and/or licensees in the ownership, operation, management, maintenance and control of their said motor vehicle.

23.    Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24.    That Plaintiff **MAGDA EISENBERG** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York and loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

25.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

26.    That by reason of the foregoing, Plaintiff **MAGDA EISENBERG** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:       New York, New York
             November 15, 2007

                                        YOURS, ETC.,

                                        RAPHAEL WEITZMAN
                                        Weitzman Law Offices, L.L.C.
                                        Attorneys for Plaintiff(s)
                                        MAGDA EISENBERG
                                        110 Wall Street
                                        Eleventh Floor
                                        New York, New York 10005

4

212-248-5200
Our File No. 07-0008

**ATTORNEY'S VERIFICATION**

RAPHAEL WEITZMAN, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury: I am an

attorney at WEITZMAN LAW OFFICES, L.L.C., attorneys of record for Plaintiff, Magda

Eisenberg. I have read the annexed **AMMENDED COMPLAINT** and know the contents

thereof, and the same are true to my knowledge, except those matters therein which are stated to

be alleged upon information and belief, and as to those matters I believe them to be true. My

belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and

other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I

maintain my offices.


DATED:    New York, New York
          November 15, 2007

RAPHAEL WEITZMAN

6

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGDA EISENBERG,

                                        Plaintiff(s),

            -against-

New England Motor Freight, Inc. &
Audray Hemraj

                                        Defendant(s).

### SUPPLEMENTAL SUMMONS AND AMMENDED VERIFIED COMPLAINT

**Weitzman Law Offices, L.L.C.**
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

TO:

AUDRAY HEMRAJ
Defendant
108, Sycamore Road
Jersey City, NJ 07305

NEW ENGLAND MOTOR FREIGHT, INC.
Defendant
108, South Franklin Ave., Suite 1
Valley Stream, NY 11580

.

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X   Index No.: 150522/07
MAGDA EISENBERG,

|                | Plaintiff, | **NOTICE OF APPEARANCE** |
|----------------|------------|-------------------------|

                                       Plaintiff,        **NOTICE OF APPEARANCE**
                                                        **AND VERIFIED ANSWER**
                                                        **WITH AFFIRMATIVE DEFENSES**

    -against-

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                                         Defendants.
-----------------------------------------------------------X

     **PLEASE TAKE NOTICE,** that the above-named defendants, NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ (improperly sued herein as AUDRAY HEMRAJ), hereby appear in this action and that the undersigned have been retained as attorneys for said defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

     **PLEASE TAKE FURTHER NOTICE,** that said defendants hereby interpose the following verified answer to the plaintiff's Amended Verified Complaint dated November 15, 2007:

     1.     Defendants deny information and/or knowledge sufficient to form a belief as to the allegations contained in paragraphs marked "1", and "17" of plaintiff's Amended Verified Complaint, and therefore deny same.

     2.     Defendants deny each and every allegation contained in paragraphs marked "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "18", "19", "20", "21", "22", "23" and "26" of plaintiff's Amended Verified Complaint.

3.      Defendants deny each and every allegation contained in paragraph marked "3" of plaintiff's Amended Verified Complaint, except admit that NEW ENGLAND MOTOR FREIGHT, INC. is a foreign corporation authorized to do business in the State of New York.

4.      Defendants deny each and every allegation contained in paragraphs marked "24" and "25" of plaintiff's Amended Verified Complaint, and leave all questions of law to the Court.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

5.      The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

6.      The amended verified complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

7.      That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

8.      The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

9.     The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and her exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

10.     The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

11.     The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in her complaint.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

12.     Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superseding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

13.     There is a lack or jurisdiction over the person of these answering defendants by reason of failure to issue process and/or insufficiency of process and/or insufficiency of service of process. Therefore, the right to move for dismissal is reserved.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

14.     Plaintiff's complaint must be dismissed or transferred for forum non-convenience and/or improper venue.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

15.     That any injuries and/or damages sustained by plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable

conduct of plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AND AS FOR A TENTH AFFIRMATIVE DEFENSE

16.    The answering defendant(s), allege(s), upon information and belief, that whatever injuries and/or damages were sustained by the plaintiffs at the time and place alleged in the Complaint were in whole or in part the result of the culpable conduct of the plaintiffs.

17.    That the plaintiff(s) herein were guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars Plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff(s) was caused in whole or in part by the assumption of risk of the plaintiff.

## AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE

18.    The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.    These defendants reserve their right to amend their answer and the attached affirmative defenses, supplement and/or change same upon completion of the appropriate investigation and discovery.

4

**WHEREFORE**, defendants, NEW ENGLAND MOTOR FREIGHT, INC. and ANDRE

HEMRAJ (improperly sued herein as AUDRAY HEMRAJ), demand judgment against plaintiff

dismissing the Amended Verified Complaint against these defendants, together with all costs,

fees and disbursements of this action.

Dated: Lake Success, New York
      December 10, 2007

                      Yours, etc.

                      By: Todd C. Rubenstein
                      Abrams, Fensterman, Fensterman, Eisman, Greenberg,
                      Formato & Einiger, LLP
                      Attorneys for Defendants
                      NEW ENGLAND MOTOR FREIGHT, INC. AND
                      ANDRE HEMRAJ (improperly sued herein as AUDRAY
                      HEMRAJ)
                      1111 Marcus Avenue, Suite 107
                      Lake Success, New York 11042
                      (516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

## VERIFICATION

State of New York

              ss.:

County of Nassau

    I, Todd C. Rubenstein, Esq., being duly sworn, state:

    I am an attorney for defendants in this action. The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendants and interviews with officers and employees of defendant corporation. This verification is not made by defendant corporation because it is a foreign corporation.

                              Todd C. Rubenstein

Dated: December 10, 2007

6

AFFIDAVIT OF MAILING

STATE OF NEW YORK  )

                           ss.:

COUNTY OF NASSAU  )

           CAMI NEGUS, duly sworn, deposes and says that:

        1.      I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

        2.      On the 10th day of December, 2007, I served the within NOTICE OF APPEARANCE AND VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

                RAPHAEL WEITZMAN
                Weitzman Law Offices, LLC
                Attorneys for Plaintiff(s)
                MAGDA EISENBERG
                110 Wall Street
                Eleventh Floor
                New York, NY 10005
                212-248-5200

                CAMI NEGUS

Sworn to before me this
10th day of December, 2007

Notary Public

**JOETTA KLOEPPING**
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Index No.: 150522/07
MAGDA EISENBERG,

                            Plaintiff,

                                         **DEMAND FOR**
-against-                                **SUPPLEMENTAL**
                                         **DEMAND FOR RELIEF**
NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                          Defendants.
------------------------------------------------------------X

**SIR/MADAM(S):**

       Pursuant to CPLR 3017(c), defendants NEW ENGLAND MOTOR FREIGHT, INC. and

ANDRE HEMRAJ (s/h/a AUDRAY HEMRAJ), request that within fifteen (15) days of the date

of this demand, the plaintiff MAGDA EISENBERG serves a supplemental demand for relief

setting forth the total damages to which she deems herself entitled.

Dated: Lake Success, New York
       January 7, 2008

                                Yours, etc.

                                _____
                                By: Todd C. Rubenstein
                                Abrams, Fensterman, Fensterman, Eisman, Greenberg,
                                Formato & Einiger, LLP
                                Attorneys for Defendants
                                NEW ENGLAND MOTOR FREIGHT, INC. AND
                                ANDRE HEMRAJ (improperly sued herein as AUDRAY
                                HEMRAJ)
                                1111 Marcus Avenue, Suite 107
                                Lake Success, New York 11042
                                (516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

## AFFIDAVIT OF MAILING

STATE OF NEW YORK  )

                      ss.:

COUNTY OF NASSAU  )

         CAMI NEGUS, duly sworn, deposes and says that:

      1.     I am not a party to the within action, am over 18 years of age, and reside in Albertson, New York.

      2.     On the 9th day of January, 2008, I served the within **DEMAND FOR SUPPLEMENTAL DEMAND FOR RELIEF** by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

         RAPHAEL WEITZMAN
         Weitzman Law Offices, LLC
         Attorneys for Plaintiff(s)
         MAGDA EISENBERG
         110 Wall Street
         Eleventh Floor
         New York, NY 10005
         212-248-5200

                                      CAMI NEGUS

Sworn to before me this
9th day of January, 2008

Notary Public

**JOETTA KLOEPPING**
Notary Public, State of New York
No. 30-4764166
Qualified in Nassau County
Commission Expires March 30, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MAGDA EISENBERG,

<div align="center">Plaintiff,</div>

<div align="center">-against-</div>

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

<div align="center">Defendants.</div>

-------------------------------------------------------------------X

**DEMAND FOR RELIEF**

Index No. 150522/2007

 

**PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and disbursements of this action.

Dated:        New York, New York
                 January 29, 2008

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

(516) 328-2300

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Weitzman Law Offices LLC
110 Wall St, 11th Fl
New York, NY 10005-3817

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

                                             Plaintiff,

                        -against-                                    **DEMAND FOR RELIEF**

NEW ENGLAND MOTOR FREIGHT, INC.&                          Index No. 150522/2007
AUDRAY HEMRAJ,

                                             Defendants.

-----------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that the Plaintiff demands judgment against the Defendants

herein, in an amount of $100,000,000 (Hundred Million Dollars), together with the costs and

disbursements of this action.


Dated:           New York, New York
                 January 29, 2008

                                     Yours, etc.,


                                     RAPHAEL WEITZMAN
                                     Weitzman Law Offices, L.L.C.
                                     Attorneys for Plaintiff(s)
                                     MAGDA EISENBERG
                                     110 Wall Street
                                     Eleventh Floor
                                     New York, New York 10005
                                     212-248-5200
                                     Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

1

(516) 328-2300

Index No. 150522/2007
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

Defendants.

_____

## DEMAND FOR RELIEF

_____

### Weitzman Law Offices, L.L.C.
*Attorneys for PLAINTIFF(S)*
**110 Wall Street**
**New York, New York 10005**
**212-248-5200**

_____

TO:　　Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

Supreme Court of the State of New York
New York County Courthouse
80 Centre Street
New York, New York 10013
## DIFFERENTIATED CASE MANAGEMENT PROGRAM

PRESENT: HON. DEBORAH A. KAPLAN                    PART 22-DCM

                                                                Jan 02, 2008

To: ABRAMS FENSTERMAN FENSTERMAN/          (For Defendant)
    1111 MARCUS AVENUE - SUITE 107
    LAKE SUCCESS, N. Y.  11042

                                                        Index # 0150522/2007

EISENBERG, MAGDA                    ,PLAINTIFF

        V

NEW ENGLAND MOTOR                   ,DEFENDANT

                                                    1
# CASE SCHEDULING ORDER

A request for a preliminary conference having been filed or the court having taken action on its own initiative,

IT IS HEREBY ORDERED that this case is designated an Expedited matter (Uniform Rule 202.19 (b)) and disclosure not already furnished shall proceed in accordance with the deadlines set forth below. However, a party claiming to be prejudiced by this order may, after consulting opposing counsel, seek a modification of the Expedited designation or the schedule by contacting Tammy M. Harwood, Case Management Coordinator, at the Case Management Office (by phone at 646-386-3682, **fax at 212-374 -1842** , or e-mail to Tharwood@courts.state.ny.us) by **January 22, 2008**. That Office will provide an opportunity to the parties to be heard on the request by telephone or court conference and the court will take such action as is appropriate. Failure to contact the Office within the said deadline shall constitute a waiver of any objection to the designation or schedule. The parties shall not in the first instance contact the Justice assigned.

## NONE OF THE DATES IN THE ORDER MAY BE EXTENDED WITHOUT ADVANCE APPROVAL BY THE COURT.    All requests for extensions shall be directed to the Case Management Office in the first instance.

(1) Mandatory Notification:  The attorney who receives a copy of this Order shall, within ten days from receipt, transmit a copy to counsel for all parties who have appeared in the case and to all self-represented litigants and shall, by **January 15, 2008**, return to the Case Management Office an original by mail or a copy by fax of an affidavit of service or a letter setting forth the dates the parties were served.

(2) Insurance Information:  All parties shall exchange insurance and coverage information by **January 29, 2008**.

(3) Bill of Particulars:  A demand shall be served by **January 22, 2008**.  A bill(s) shall be served by **february 05, 2008.**

(4) Authorizations: Authorizations for **HIPAA compliant** medical records and for employment records for two years prior to the accident shall be served by **January 29, 2008.**

1    This is a conformed copy. The original order has been or will be filed with the County Clerk .

Index # 0150522/2007 Case of EISENBERG, MAGDA        vs. NEW ENGLAND MOTOR

(5) Witness and Other Information: All parties shall exchange statements of opposing parties, photographs, and the names and addresses of all fact witnesses by **February 05, 2008.** If any of these items do not exist, the parties shall serve by that date an affirmation clearly so specifying.

(6) Depositions: All depositions must be completed by **April 22, 2008.** Plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption. Within 20 days from service of a copy of this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. If a witness thereafter is unable to appear as scheduled, the parties shall confer and attempt to agree upon a resolution of the problem, including, if necessary, an alternative schedule or order of production. However, absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above.

(7) Demands for Documents: Demands for documents shall be served no later than 10 days after completion of depositions and shall be responded to within 20 days from service.

(8) Physical Examinations and Reports (Uniform Rule 202.17): Physical examination(s) of the plaintiff shall be completed by **June 10, 2008.** The examining party shall notify all other parties of the identity of the examining physician at least 20 days prior to said examination. Copies of medical reports shall be served by plaintiff at least 15 days prior to said examination. A copy of the report of the examining physician shall be served on all parties within 21 days of said examination.

(9) Other Disclosure: All other disclosure shall be completed by **June 24, 2008.**

(10) Impleader: Shall be completed by **June 24, 2008.**

(11) Mandatory Compliance Conference: Will be held on **July 07, 2008** at **9:30 am** at **80 Centre Street , Room 103.**

(12) Note of Issue: Shall be filed on or before **July 14, 2008.**

(13) Summary Judgment Motions: Summary judgment motions shall be made no later than **60 days** after filing of the note of issue (CPLR 3212 (a)).

## RESOLUTION OF DISPUTES/PENALTIES FOR NON-COMPLIANCE

**If disputes arise about compliance with this Order, the parties shall promptly confer in an effort to resolve them. If that effort fails, the parties shall immediately, in advance of deadlines and prior to initiating motion practice, bring the dispute to the attention of the Case Management Office (not the assigned Justice) and shall participate in any telephonic or court conference that Office may require. Absent good cause, failure to raise discovery problems with that Office immediately, in advance of deadlines, other non-compliance with this Order, or failure to comply with any Disclosure Reminder Notice transmitted by that Office may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of an answer, costs, sanctions, and attorney's fees. Counsel should be particularly aware that penalties may be imposed in the event of the failure of a defendant to give notice of, designate a physician for, schedule, or conduct an examination of plaintiff as set forth herein, the failure of said defendant to serve a report as set forth herein, the failure of plaintiff to appear at an examination as required, and the failure of a party to schedule or attend a deposition.**

_Deborah A. Kg_

J.S.C.

**Jan 02, 2008**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MAGUA  IISIHOING

NEME V ET AL

INDIVIDUAL ASSIGNMENT PART _____

~~STIPULATION~~ ORDER

INDEX NO. 150577/07

MOTION CALENDAR NO.

DATE 2/8/08

ORDERED

IT IS HEREBY ~~STIPULATED AND AGREED by and between the below-named attorney(s)~~ as follows:

Counsel for plaintiff has represented that plaintiff is age 85 years-old and her physician asserts that she is totally ill. Counsel has requested this DCM conference in compliance with Hon. D.A. Kaplan's Part Rule 2A requiring same prior to plaintiff's intended motion to expedite all discovery of order dated 1/2/08.

Date: 2/8/08

So Ordered.

ENTER: Deborah A. Kg
_____
J.S.C.

Attorney for Plaintiff
_____

Attorney for Defendant
_____

Attorney for Defendant
_____

SC-8G (rev 2/86)