# WEITZMAN LAW OFFICES, L.L.C.

```
┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____          │
│ DATE FILED: 3-11-08         │
└─────────────────────────────┘
```

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

March 7, 2008

Hon. Victor Marrero
United States Courthouse
500 Pearl Street Suite 660
New York, New York 10007

        Re: Eisenberg v. New England Motor Freight, Inc. Et.
        Al.
        Civil File No. 08CV1469
        <u>Our File No. 07-0008</u>

Your Honor:

      All counsels in the above captioned action have reached an impasse concerning Discovery

issues cited below in the above referenced action.

      Plaintiff's counsel contends as follows:

1. Defendants were served with various Discovery Demands on December 26, 2007.

2. Defendants have not furnished adequate responses to Plaintiff's various demands and
   have not produced their client for their noticed deposition and have not requested any
   adjournment.

3. Defendants have objected to certain demands on January 23, 2008 contending that such
   demands are either not relevant to the subject matter of the case or they are overly
   burdensome. These objections pertain to the following demands,

- Copies of all the maintenance records or service reports of the Defendant(s)' vehicle involved in the accident on October 22, 2007 for a period of one year prior to the date of the occurrence. Inspection, maintenance and repair records for the one-year period preceding the accident and the six-month period subsequent to the accident.

- Name and address of the Service Centre that maintains and services the Defendant(s)' vehicle.

- Physical Inspection Of the vehicle involved in the incident on October 22, 2007.

- Daily inspection reports for the three-month period preceding the accident.

- Annual inspection report covering the date of the accident.

- Driver's qualification file and driver's logs for at least the eight-day period preceding the accident.

- Accident registers for the time period preceding the accident.

- Post-accident drug and alcohol tests of the Driver.

- Printouts or data from onboard recording devices.

- Downloadable data from the Electronic Control Module (ECM).

- Bills of lading, weight tickets, hotel receipts, and similar documents for the eight day period preceding the accident.

- Policy and procedure manuals.

- Training documents including audio and video tapes used for the training.

- Demand for vehicle maintenance and repair records.

- All photographs showing the motor vehicles of the Plaintiff(s) or of the Defendant(s) and which were involved in the accident/occurrence taken at any time following the accident/occurrence.

- All records of inspection, maintenance and/or repair of the Defendant(s)' motor vehicle(s) on the date of the occurrence and for a period of one (1) year prior thereto.

The production of Defendants for Deposition as well as full disclosure of the requested documents is essential, especially in light of the denials set forth by Defendant's counsel in the answer served upon this office. Given Defendant's failure to comply with the Discovery, Plaintiff seeks an Order compelling said discovery or in the alternative striking defendants pleadings.

Plaintiffs counsel sent a proposed joint letter on March 3, 2008 to the Defendants' counsel requesting their input for joint letter to be submitted pursuant to Judge's rules and to date have received the following written reply from defendant's counsel.

"Defendants have complied with all relevant discovery demands, and discovery schedules set by the Court from which this Case has been removed. There have been no schedules set by Judge Marrero or the Magistrate Judge. Defendants have also offered to have the subject truck available for inspection in Elizabeth, New Jersey without response from Mr. Weitzman. We do not authorize or agree with the content or tone of Mr. Weitzman's proposed letter."

Plaintiff has made a following discovery request initially pursuing CPLR Art.31 and now said discovery is due pursuant to FRCP 26, 34 and 37.

We respectfully request that this court assist us in resolving the current impasse.

Thank you,

The parties are directed to address the matter set forth above to Magistrate Judge Debra Freeman to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

SO ORDERED.

3-11-08
Date

VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

RAPHAEL WEITZMAN

RW/ks

Cc:     Todd Rubenstein, Esq.
        Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
        1111 Marcus Avenue, Suite 107
        Lake Success, NY 11042