UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MAGDA EISENBERG,

                        Plaintiff,

       -against-                               **MEMORANDUM OF LAW**

NEW ENGLAND MOTOR FREIGHT, INC.&        Civil Action File No.:
ANDRE HEMRAJ,                                     08CV1469

                        Defendants.
------------------------------------------------------------------------X

       Raphael Weitzman, an attorney duly admitted to practice in the State of New York, respectfully affirms the truth of the following statement under penalty of perjury and pursuant to Section 2106 of the CPLR;

1.    I am a member of the firm of the Weitzman Law Offices, L.L.C. attorneys for the Plaintiffs herein.

2.    Your deponent makes this memorandum in support of a Motion pursuant to Section 50-e, subd. 5, of the General Municipal Law of the State of New York, for leave to file and serve a notice of claim for personal injury against the City of New York after the statutory period for a notice of claim to be filed pursuant to Section 50-e, subd. 1 has expired and pursuant to Rule 15 of FRCP, for leave to amend the foregoing pleading.

3.    This action was brought to recover for personal injuries sustained by the Plaintiff, Magda Eisenberg.

4.    A notice of claim against the Defendant was filed or served however after the 90-day period for filing and serving it as provided for by statute.

5.    The facts and circumstances surrounding the failure to file a claim within a time period provided for by law are as follows:

The Notice of Claim was not filed as this office was not aware of the presence of the agents of New York City Police Department at the incident location and their possible contribution to the incident. We recently discovered this possible contribution and made the foregoing motion upon said discovery. We are attempting to file the Notice of Claim only 40 days past the filing deadline.

6.   General Municipal Law section 50-e-5 states the criteria for applying for leave to serve late notice of claim:

Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.

I shall address each of the criteria for granting leave to serve late notice of claim below.

7.   The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation.

The time limited for commencement of the action has not passed yet. Pursuant to the applicable statute, Plaintiff has a year and ninety days from the date of incident October 22, 2007 to make an application for leave to file late notice of claim, a time period that has not yet passed.

8. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter.

City of New York via the New York City Police Department controlled and directed the traffic at the incident location immediately prior to, during and after the incident. City of New York via the New York City Police Department investigated the incident location immediately after the incident. Notice of claim is being filed only 40 days past the filing deadline.

9. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim.

The Plaintiff has been incapacitated and hospitalized following the date of the incident.

10. Whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.

The delay in serving the notice of claim in no way is prejudicial to the City of New York in maintaining its defense on the merits. The City of New York via its agents and employees controlled and directed the traffic at the incident location, prior to and at the time of the incident.

11. In determining whether to permit the filing of a late notice of claim, the presence or absence of any one factor is not determinative, and the absence of a reasonable excuse for delay is not necessarily fatal for the application. Chattergoon v. N.Y.C. Housing Authority, 197 A.D.2d 397, 602 N.Y.S.2d 381 (1st Dep't 1992).

12. Rule 15 of FRCP provides as follows:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

13.     A copy of the claim proposed to be served and filed in connection with this proceeding is hereto annexed (Exhibit A).

14.     No previous application for the relief sought has been made.

WHEREFORE, deponent respectfully requests that an order be made permitting the service of a notice of claim to be made at this time upon the City of New York as provided by the General Municipal Law, the amendment of Complaint as to adding the City of New York to be made at this time and for such other and further relief as the court may deem just in the circumstances.

Dated: New York, New York
       March 12, 2008

                                            _____
                                            Raphael Weitzman
                                            Attorney at Law

-----------------------------------------X
In the Matter of the Claim of

MAGDA EISENBERG
-against-

THE CITY OF NEW YORK

-----------------------------------------X

To:   Comptroller of THE CITY OF NEW YORK
      1 Center St Rm 1200
      New York, New York 10007

1. The name and address of the claimant and claimant's attorneys:

Claimant

Magda Eisenberg
65-65 Wertherool Avenue, Apt. 25
Rego Park, NY 11374

Attorneys

Weitzman Law Offices, L.L.C.
110 Wall Street, 11th Fl
New York, New York  10005
212-248-5200

2. The nature of the claim:

To recover money damages for personal injuries, pain and suffering, medical expenses and related damages incurred by and on behalf of claimant MAGDA EISENBERG by reason of the negligence, recklessness and carelessness of THE CITY OF NEW YORK, its agents, servants, employees and/or licensees.

3. The time when, the place where and the manner in which the claim arose:

At approximately 2:15 p.m. on October 22, 2007 while claimant MAGDA EISENBERG was a lawful pedestrian on the roadway of 60th Street at the intersection of 2nd Ave, County of New York, City of New York, State of New York. Plaintiff MAGDA EISENBERG was headed east on East 60th Street at its intersection with Second Avenue prior to and at the time of the occurrence. The City of New York by New York City Police Department directed the traffic at the incident location prior to and at the time of the occurrence. The claimant was struck by a truck and injured by reason of the negligence, recklessness and carelessness of THE CITY OF NEW YORK, its agents, servants, employees and/or licensees in the ownership, operation, control and maintenance of said roadway in causing, permitting and/or allowing said roadway at the aforementioned location to be, become and remain in a dangerous and hazardous condition, constituting a trap, nuisance and hazard and in failing to properly direct traffic.

      4.      Claimant MAGDA EISENBERG sustained multiple bodily injuries including, but not limited to, fractured pelvis, fractured hip and fractured right shoulder in addition to other injuries which have caused claimant to incur and continue to incur expenses for medical attention and treatment and caused claimant to be absent from employment with a resultant loss therefrom. Claimant MAGDA EISENBERG has suffered damages in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

      The undersigned claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless said claim is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

Dated:    New York, New York
            March 10, 2008

                                        _____
                                        MAGDA EISENBERG

VERIFICATION

STATE OF NEW YORK
COUNTY OF NEW YORK: ss.:

      MAGDA EISENBERG, being duly sworn, deposes and says that deponent is the above named claimant; deponent has read the foregoing NOTICE OF CLAIM and knows its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

                                          MAGDA EISENBERG

Sworn to before me this
10th day of March, 2008.

_____
Notary Public

Weitzman Law Offices, L.L.C.
Attorneys for Claimant
MAGDA EISENBERG
110 Wall Street
New York, New York 10005
212-248-5200

RAPHAEL WEITZMAN
Notary Public - State of New York
No. 02WE...
Qualified in New York...
My Commission Exp...