UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MAGDA EISENBERG,                                Civil Action No.: 08cv01469(VM)

                         Plaintiff(s),

   -against-


NEW ENGLAND MOTOR FREIGHT, INC. &      **MEMORANDUM IN**
AUDRAY HEMRAJ,                         **OPPOSITION TO REMAND**


-----------------------------------------------------------------x

      Defendants New England Motor Freight, Inc. and Andre Hemraj (s/h/a Audray Hemraj) hereby submit the within memorandum, inclusive of Exhibit "A" and accompanying Declarations of Ernest Hardy and Andre Hemraj, in strenuous opposition to plaintiff's Motion for Remand[1].

## I.    PRELIMINARY STATEMENT

      Defendant New England Motor Freight, Inc., an interstate motor carrier, and its employee Andre Hemraj, removed this case from State Court, pursuant to U.S.C.A. § 1441 and § 1332, based upon the complete diversity of citizenship of the parties, and an amount in controversy that well exceeds $75,000.00[2].

      Plaintiff is an admitted New York resident. Both defendants are New Jersey residents. Plaintiff, in her complaint, and all amended complaints, as well as in her moving papers supporting remand, acknowledges that defendant Andre Hemraj is a

---

[1] Subsequent to the instant motion, plaintiff filed an application seeking leave to file a late Notice of Claim against the City of New York which motion shall be vigorously opposed by a separate briefing in accordance with the Court's Local Rules and/or any future briefing schedule.

[2] Plaintiff's Statement of Damages dated January 29, 2008, her first indication of a value on damages, is for One Hundred Million Dollars. The amount in controversy requirement or it timing has not, nor could it be, challenged by plaintiff. *See Plaintiff's Demand for Relief accompanying the Notice of Removal and annexed to plaintiff's moving papers as Exhibit F.*

resident of the State of New Jersey, and that New England Motor Freight, Inc. is a New Jersey Corporation, with its principal place of business at 1-71 North Avenue East, Elizabeth, New Jersey 07201. *See at least paragraphs 2 & 4 of plaintiff's verified complaint and amended verified complaint dated November 15, 2007 annexed to plaintiff's moving papers as Exhibit A, and plaintiff's Memorandum of Law[3]*. Moreover, plaintiff annexed to her moving papers a record from the New York State Department of State indicating that New England Motor Freight, Inc. is a New Jersey Corporation and that its principal executive office is located at 1-71 North Avenue East Elizabeth, New Jersey 07201[4]. *See Exhibit C to plaintiff's moving papers.*

Accompanying this Memorandum, and in further opposition to remand are the Declarations of Andre Hemraj and Ernest Hardy, each executed on March 18, 2008, each firmly establishing defendants' New Jersey citizenship. Defendant Hemraj declares that he has resided in Jersey City, New Jersey for approximately the past ten years, has paid taxes only to the State of New Jersey, has held only a New Jersey driver's license and neither owns or rents property in the State of New York. Ernest Hardy, Vice President of Risk Management for defendant New England Motor Freight, Inc. declares that the company is a New Jersey Corporation that was incorporated over 30 years ago that maintains, and has maintained for at least the previous 24 years, its principal place of business in Elizabeth, New Jersey. The declaration further establishes that the Company

---

[3] It appears that plaintiff annexed to her moving papers a second amended verified complaint dated December 26, 2007, although such complaint was never served upon defendants. Nonetheless this second amended verified complaint does not alter the parties or the allegations of the other complaints. It appears to only correct the name of Audry Hemraj to Andre Hemraj.

[4] These assertions were all admitted by defendants (as they were not denied) in their Verified Answer to the Amended Verified Complaint dated November 15, 2007. *See Notice of Appearance and Verified Answer with Affirmative Defenses accompanying the Notice of Removal and annexed to plaintiff's moving papers as Exhibit F.*

operates in fourteen states; has Federal operating authority; that its Elizabeth Headquarters is its largest facility; that the Elizabeth Headquarters houses all of New England Motor Freight, Inc.'s executives, officers and directors; that the Elizabeth New Jersey Headquarters controls directs and coordinates all business activities for the entire company including the New York terminals; that the company owns no real estate in New York; and that defendant Andre Hemraj is an employee that reports to work, and did report to work on the day of the subject accident, in Elizabeth New Jersey. *See Accompanying Declarations of Andre Hemraj and Ernest Hardy.*

After reading plaintiff's moving papers as liberally as possible it appears that plaintiff is attempting to make the argument that there is not complete diversity of citizenship to plaintiff on the basis that the accident, with defendants' truck registered in New Jersey, occurred in New York. Plaintiff further makes the argument, albeit without any supporting legal authority, that New England Motor Freight, Inc. derives revenue and conducts business in the State of New York, and hence cannot be a foreign citizen for purposes of diversity. Although New England Motor Freight, Inc. does do business in the State of New York as an interstate trucking company, and the accident occurred in New York, this is not tantamount to citizenship by any means for purposes of diversity. Plaintiff's assumed argument is legally flawed and incorrect.

Moreover, plaintiff's subsequent affirmative actions in this case since filing her Motion for Removal, including requesting various discovery relief (which requested relief has been referred to Magistrate Judge Freeman), the subsequent service upon defendants of a Notice for Discovery under the Federal Rules (Exhibit "A") and the filing a subsequent Motion seeking permission to serve a late Notice of Claim against the City

3

of New York (which we also believe to be without merit), are indeed, actions acknowledging and supporting this Court's jurisdiction. Plaintiff, by her actions, has waived any right to the requested relief even if it was appropriate, which in this case, it clearly is not.

Plaintiff further asserts that she intends to file a motion to add parties, which may destroy diversity[5]. Of course, any such successful application is pure speculation and is not the proper subject, and cannot be the basis, of this motion to remand on the above stated grounds.

Lastly, for all of the above reasons, and given that removal was entirely proper, plaintiff's request for cost and expenses in making the motion pursuant to 28 U.S.C.A. § 1447 (c) is also devoid of any merit whatsoever.

## II. LEGAL ARGUMENT

### A. The Parties are Completely Diverse.

This action was removed pursuant to *28 U.S.C.A. § 1441*, entitled Actions removable generally, which states in relevant part:

> **a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The original jurisdiction of this Court is that of complete diversity of citizenship, and an amount in controversy in excess of $75,000.00. *28 U.S.C.A. § 1332* entitled Diversity of citizenship, amount in controversy; costs, states in relevant part:

---

[5] As stated in a previous footnote, subsequent to the instant motion, plaintiff filed a motion to file a late Notice of Claim against the City of New York, which motion defendants intend to vigorously oppose.

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States ...

28 U.S.C.A. § 1332 further defines the standard for a corporation's citizenship for diversity purposes. It states:

> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

When a corporation engages primarily in the ownership and management of a geographically diverse business, such as New England Motor Freight, Inc. the courts apply the "nerve center test" in determining the corporation's principal place of business for diversity jurisdiction purposes. *Frisone v. Pepsico, Inc.*, 369 F.Supp.2d 464, 470-471 (S.D.N.Y. 2005). For purposes of that test, the nerve center is the location from which the corporation's officers direct, control, and coordinate all activities, in furtherance of corporate objectives. *Id.* at 471.

Applying the nerve center test, or any other test, to New England Motor Freight, Inc. it is abundantly clear that New England Motor Freight, Inc.'s principal office is in New Jersey. The declaration of Ernest Hardy, in addition to establishing New Jersey as the place of incorporation for New England Motor Freight, Inc., establishes unequivocally that its Elizabeth Headquarters is its largest facility, that it houses all of the Company's executives, officers and directors, and that the Elizabeth New Jersey Headquarters controls directs and coordinates all business activities for all of New

England Motor Freight, Inc. including the New York terminals. *See accompanying Hardy Declaration.*

There is no prohibition of original jurisdiction for this Court simply because the accident occurred in New York. Similarly there is no statute or case law that even suggests, as plaintiff blindly argues, that an individual such as Andre Hemraj is considered a citizen of New York for purposes of diversity jurisdiction simply because his job as a truck driver may take him into the State. For diversity purposes, it is well-established that the citizenship of an individual is equivalent to his domicile. *Yonofsky v. Wernick,* 362 F.Supp. 1005 (S.D.N.Y.1973); *Broadstone Realty Corp. v. Evans,* 213 F.Supp. 261, 265 (S.D.N.Y.1962). *See also, Gibbons v. Udaras na Gaeltachta,* 549 F.Supp. 1094, 1116 n. 12 (S.D.N.Y.1982) (under the diversity statute, a person is a "citizen of a state" if he is a citizen of the United States and a domiciliary of a state of the United States). Domicile is defined by residence in fact along with the intent to remain there or to return when absent. *See, e.g., Kaufman & Broad, Inc. v. Gootrad,* 397 F.Supp. 1054, 1055 (S.D.N.Y.1975). An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile. *See, District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 309, 86 L.Ed. 329 (1941); *Krasnov v. Dinan,* 465 F.2d 1298, 1300 (3d Cir.1972); *Broadstone Realty Corp. v. Evans,* 213 F.Supp. 261, 265 (S.D.N.Y.1962).

Mr. Hemraj is clearly a New Jersey citizen and resident for diversity purposes. For approximately the past ten years Mr. Hemraj has lived and paid taxes only in New Jersey. He neither owns nor rents property in New York. *See accompanying Hemraj and Hardy Declarations.*

The parties are completely diverse from one another and Removal at the time it was made was entirely proper.

**B. The Plaintiff Has Waived Her Right To Seek Remand.**

It is well settled that jurisdiction on removal may be conferred by consent. *Bailey v. Texas Company*, 47 F.2d 153 (2nd Cir. 1931). In the case of *Clark v. Southern Pacific Co.*, 175 F. 122 (D.D. Tex. 1909) it was held that the propounding of interrogatories to witnesses constituted implied consent to Federal jurisdiction. In the instant case, plaintiff has made numerous overtures consenting to this Court's jurisdiction, including the subsequent filing of a motion seeking relief to file a late notice of claim, drafting letters to the Court seeking relief on various discovery issues and most recently serving a Notice of Discovery and Inspection under the Federal Rules. *See Exhibit "A" annexed to this Memorandum.*

**C. Plaintiff Is Not Entitled to Her Fees/Costs**

Although defendants New England Motor Freight, Inc. and Andre Hemraj argue strenuously that plaintiff's Motion to Remand is entirely without merit, it would be deficient on their part not to at least address herein plaintiff's application for fees and costs under. 28 U.S.C.S. § 1447(c).

Costs, expenses and fees are not warranted, nor required under 28 U.S.C.S. § 1447(c) when a case is remanded to State Court. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand. Certainly, in this case,

defendants' removal was objectively reasonable. The U.S. Supreme Court issued guidance in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacking an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exits, fees should be denied... In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case... When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under §1447(c).

<u>Martin</u>, 546 U.S. at 141 (citations omitted). <i>See, e.g.</i>, <u>Good Energy, L.P. v. Kosachuk</u>, 2006 WL 1096900 (S.D.N.Y. 2006) ("Here, it cannot be said that Defendant's assertion that complete diversity jurisdiction existed between the parties at the time of removal lacking an objectively reasonable basis."); <u>Houston v. Scheno</u>, 2007 WL 2230093, (E.D.N.Y. 2007) ("Although defendant did not meet his burden of establishing the amount in controversy to support diversity jurisdiction, he had an objectively reasonable basis to seek removal to this Court and no unusual circumstances exists which might otherwise warrant an award of costs and attorney's fees.")

For the reasons presented herein, removal was not only objectively reasonable, it was proper. If costs/fees are to be awarded, they should be against plaintiff, not defendants, for bringing her motion to remand without a reasonable legal or factual basis to do so.

## CONCLUSION

The Notice of Removal by defendants New England Motor Freight, Inc. and Andre Hemraj was timely and proper. In addition, plaintiff has waived her right to seek remand by actively pursuing discovery and seeking additional relief from this Court by Motion. Based upon

the foregoing, the accompanying Declarations of Andre Hemraj and Ernest Hardy, the Notice of Removal, and all papers, pleadings and exhibits filed in this matter, plaintiff's motion for remand and fees must, respectfully, be denied in all respects.

Dated: March 20, 2008

                Respectfully submitted,

                ABRAMS, FENSTERMAN, FENSTERMAN,
                EISMAN, GREENBERG, FORMATO &
                EINIGER, LLP
                Attorneys for Defendants
                New England Motor Freight, Inc. and
                Andre Hemraj (s/h/a Audry Hemraj)

By: _____
                Todd C. Rubenstein (TCR-8884)
                1111 Marcus Avenue-Suite 107
                Lake Success, New York 11042
                516-328-2300

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Remand and Declarations of Andre Hemraj and Ernest Hardy, each executed on March 18, 2008, were filed through the Court's Electronic Case Filing System and sent U.S. Mail this 20th day of March, 2008, to Raphael Weitzman, Esq., Weitzman Law Offices, LLC, 110 Wall Street, 11th Floor New York, NY 10005.

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, GREENBERG, FORMATO &
EINIGER, LLP
Attorneys for Defendants
New England Motor Freight, Inc. and
Andre Hemraj (s/h/a Audry Hemraj)

_____
Todd C. Rubenstein(TCR-8884)
1111 Marcus Avenue-Suite 107
Lake Success, New York 11042
516-328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAGDA EISENBERG,

                        Plaintiff,          **NOTICE OF DISCOVERY AND INSPECTION**

      -against-

NEW ENGLAND MOTOR FREIGHT, INC. &         Civil File No.: 08 CV 1469
ANDRE HEMRAJ,

                      Defendants.

-----------------------------------------------------------------X

C O U N S E L O R S:

**PLEASE TAKE NOTICE**, that pursuant to the FRCP, Rule 34, Defendants are hereby required to produce, furnish and permit discovery by the Plaintiff, by her attorneys, the following items or documents for inspection on March 28, 2008, at 2:00 o'clock in the afternoon, at the office of **WEITZMAN LAW OFFICES, L.L.C., 110 Wall Street, New York, New York 10005**:

1. The name and address of the owner of the subject Tractor

2. The name and address of the owner of the subject Trailer.

3. Any personal, umbrella, excess or other insurance agreements covering the subject Tractor and/or Trailer on October 22, 2007 which may be liable to satisfy part or all of the judgment entered herein or to indemnify or reimburse for payment made to satisfy any such judgment.

      This demand explicitly requires a response from the Defendants in person and under oath regarding the existence of such other coverage and responses such as "None

Known" or "None to the Best of our Knowledge" from Defendant(s)' counsel will be deemed non-compliant.

The aforesaid discovery may be complied with by sending true copies of the aforementioned documents to the undersigned prior to the time hereinabove set forth for the production thereof.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained or come into the possession of the Defendants, their agents, servants, employees and/or attorneys after the date of this demand, they are to be furnished pursuant to this demand.

Dated:	New York, New York
	March 14, 2008

Yours, etc.

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300