UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MAGDA EISENBERG,

                       Plaintiff,

          -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

                       Defendants.
----------------------------------------------------------------------X

<u>REPLY AFFIRMATION IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

Civil Action File No.:
08 CV 1469

       Raphael Weitzman, an attorney duly admitted to practice before the courts of this State, and a member of Weitzman Law Offices, L.L.C., attorneys for Plaintiff, Magda Eisenberg, affirms the following to be true under penalty of perjury:

       I am fully familiar with all of the pleadings and proceedings had in this matter previously, and make this Reply Affirmation In Opposition To Defendants' Opposition to Plaintiff's Motion to Remand.

       1.    Defendant Andre Hemraj alleges in his declaration that he has resided in Jersey City, New Jersey for approximately the past ten years. Plaintiff's process server made attempts on four different days, at different times to serve him the summons and complaint at the New Jersey address specified on his driver's license. Defendant Hemraj was never found to be at the said address on those occasions. The utilities at said address are not in Mr. Andre Hemraj's name.

       2.    Defendants have not provided any records pertaining to the ownership of the tractor and the trailer which is the subject of the foregoing action. Defendant New England Motor Freight, Inc. alleges that it is a New Jersey Corporation. Defendant New

England Motor Freight, Inc. has not acknowledged the ownership of the tractor and the trailer.

3.  Plaintiff making a motion to remand and a motion for leave to file late notice of claim and seeking enforcement of the discovery orders and requests from the state court action, in the federal court does not imply that Plaintiff supports the jurisdiction of the federal court in the above captioned action. Defendants removed the case to the federal court and hence Plaintiff does acknowledge the fact of the action's presence in this court but does not support its jurisdiction. The discovery requests made and filed in this court have been continuing since the action was in Supreme Court of the state of New York. This implies that Plaintiff is seeking to enforce the discovery orders already issued in this action. The only discovery request that the Plaintiff sent out to the Defendants since this action's removal was a renewal of the previous request concerning ownership of the tractor and trailer which are pertinent to the foregoing motion. Magistrate Freeman has stated in a telephone conference between the parties that discovery must proceed while the case is in the federal court and that Plaintiff should reserve discovery requests.

4.  Defendants in their memorandum to the opposition to Plaintiff's motion to remand have made note of Plaintiff's motion for leave to file late notice of claim not being filed concurrently with the Remand motion. The Remand motion had much stricter filing requirements than the motion for leave to file late notice of claim, necessitating that the Remand motion go out first.

5.  Defendant states "Plaintiff further asserts that she intends to file a motion to add parties, which may destroy diversity. Of course, any such successful application is pure speculation and is not the proper subject, and cannot be the basis, of this motion to

remand on the above stated grounds." Plaintiff filed the motion for leave to file late notice of claim two days later to the motion to Remand and well before Defendant's opposition to the remand motion.

6. Plaintiff acknowledges that Defendant New England Motor Freight, Inc., is a New Jersey Corporation as evident from the public records available from the New York State Department. Plaintiff does not blindly accept the declaration of Defendant New England Motor Freight, Inc., that their principal place of business is New Jersey. Defendant New England Motor Freight, Inc., has significant contacts with the state of New York. Defendant New England Motor Freight, Inc., must fully disclose their operations and assets in both states to determine their principal place of business.

7. Finally, Defendants do not address § 1447(e) of Title 28 of United States Code, which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

8. If the court grants joinder, it must remand the action to state court. The court may not, permit joinder and then proceed to adjudicate the merits of the action.

9. Defendant states that Plaintiff's motion for leave to file late notice of claim is without merit. Such a statement is conclusory, inappropriate and such a decision rests with the discretion of the court.

WHEREFORE, affirmant respectfully requests that the Defendants' opposition to Plaintiff's motion to Remand be in all respects rejected, together with such other, further, and different relief as to this Court seems just and proper.

DATED:    New York, New York
          March 25, 2008

_____
Raphael Weitzman

Our File No: 07-0008

STATE OF NEW YORK :
                      ss.:
COUNTY OF NEW YORK:

      **RAPHAEL WEITZMAN**, an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

      I am not a party to the action, am over the age of eighteen (18) years and reside in New York, State of New York.
      On March 26, 2008, I served the within

REPLY AFFIRMATION

By filing in the electronic case filing system and depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042


Dated:    New York, New York
            March 26, 2008

                                                  _____
                                                  Raphael Weitzman