UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :

MAGDA EISENBERG,

                                                   :       08 Civ. 01469 (VM) (DF)

                          Plaintiff,

                                                   :       **REPORT AND**

    -against-                                    **RECOMMENDATION**

                                                   :

NEW ENGLAND MOTOR FREIGHT, INC. AND
ANDRE HEMRAJ,                                :

                            Defendants.      :
------------------------------------------------------------------------X

**TO THE HONORABLE VICTOR MARRERO, U.S.D.J.:**

## INTRODUCTION

      In this personal injury case, which was originally commenced in New York State court, plaintiff Magda Eisenberg ("Plaintiff") claims that, on October 22, 2007, she was struck by a vehicle operated by defendant Andre Hemraj ("Hemraj")[1] and owned by defendant corporation New England Motor Freight, Inc. ("NEMF") (collectively "Defendants"). On February 12, 2008, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, on the purported ground that the amount in controversy exceeded $75,000, and there was diversity jurisdiction.[2] Now before the Court is Plaintiff's motion to remand (Dkt. 5), in which Plaintiff argues that the parties to this case are not completely diverse and that this Court, thus, lacks subject matter jurisdiction.

---

      [1]Andre Hemraj was originally sued under the incorrect name of Audray Hemraj.

      [2] *See* Notice of Removal, dated Feb. 12, 2008 (Dkt. 1), at ¶ 4.

For the reasons set forth below, I recommend that Plaintiff's motion for remand be denied.

## BACKGROUND

The parties do not dispute that Plaintiff is a citizen of the State of New York, as she alleges in the Amended Complaint. (*See* Amended Verified Complaint, dated Nov. 15, 2007 ("Am. Compl."), at ¶ 1.) The issue for the Court on Plaintiff's motion to remand is whether either Hemraj or NEMF should also be considered a citizen of New York, which would defeat diversity jurisdiction.

In her Amended Complaint, Plaintiff alleges that Hemraj resides in New Jersey. (*See* Am. Compl., at ¶ 4.) In her motion, however, Plaintiff further asserts that Hemraj "transacts business in the State of New York" (*see* Plaintiff's Memorandum of Law, filed Mar. 5, 2008 ("Pl. Mem.") (Dkt. 7), at 7), suggesting that this may be a criterion the Court should consider in determining his citizenship. Moreover, through an attorney affirmation submitted in reply, Plaintiff also suggests that Hemraj's place of residence is actually uncertain, given that, when a process server attempted to serve him with process at the New Jersey address specified on his driver's license, he was never found at that address, and the utilities at the New Jersey address were not found to be in his name. (*See* Reply Affirmation of Raphael Weitzman, Esq., in Opposition to Defendants' Opposition to Plaintiff's Motion to Remand, dated Mar. 25, 2008 ("Weitzman Reply Aff."), at ¶ 1.)

With respect to defendant NEMF, Plaintiff alleges in her Amended Complaint that NEMF was incorporated under the laws of the State of New Jersey and that its principal "address" is also in New Jersey (*see* Am. Compl., at ¶ 2), but she further alleges that NEMF's

2

principal "place of business" is in Valley Stream, New York (s*ee id.,* at ¶ 3).  Now, in her motion

to remand, Plaintiff argues that NEMF should be considered a citizen of New York State because

it maintains an office in New York, is licensed to conduct business and actually transacts

business in New York, and derives revenue from New York.  (*See* Pl. Mem., at 11.)

   In opposition, Defendants present evidence that Hemraj is a New Jersey resident and

citizen (*see* Declaration of Andre Hemraj, dated Mar. 18, 2008 ("Hemraj Decl."), at ¶ 3); *see*

*also* Defendants' Memorandum in Opposition to Remand ("Def. Mem") (Dkt. 18), at 6), and that

NEMF should be considered a New Jersey citizen as well, for purposes of the jurisdictional

analysis (*see* Def. Mem., at 5-6).  According to Defendants, NEMF's principal place of business

is, in fact, in New Jersey, and this determines its citizenship.  Thus, Defendants contend that this

Court has diversity jurisdiction under 28 U.S.C. § 1332, and that the action was properly

removed under 28 U.S.C. § 1441(b).

## DISCUSSION

## I.    APPLICABLE LEGAL STANDARDS

### A.    Removal Based on Diversity Jurisdiction

   Any civil action brought in a state court may be removed to federal court where the

federal court has "original jurisdiction" over the subject matter of the action.  28 U.S.C.

§ 1441(a).  As, under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction in all

actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different states," any such action is subject to

removal.

It is well established that diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all plaintiffs on the one hand, and all defendants on the other.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").  A federal court lacks jurisdiction if any plaintiff is of the same citizenship as any defendant.  In order to determine whether a civil action filed in state court has been properly removed to federal court based on diversity jurisdiction, the court must therefore look to the citizenship of each party.

For the purposes of diversity jurisdiction, an individual's citizenship depends on his or her domicile.  *See Palazzo v. Corrio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.").  Domicile is the place where an individual has "his true fixed home and principal establishment, and to which, whenever he is absent, has the intention of returning."  *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (quoting 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3612, at 526 (2d ed. 1984)).  The domicile query specifically focuses on the citizenship of the individual at the time the action is commenced.  *Id*. at 947.

For the purposes of diversity jurisdiction, a corporation is "a citizen of any state by which it has been incorporated *and* of the state where it has its principal place of business."  28 U.S.C. 1332(c) (*emphasis added*).  The Second Circuit has adopted two different tests in order to determine a corporation's principal place of business:  (1) the "nerve center" test and (2) the "public impact" or "place of operations" test.  *See R.G. Barry Corp. v. Mushroom Makers*, 612 F.2d 651, 655 (2d Cir. 1979); *Augienello v. FDIC*, 310 F. Supp. 2d 582, 590-91 (S.D.N.Y.

4

2004).  The test that a court should apply depends on the structure and nature of the corporation.

*See Krauth v. Executive Telecard, Ltd.*, 887 F. Supp. 641, 646 (S.D.N.Y. 1995).

Where a corporation is decentralized and spread across many states, courts apply the first

test.  In order to identify the corporation's "nerve center," courts focus on factors that identify

the place "where the corporation's overall policy originates."  *Augienello*, 310 F. Supp. 2d at 590

(citations omitted).  Under the nerve center test, a corporation's principal place of business is

usually the location of its headquarters.  *R.G. Barry Corp.*, 612 F.2d at 655 ("[T]he principal

place of business of a far-flung corporate enterprise is the 'nerve center from which it radiates

out to its constituent parts and from which its officers direct, control and coordinate all activities,

without regard to locale, in the furtherance of the corporate objective.'") (quoting *Scot*

*Typewriter Co. v. Underwood Corp.,* 170 F. Supp. 862, 865 (S.D.N.Y. 1959)).

On the other hand, where a corporation is centralized, courts apply the second test.

Under the "public impact" or "place of operations" test, the principal place of business is where

the corporation has the most contacts.  *R.G. Barry Corp.*, 612 F.2d at 655.

### B.    Standards Governing Remand

Under 28 U.S.C. § 1447(c), a removed case must be remanded to the state court if "at any

time before final judgment it appears that the district court lacks subject matter jurisdiction."

When a party challenges the removal of an action to federal court, "the burden falls squarely

upon the removing party to establish its right to a federal forum by 'competent proof.'"  *R.G.*

*Barry Corp.*, 612 F.2d at 655 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178,

189 (1936)); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02 Civ. 9580 (GEL), 2003

U.S. Dist. LEXIS 17507, at *4-5 (S.D.N.Y. Oct. 2, 2003) (citations omitted).  Accordingly, on

Plaintiff's motion to remand, NEMF and Hemraj have the burden of demonstrating that their invocation of diversity jurisdiction was proper in the first instance. Where the Court has any doubt regarding whether a case was removable, it must resolve that doubt against removability, "[o]ut of respect for the independence of state courts, and in order to control the federal docket." *Kings Choice Neckwear*, 2003 U.S. Dist. LEXIS 17507, at *5 (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

## II.    PLAINTIFF'S MOTION FOR REMAND

### A.    Plaintiff's Citizenship

As noted above, there is no dispute as to Plaintiff's citizenship. Plaintiff pleaded in her Amended Complaint that she is domiciled in New York State (*see* Am. Compl., at ¶ 1), and Defendants have not challenged her representation in this regard. Thus, for purposes of this motion, Plaintiff should be considered a citizen of New York State.

### B.    The Citizenship of the Defendants

#### 1.    Hemraj Has Demonstrated That He Is a Citizen of New Jersey.

In her Amended Complaint, Plaintiff herself alleges that Hemraj is a resident of New Jersey. (*See* Am. Compl. ¶ 4.) Even apart from this, Hemraj has declared, under penalty of perjury, that he indeed lives in New Jersey, that he has lived there for "approximately the past ten years, and at all times relevant to this litigation, including its filing date in the Supreme Court of the State of New York, County of New York, and at the time of its removal to this Court," and that he "ha[s] not resided or lived at any other address during this time." (Hemraj Decl., at ¶ 3.) Plaintiff has not refuted this evidence with any competent proof, but merely speculates in reply that Hemraj may actually live somewhere else. (*See* Weitzman Reply Aff., at ¶ 1.) This is

insufficient to sustain Plaintiff's burden on her motion to remand, and Plaintiff's only other

point – that Hemraj "transacts business" in New York – is irrelevant to the citizenship analysis,

which, as discussed above, turns on the place of Hemraj's domicile.  (*See supra* at 4.)

Accordingly, the Court concludes that Defendants have satisfied their burden of

demonstrating that Hemraj is a citizen of New Jersey.

### 2.     NEMF Has Shown That It Is Also a Citizen of New Jersey, and Not a Citizen of New York.

Plaintiff does not dispute that NEMF is a citizen of New Jersey, where it is

incorporated.  Plaintiff apparently contends, however, that NEMF should be considered a citizen

of New York, as well, based on the purported Valley Stream, New York location of its principal

place of business.  NEMF, for its part, maintains that *both* its place of incorporation *and* its

principal place of business are in New Jersey, rendering it a New Jersey citizen and making the

Court's exercise of diversity jurisdiction proper.

Based on the evidence submitted by NEMF, it is a federally licensed trucking company,

with facilities in 14 states.  (Declaration of Ernest Hardy, dated Mar. 18, 2008 ("Hardy Decl."),

at ¶ 3.)  Under the circumstances, the company's operations should be considered "far flung" or

decentralized, such that the so-called "nerve center" test should apply.  *See Augienello*, 310

F. Supp. 2d at 590-92 (finding that bank was decentralized where its home office and corporate

headquarters were in Illinois, but it had 16 offices in 13 other states).  Applying that test, the

evidence leads to the conclusion that the nerve center of the company is its headquarters in

Elizabeth, New Jersey.  According to a corporate representative of NEMF, the company's

headquarters houses all of its executives, officers and directors and "controls, directs and

coordinates all business activities fo NEMF and all of its outlying terminals."  (Hardy Decl., at

¶ 4.)  Based on these representations, NEMF's corporate decision-making and policy directives appear to emanate from New Jersey.  Furthermore, NEMF's headquarters also serves as the corporation's largest truck terminal.  (*See id*.)  All of these facts point to the company's New Jersey headquarters as the company's "nerve center," and, thus, its principal place of business.

Plaintiff has not offered any evidence capable of contradicting NEMF's proof that its principal place of business is in New Jersey.  Her arguments that NEMF has an office in New York, "transacts business" there, and "derives revenue" from the state (Pl. Mem., at 11) are all misplaced, as none of these factors determines the location of the company's "nerve center." Rather, the dispositive factor is where the company carries out its primary functions.  *See, e.g., Ellis v. Provident Life & Acc. Ins. Co.*, 929 F. Supp. 751, 754 (S.D.N.Y. 1996) ("[T]he fact that most of a company's sales originate. . . in one state does not make that state the company's principal place of business if the company's other primary functions. . . largely are based in another state.") (citation omitted); *see also Atkinson v. BCC Associates, Inc*., No. 91 Civ. 4443 (MBM), 1992 WL 51568 at *3 (S.D.N.Y. Mar. 9, 1992) (holding that the principal place of business of a company that derived most of its revenue from New York was still Connecticut because the company's staff was centered in Connecticut and its employees had little contact with New York residents).  As NEMF has shown that all of its executives work at its New Jersey headquarters, the Court can only conclude that this is where the primary functions of the company are carried out and where the important decisions of the company are made.

Accordingly, NEMF should be found to be a citizen solely of New Jersey, the state of both its incorporation and its principal place of business.

## CONCLUSION

For all of the above reasons, this Court concludes that Defendants have satisfied their burden of demonstrating the existence of subject matter jurisdiction in this case. It cannot be said that there is "any doubt" as to whether Plaintiff's claim was properly removed to this Court under 28 U.S.C. § 1441(a) and the law of this circuit. I therefore respectfully recommend that Plaintiff's motion to remand this action to state court (Dkt. 5) be denied.

Dated: New York, New York
     May 30, 2008

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Victor Marrero, U.S.D.J.

Raphael Weitzman, Esq.
Weitzman Law Offices, L.L.C.
110 Wall Street, 11th Floor
New York, NY 10005

Todd C. Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato, & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

9