UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MAGDA EISENBERG,

          Plaintiff,

   -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

          Defendants.
---------------------------------------------------------------------X

**DECLARATION AND MEMORANDUM OF LAW IN RESPONSE TO HON. MAGISTRATE DEBRA FREEMAN'S REPORT AND RECOMMENDATION**

Index No.:
08 Civ. 01469 (VM)
(DF)

   Raphael Weitzman, an attorney duly admitted to practice before the courts of this State, and a member of Weitzman Law Offices, L.L.C., attorneys for plaintiff, declares the following to be true under penalty of perjury:

   Your declarant, fully familiar with the facts and circumstances surrounding the within issues, submits this Declaration and Memorandum of Law in Response to Hon. Magistrate Debra Freeman's Report and Recommendation regarding Plaintiff's application for an Order Remanding this action, pursuant to Section 1447(c) & (e) of Title 28 of the United States Code, against Defendants **NEW ENGLAND MOTOR FREIGHT, INC. AND ANDRE HEMRAJ** awarding costs, attorneys' fees and sanctions to Plaintiff's attorneys, and for such other and further relief as to this Court seems just and proper.

   As previously stated Plaintiff has substantiated the declaration in support of the Motion to Remand by citing § 1447(c) & (e) of Title 28 of the United States Code. The Hon. Magistrate Debra Freeman's Report and Recommendation does not address the issue of ownership of the subject trailer as well as the joinder of the City of New York as a defendant in the foregoing action and their consequent implications.

Section 1447(c): If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Property Clerk, New York City Police Dept. v. Fyfe, 197 F. Supp. 2d 39, 41–42 (S.D.N.Y. 2002); Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000)

"All doubts should be resolved in favor of remand" ; Vasura v. Acands, 84 F. Supp. 2d 531, 533 (S.D.N.Y. 2000)

Defendant New England Motor Freight, Inc. have not provided any records pertaining to the ownership of the trailer which is the subject of the foregoing action despite court Orders and Plaintiff's repeated demands for disclosure of the same. If the owner of the trailer is a New York corporation this court will lack subject matter jurisdiction.

§ 1447(e) of Title 28 of United States Code, provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

If the court grants joinder, it must remand the action to state court. The court may not, permit joinder and then proceed to adjudicate the merits of the action. Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987).

Anjela Mejia, a witness to the subject incident and others who have not yet been identified, were traffic agents for New York City Police Department who were present at the time of incident. Said witnesses have not been co-operative in providing statements concerning the incident. Furthermore, said witnesses may have contributed to the incident.

The New York City Police Department is an agency under the City of New York.

CITY OF NEW YORK is a Domestic Municipal Corporation in the State of New York.

Plaintiff made a petition for leave to file late Notice of Claim in The Supreme Court of the State of New York, County of New York before the Hon. Judge Marilyn Shafer. The petition which is fully submitted is unopposed by City of New York and is awaiting judge's decision. If Plaintiff receives a favorable decision which is likely, that party would be added to the current action resulting in this court lacking subject matter jurisdiction. (Exhibit A)

**WHEREFORE**, it is respectfully requested that an Order be entered, pursuant to Section 1447 (c) and (e) of Title 28 of the U.S.C, remanding the within action herein, awarding costs, attorneys' fees and sanctions to Plaintiff's attorneys, and for such other and further relief as to this Court seems just and proper.

DATED:   New York, New York
         June 17, 2008

_____
Raphael Weitzman

Our File No: 07-0008




# WebCivil Supreme - Motion Detail

Court: **New York Civil Supreme**
Index Number: **105003/2008**
Case Name: **EISENBERG, MAGDA vs. CITY OF NEW YORK**
Case Type: **Other Special Proceedings**
Track: **Standard**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Submit Date | Answer Demanded | Status | Decision | Order Signed Date |
|---|---|---|---|---|---|---|---|---|
| 001 | | | Leave Serve Late Not. Of Claim | 05/12/2008 | No | Open: Before Justice: SHAFER | | |

[Close]