UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAGDA EISENBERG,

                              Plaintiff,

                        -against-                            **MEMORANDUM OF LAW**

NEW ENGLAND MOTOR FREIGHT, INC.&           Civil Action File No.:
ANDRE HEMRAJ,                                        08 CV 1469 (VM)(DCF)

                              Defendants.
-----------------------------------------------------------------X

## BACKGROUND AND NATURE OF THE ACTION

    The incident complained of in the foregoing complaint occurred on October 22, 2007 at approximately 2:15 pm at Second Avenue at its intersection with East 60th Street in the County, City and State of New York. On the said date and time, Defendant ANDRE HEMRAJ operated and controlled NEW ENGLAND MOTOR FREIGHT, INC.'s vehicle bearing license plate number T27328, New Jersey at the above-mentioned location. Plaintiff MAGDA EISENBERG who was a lawful pedestrian at the above-mentioned location, was headed east on East 60th Street at its intersection with Second Avenue, and the Defendant was travelling southbound on Second Avenue at its intersection with East 60th Street when the defendant's truck struck her and drove on top of her. As a result of the incident Plaintiff sustained the injuries of the nature as; Multiple Fractures of the Right Shoulder Requiring Open Reduction Surgery, Multiple Fractures of the Right Pelvis, Multiple Hematomas. Plaintiff **MAGDA EISENBERG** was confined to the following Hospitals;

    a.    New York Hospital, Weill Cornell at 525 East, 68th Street, New York, New York 10021;

    b.    Haymn Salomon Home For The Aged at 2340 Cropsey Avenue, New York, New

York 11214 ;

    c.    Maimonides Hospital at Tenth Avenue and 49th Street, Brooklyn, New York ;

    d.    New York University Hospital at 560 First Avenue, New York, New York 10016.

    e.    Hudson Pointe Center for Nursing and Rehabilitation, 3220 Henry Hudson Parkway, Riverdale, New York 10463

## APPLICABLE LAW

1.    FRCP 26(b)(3)(A) Documents and Tangible Things.: Ordinarily, a party may not dis[close] documents and tangible things that are prepared in anticipation of litigation or for trial by or for another [party] or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or a[gent]). But, subject to Rule 26(b)(4), those materials may be discovered if:

    (i) they are otherwise discoverable under Rule 26(b)(1); and

    (ii) the party shows that it has substantial need for the materials to prepare its case and ca[nnot], without undue hardship, obtain their substantial equivalent by other means.

2.    FRCP 26(b)(3)(C) Previous Statement.: Any party or other person may, on reques[t and] without the required showing, obtain the person's own previous statement about the action or its su[bject] matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies [to the] award of expenses. A previous statement is either:

    (i) a written statement that the person has signed or otherwise adopted or approved; or

    (ii) a contemporaneous stenographic, mechanical, electrical, or other recording — or a transcri[pt] of it — that recites substantially verbatim the person's oral statement.

3.    FRCP 26(b)(5)(A) Information Withheld.: When a party withholds information othe[rwise] discoverable by claiming that the information is privileged or subject to protection as trial-prepa[ration] material, the party must:

    (i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produc[ed] disclosed — and do so in a manner that, without revealing information itself privileged or protected[,] enable other parties to assess the claim.

4. FRCP 33(b)(4) Objections to Interrogatory.: The grounds for objecting to an interrog[atory] must be stated with specificity. Any ground not stated in a timely objection is waived unless the cou[rt,] good cause, excuses the failure.

5. FRCP 34(b)(2) Responses and Objections to Request for Production.

(B) Responding to Each Item. For each item or category, the response must either stat[e that] inspection and related activities will be permitted as requested or state an objection to the request, inclu[ding] the reasons.

6. FRCP 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General.: On notice to other parties and all affected persons, a party may move for an [order] compelling disclosure or discovery. The motion must include a certification that the movant has in [good] faith conferred or attempted to confer with the person or party failing to make disclosure or discovery [in an] effort to obtain it without court action.

(2) Appropriate Court.: A motion for an order to a party must be made in the court where the a[ction] is pending. A motion for an order to a nonparty must be made in the court where the discovery is or w[ill be] taken.

(3) Specific Motions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order comp[elling] an answer, designation, production, or inspection. This motion may be made if:

(iii) a party fails to answer an interrogatory submitted under Rule 33, or

(iv) a party fails to respond that inspection will be permitted — or fails to permit inspection [—as] requested under Rule 34.

(4) Evasive or Incomplete Disclosure, Answer, or Response.

44

For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response be treated as a failure to disclose, answer, or respond.

(5) Payment of Expenses.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the mot granted — or if the disclosure or requested discovery is provided after the motion was filed — the must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitate motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses inc in making the motion, including attorney's fees.

(b) Failure to Comply with a Court Order.

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing age or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or p discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as establ for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defens from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a ph or mental examination.

(c) Failure to Disclose; to Supplement an Earlier Response, or to Admit.

(1) Failure to Disclose or Supplement.

45

If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, c trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanctio court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the fa

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)( (vi).

(B) Certification. A motion for sanctions for failing to answer or respond must include a certific that the movant has in good faith conferred or attempted to confer with the party failing to act in an eff obtain the answer or response without court action.

7. Local Civil Rule 37.1 of United States District Courts for the Southern and Eastern Districts of New York: Verbatim Quotation of Discovery Materials

Upon any motion or application involving discovery or disclosure requests or responses under Rule 37 of the Federal Rules of Civil Procedure, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

8. Local Civil Rule 5.1 of United States District Courts for the Southern and Eastern Districts of New York: Filing of Discovery Materials

A party seeking relief under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure, or making any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or are cited in papers submitted in connection with any other motion

or application.

   **WHEREFORE**, Plaintiff respectfully requests the within motion be granted in all respects together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
     July 29, 2008

                     RAPHAEL WEITZMAN

48