UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAGDA EISENBERG,

                                    Plaintiff,

                                                                    **DECLARATION**
            -against-
                                                                    Civil Action File No.:
NEW ENGLAND MOTOR FREIGHT, INC.&                                    08 CV 1469 (VM)(DCF)
ANDRE HEMRAJ,

                                    Defendants.
----------------------------------------------------------------X

  Raphael Weitzman, an attorney admitted to practice before the Courts of this State declares the truth of the following under the penalty of perjury:

  1.  I am a member of **WEITZMAN LAW OFFICES, L.L.C.**, attorneys for the Plaintiff herein, and as such I am fully familiar with the facts and circumstances of this action based upon a review of the case file and the investigation materials contained therein.

  2.  I submit this Declaration in support of Plaintiff's Motion for an Order pursuant to FRCP 37: (1) compelling the Defendants to provide full and complete responses, without objections, to Plaintiff's Notice of Interrogatories and Request for Production of Documents subsequent to the issuance of the Order; or if the court sees fit, (2) directing that the matters embraced in the current motion be taken as established for purposes of the action, as the Plaintiff claims; (3) prohibiting the defendants from supporting or opposing designated defenses, or from introducing designated matters in evidence; (4) striking pleadings in whole or in part; (5) rendering a default judgment against the disobedient party; (6) awarding Plaintiff her attorneys' fees and expenses incurred in connection with this motion; and (7) granting such other and further relief as this Court may deem just and proper.

  3.  I also make this Declaration, pursuant to FRCP 37(a)(1), attesting to the fact that I have attempted to confer with Defendants' counsel in a good faith effort to resolve the issues raised in the current Motion and it has been two weeks since the foregoing attempt without any response from Defendants' counsel.

4.      This is a negligence action to recover damages for serious injuries sustained by Plaintiff as a result of an incident which occurred on October 22, 2007.

5.      Pursuant to the NYS Supreme Court Discovery Demands, dated December 26, 2007 (Exhibit A) and the Joint Discovery Plan dated April 9, 2008 (Exhibit B), Plaintiff served Defendants' counsel, with Plaintiff's Interrogatories and Request for Production of Documents (Exhibit C).

6.      Defendants' responses to Plaintiff's Interrogatories and Request for Production of Documents were due on May 28, 2008 pursuant to the Joint Discovery Plan dated April 9, 2008.

7.      On May 28, 2008, the date that the response to Interrogatories and Request for Production of documents was due, Defendants' counsel Todd Rubenstein called Plaintiff's counsel Raphael Weitzman and requested an extension of time to furnish the responses. Plaintiff granted a few extra days to Defendants to comply with said Interrogatories and Request for Production of Documents. On June 12, 2008 Plaintiff's counsel advised Defendants' counsel of their non compliance with this court's order to respond and produce the outstanding discovery (Exhibit D). On June 19, 2008 Plaintiff's counsel further advised Defendants' counsel of their continuing non compliance with this court's order to respond and produce the outstanding discovery (Exhibit E).

8.      In spite of the foregoing, Defendants did not furnish the responses within the time So Ordered and extended, resulting in the Discovery conference held before Your Honor on June 30, 2008. In said conference Defendants' counsel Rubenstein stated that the foregoing delays to Plaintiff's discovery requests were a result of him requiring additional time to comply with the said requests.

9.      Pursuant to the Case Scheduling Order of the Honorable DEBRA FREEMAN dated July 8, 2008 (Exhibit F), we are in receipt of Defendants' corresponding deficient responses.

10.     On July 11, 2008 Plaintiff's counsel was furnished with Defendants' responses to the aforesaid demands (Exhibit G).

11.     The said responses are evasive and gravely deficient in matter and content.

4

## DEFENDANTS' DEFICIENCIES AND FAILURES TO RESPOND TO PLAINTIFF'S
## INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

12.    Defendants have objected to Plaintiff's Notice of Interrogatories in the form of General Objections and alleged "Specific Objections".

13.    Pursuant to FRCP 33(b)(4), the objections stated in Defendants' responses are improper. The rule states "The grounds for objecting to an interrogatory must be stated with specificity."

14.    In the light of the foregoing rule, General objections to Interrogatories are prohibited.

15.    Also, the alleged "Specific Objections" raised by the Defendants in their responses are inappropriate as they are not correspondingly specific to each Interrogatory of Plaintiff and are thus similarly prohibited.

16.    Rule 33(b)(4) further states, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure".

17.    Because of Defendants' failure to object to Plaintiff's Notice of Interrogatories within reasonable time as provided by the foregoing section, they have waived their right to object.

18.    Also, the Defendants' responses are either incomplete or evasive, both considered failure to respond, pursuant to provisions of FRCP 37(a)(4).

19.    Likewise, in their response to Plaintiff's request for Production of Documents, Defendants have raised general objections pertaining to the said requests.

20.    Pursuant to FRCP 34(b)(2)(B), the objections stated in Defendants' responses are improper.

21.    Defendants have objected to Plaintiff's Request for Production of Documents in the form of General Objections. In the light of the foregoing rule, General Objections to Production are prohibited.

5

22.    Furthermore, Pursuant to Local Civil Rule 37.1 subsequent paragraphs of the foregoing declaration, relate to each Interrogatory and Request for Production of Documents with their corresponding response to which the foregoing motion is addressed along with, Plaintiff's objections, thereto.

23.    Plaintiff's Interrogatories and document requests are reasonable, targeted and seek information and documents that are relevant to the issues and claims in this lawsuit. As such, they are proper.

## DEFENDANT NEW ENGLAND MOTOR FREIGHT, INC.'s DEFICIENCIES AND FAILURE TO RESPOND TO PLAINTIFF's INTERROGATORIES

24.    Plaintiff's INTERROGATORY NO. 4: Please state the full name, address, date of birth, employer and social security number of the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007.

Defendant's RESPONSE: We are unaware of any motor vehicle collision. The driver involved in the accident on October 22, 2007 was Andre Hemraj, 108 Sycamore Road, Jersey City, New Jersey 07305. His date of birth is May 3, 1970. We are advised by counsel that Mr. Hemraj's social security number is not an appropriate request, and is not being provided herein.

Defendants' opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same. Defendants' objection to Plaintiff's request of the defendant driver's social security number is inappropriate. Social Security Number of the driver is essential for his identification as well as to verify the results of the mandatory random drug and alcohol tests performed by the NEMF on the driver, pursuant to Federal Motor Carrier Safety Regulations.

25.    Plaintiff's INTERROGATORY NO. 5: Please state whether the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007 was employed by NEW ENGLAND MOTOR FREIGHT, INC. on the date of the collision. If so,

describe his position and when he began working for NEW ENGLAND MOTOR FREIGHT, INC. if this person was not an employee of NEW ENGLAND MOTOR FREIGHT, INC., state the nature of the business relationship between NEW ENGLAND MOTOR FREIGHT, INC. and NEW ENGLAND MOTOR FREIGHT, INC.

Defendants' RESPONSE: We are unaware of any motor vehicle collision. The driver involved in the accident on October 22, 2007 was employed by New England Motor Freight, Inc. as a local truck driver. His start date was June 21, 2007.

Defendants' opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same.

26.    Plaintiff's INTERROGATORY NO. 6: If ANDRE HEMRAJ was not acting within the course and scope of his employment at the time of the collision; please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

Defendant's RESPONSE: We are unaware of any motor vehicle collision. Upon information and belief, Mr. Hemraj was in route to make a pick up for New England Motor Freight, Inc. at the time of the October 22, 2007 accident.

Defendants' opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same.

27.    Plaintiff's INTERROGATORY NO. 7: Immediately following the incident of October 22, 2007, please state:

a. The person at New England Motor Freight, Inc. who was first notified of the accident?

b. The date and time this person was notified?

c. Whether anyone created a written record of the accident, and if so, whom?

d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?

d. Is this record kept in the ordinary course of business?

7

Defendants' RESPONSE: To the best of our knowledge and belief, shortly after the accident, and on October 22, 2007, our dispatch department, exact dispatcher is unknown, was notified of the accident by Mr. Hemraj. At that time only background information was obtained, not accident specifics, although Mr. Hemraj has authored a Report of Accident and Damage and Supplemental Report with regard to the accident. We are advised by counsel that these Reports have been already been provided to you.

The above response is deficient. Defendants contend that the name of the exact dispatcher is not known, yet they know the sum and substance of the statement taken by the said dispatcher. The dispatcher's name is essential, as he/she will have relevant information of the subject incident. Pursuant to State and Federal Regulations and as well as General Business Practices for a company of Defendant's size, Defendant would have maintained records identifying the relevant dispatcher. Defendant has not stated with any specificity the extent to which they conducted the search for said dispatcher. Defendant has failed to further specify the time that said dispatcher was notified of the subject incident. This information is necessary to help identify said dispatcher and to assess the relevance and quality of the information conveyed by the Defendant Andre Hemraj to said dispatcher. The Defendant has also not specified if the subject incident record is kept in any Vehicle Accident Investigation File or its equivalent or if it is kept in the ordinary course of business.

28.    Plaintiff's INTERROGATORY NO.8: Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

Defendants' RESPONSE: Andre Hemraj; Terry Mohammed, 204 East 112th Street, New York, New York; Edwin Irizarry, 564 Liberty Avenue, Apartment IB, Brooklyn, New York; and New York City Responders, including police and ambulance.

8

Defendant, in the above response has not provided the names of the respective employers of the said people. The names of the said employers are essential to ascertain their affiliations with the Defendant in the present action, if any.

29.    Plaintiff's INTERROGATORY NO. 9: Has NEW ENGLAND MOTOR FREIGHT, INC., or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement its date, its substance, and whether counsel may obtain a copy of any such statement.

Defendants' RESPONSE: No one has given us a statement. I am advised by legal counsel that they are in possession of oral and written statements from Terry Mohammed, 204 East 112th Street, New York, New York and Edwin Irizarry, 564 Liberty Avenue, Apartment IB, Brooklyn, New York. I am further advised that such statements are at least attorney work product and shall not be provided to you.

In the above response, Defendant has contended that the information asked for by the Plaintiff is attorney work product. Pursuant to FRCP 26(b)(3)(A), the documents and tangible things prepared in attorney work product may be discovered if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Furthermore, Plaintiff's counsel made numerous efforts to obtain the statement from the said individual, Edwin Irizarry. But, we have not been able to get any statement from him. Hence, Plaintiff's counsel is entitled to the statement from Edwin Irizarry. With regards to the statement of Terry Mohammed, Defendants have obtained the said statement fraudulently. Terry Mohammed demanded the return of said statement (Exhibit H). Pursuant to FRCP 26(b)(3)(C), Defendant at a minimum must provide Terry Mohammed with a copy of his statement.

30.    Plaintiff's INTERROGATORY NO.10: At the time of the incident in question:

9

a. List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for NEW ENGLAND MOTOR FREIGHT, INC. and for the owner of the trailer.

b. Liability coverage limit of each type of insurance identified.

c. Whether there is any liability deductible and/or self insured retention which requires payment from the Defendant, and.

d. The amount of said liability deductible or self insured retention.

Defendants' RESPONSE: Discover Property & Casualty Insurance Company with a $5,000,000.00 limit. New England Motor Freight, Inc. has a $500,000.00 deductible for the subject accident that includes, but is not limited to the claims of Magda Eisenberg. We are advised by counsel that insurance information and a declaration page were previously provided to you.

Plaintiff in the foregoing interrogatory, have asked separate insurance covers for both tractor and trailer. In this respect, the Defendant has provided an absurd response. The Defendant has not specified the insurance coverage for the subject tractor and the subject trailer.

31.    Plaintiff's INTERROGATORY NO. 12: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

Defendants' RESPONSE: I do not know what is or is not discoverable information. I refer you to our legal counsel and at least our answer to interrogatory number 9 herein.

Plaintiff objects to the foregoing response as it is evasive.

32.    Plaintiff's INTERROGATORY NO.15: Describe with particularity the load that the tractor trailer was hauling at the time of the collision that is the subject of this lawsuit, including any HAZMAT items. In addition, identify where the load (or portions thereof) was to be delivered had the collision not occurred and the total gross weight of the tractor trailer when it left Defendant, NEW ENGLAND MOTOR FREIGHT, INC.'s facility in New Jersey, the morning of the collision.

Defendant's RESPONSE: We are not aware of any collision. There was no freight on the trailer at the time of the October 22, 2007 accident. The total gross weight of the tractor and trailer when it left Elizabeth New Jersey was approximately 30,000 pounds.

Defendants' opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same.

33.    Plaintiff's INTERROGATORY NO. 16: Describe the load when the tractor-trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

Defendants' RESPONSE: The freight on the trailer when it left Elizabeth, New Jersey weighed approximately 5,391 pounds, consisting of 192 pieces, and was all delivered, prior to the time of the accident, to one location above 86th Street on Second Avenue in Manhattan, New York.

The foregoing response of the Defendants is fractional. Defendants have not responded to Plaintiff's demand concerning the number of stops of the subject tractor trailer and also where said tractor trailer stopped on the day of the incident before the incident occurred. It is essential to know the route of said tractor trailer to determine if said vehicle was lawfully on the roads of the City of New York as well as to determine schedules and speeds of the subject tractor trailer.

34.    Plaintiff's INTERROGATORY NO. 17: Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the tractor-trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

Defendants' RESPONSE: There are no bills of lading since the trailer was empty at the time of the October 22, 2007 accident.

The above response is evasive. Defendants in their response to Plaintiff's Interrogatory no. 16, have stated that the subject tractor trailer was hauling freight when it left the Defendant's Elizabeth, New Jersey facility. But in the foregoing response, Defendants contend the non availability of any bills of lading pertaining to the period between the time it left the Elizabeth, New Jersey facility and the time of incident.

11

35.    Plaintiff's INTERROGATORY NO. 20: Please state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

Defendants' RESPONSE: Mr. Hemraj is an hourly paid employee.

Plaintiff's request to state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission is relevant in order to determine whether the trucking company has encouraged speeding by the method in which it pays a driver (for example, by the number of miles driven), or has encouraged other unsafe practices such as driving in excess of the maximum number of hours allowed. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

## DEFENDANT ANDRE HEMRAJ's DEFICIENCIES AND FAILURE TO RESPOND TO PLAINTIFF's INTERROGATORIES

36.    Plaintiff's INTERROGATORY NO.1: Where were you coming from and where were you going at the time of the accident as alleged in the Complaint?

Defendant's RESPONSE: I was coming from making a delivery of freight on Second Avenue, above 86th Street. I was going to make a pickup in Queens, New York.

Plaintiff objects to the foregoing response as defective and incomplete. Defendant Andre Hemraj has failed to provide the specific location where he was coming from and where he was going as demanded in the corresponding Interrogatory.

37.    Plaintiff's INTERROGATORY NO.3: Describe the exact route that you followed from the point where your trip commenced to the point where the accident occurred.

Defendant's RESPONSE: After making a delivery on Second Avenue, above 86th Street, I traveled south on Second Avenue until the time of the accident.

12

Plaintiff objects to the foregoing response as defective and incomplete. Defendant Andre Hemraj has failed to describe the exact route as demanded in the corresponding Interrogatory. It is essential to know the exact route of said tractor trailer to determine if said vehicle was lawfully on the roads of the City of New York.

38.　　Plaintiff's INTERROGATORY NO.4: Please state in detail how the accident occurred. If there is more than one version, state separately and identify its source.

Defendant's RESPONSE: I don't understand the question. I only have one version of how the accident occurred. I stopped for a red light at Second Avenue and 59th Street, in the second lane from the west side of the street. Once the light turned green, and no one was directly in front of my truck, I put the truck in gear and slowly began moving forward. After the truck moved less than 10 feet, I heard people yelling, so I immediately stopped my truck.

Defendant's opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same. Furthermore, the said response is not detailed as demanded in the corresponding Interrogatory. Defendant is required to specify the distance travelled from the stopped position immediately prior to the incident up untill the collision with Plaintiff.

39.　　Plaintiff's INTERROGATORY NO.7: Did you give a statement(s), oral or written, to anyone concerning the incident as alleged in suit? If so, state the name and address of person taking such statement(s).

Defendant's RESPONSE: I gave an oral statement to the police. I also drafted a Report of Accident or Damage and a Supplemental Statement, which was given to New England Motor Freight, Inc.

The response is partial and not complete as the defendant has failed to give the name and address of person taking said oral and written statements. The name of the said person is essential, as he/she will have relevant information of the subject incident.

40.　　Plaintiff's INTERROGATORY NO.8: State the condition of the roads and the weather at the time of the motor vehicle collision as alleged in suit.

Defendant's RESPONSE: I am not aware of a collision. At the time of the accident the road was dry, and it was not raining.

Defendant's opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same.

41.    Plaintiff's INTERROGATORY NO.9: Identify and describe all traffic citations you received for a period of five years before the collision that is the subject of this lawsuit. Include the violation for which you were cited, whether you plead guilty, whether you were found guilty, the state, city or jurisdiction that issued each citation, the state and court in which each citation was prosecuted, and whether each violation was in a commercial motor vehicle or personal vehicle.

Defendant's RESPONSE: I did not receive a traffic citation as a result of the accident which is the subject of this case. I am advised by counsel that prior citations, especially those for which there were no finding of guilt, are not pertinent or relevant to this lawsuit, and I am uncertain if I received any in the five year period prior to the accident. If I did, they would be a matter of public record.

Defendant's contention that prior citations are not relevant to the subject lawsuit is inappropriate. It is essential for the Plaintiff's counsel to know about prior citations, if any, issued to the Defendant Andre Hemraj to ascertain if he was an unsafe driver. The above request is relevant to enable the Plaintiff to know if the defendant Andre Hemraj had a pattern of disregard of rules required to follow for operating commercial motor vehicle. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

42.    Plaintiff's INTERROGATORY NO. 10: Other than the incident at issue, please list all other incidents involving alleged personal injury in which you were involved.

Defendant's RESPONSE: I am advised by counsel that prior accidents are irrelevant. Prior to October 22, 2007, I had no accidents in which anyone claimed to be injured while working for New England Motor Freight, Inc.

14

The foregoing response is partial and incomplete. Defendant has provided information of any accidents involving him only for the period of his employment with NEMF. Whereas, Plaintiff in the corresponding Interrogatory, has demanded information of all other incidents prior to the subject incident. The above request is relevant to enable the Plaintiff to know if the defendant Andre Hemraj had a pattern of disregard of rules required to follow for operating commercial motor vehicle. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions

43.    Plaintiff's INTERROGATORY NO. 11: Please state with whom you were employed/under lease agreement within the last SIX (6) months prior to the motor vehicle collision with Plaintiff. Please state the place of your employment/lease, supervisors, type of work, and the length of time you were employed/leased at each place of employment.

Defendant's RESPONSE: I don't understand this question. I began my employment with New England Motor Freight, Inc. as a local truck driver on June 21, 2007. I don't have anyone supervisor, as I report to dispatch in Elizabeth, New Jersey. Prior to New England Motor Freight, Inc., I worked at Shred it as a route service supervisor. My supervisor was Greg Soto.

Defendant's opening statement in the foregoing response is evasive. Hence, Plaintiff objects to the same. Also, the said response is fractional, as the Defendant has failed to disclose the length of employment at the prior employer, Shred.

44.    Plaintiff's INTERROGATORY NO. 13: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

Defendant's RESPONSE: I refer you to my legal counsel. I am also advised by that counsel that these requests are considered attorney work product.

In the above response, Defendant has contended that the information asked for by the Plaintiff is attorney work product. Pursuant to FRCP 26(b)(5)(A)(ii), if the responding party withholds information by claiming that the information is privileged as in this case, the claiming

party is still obligated to describe the nature of information withheld, in such a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. In the foregoing response, Plaintiff is entitled to the information of the names of the persons likely to have discoverable information, at least.

45.    Plaintiff's INTERROGATORY NO. 15: List and describe any and all items you intend to offer as exhibits at trial, and explain how each item supports your case. In the alternative, attach copies of all such exhibits to your Answers.

Defendant's RESPONSE: I refer you to my legal counsel. I am also advised by that counsel that what exhibits are to be offered at trial, and how each exhibit supports my defense, are considered attorney work product, and will also depend on the exhibits offered by you.

The foregoing response is wholly inadequate and evasive. Hence, it shall be considered a failure to respond as provided by FRCP 37(a)(4).

46.    Plaintiff's INTERROGATORY NO. 16: Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your Answers.

Defendant's RESPONSE: I refer you to my legal counsel. I am also advised by that counsel that what demonstrative evidence is to be offered at trial, and how that evidence supports my defense, are considered attorney work product, and will also depend on the evidence offered by you.

The foregoing response is wholly inadequate and evasive. Hence, it shall be considered a failure to respond as provided by FRCP 37(a)(4).

47.    Plaintiff's INTERROGATORY NO. 18: State whether there has been any surveillance of Plaintiff's activities from the date of the incident(s) referred to in the Plaintiff's Complaint to the present and if so, state:

a.    The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

b.      Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

c.      Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

Defendant's RESPONSE: I refer you to my legal counsel. I have not conducted surveillance of the plaintiff.

The foregoing response is incomplete and hence shall be considered a failure to respond as provided by FRCP 37(a)(4). The foregoing Interrogatory pertains to any and all surveillance conducted of Plaintiff and not just surveillance conducted by Defendant Andre Hemraj personally.

48.     Plaintiff's INTERROGATORY NO. 21: List all the states you primarily operated a commercial motor vehicle in for the 36 months prior to the motor vehicle collision involving the Plaintiff.

Defendant's RESPONSE: Since becoming employed by New England Motor Freight, Inc. I have operated a truck in New Jersey and New York.

The foregoing response is incomplete and hence shall be considered a failure to respond as provided by FRCP 37(a)(4).


**DEFENDANT NEW ENGLAND MOTOR FREIGHT, INC.'s DEFICIENCIES AND FAILURE TO RESPOND TO PLAINTIFF's REQUEST FOR PRODUCTION**


49.     Plaintiff's REQUEST FOR PRODUCTION NO. 1: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

Defendant's RESPONSE: Objection, to the extent this request seeks reports or investigations prepared in anticipation of litigation, or is otherwise attorney work product. Defendant New England

17

Motor Freight, Inc. further objects to the word "crash." Without waiving these objections, see attached Accident or Report of Damage and Supplemental Report, regarding the subject October 22, 2007 accident, which reports were previously provided in response to other discovery demands.

Defendant has waived his right to object to the current demand. Pursuant to the CPLR the period of objection is 20 days and in the FRCP, it is 30 days to the foregoing request. In the above response, Defendant has contended that the information asked for, by the Plaintiff is attorney work product. Pursuant to FRCP 26(b)(3)(A), the documents and tangible things prepared in attorney work product may be discovered if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. The foregoing documents demanded in the corresponding request are in Defendant's exclusive possession. Hence, Plaintiff cannot obtain them through other means. The production of said documents is essential, especially in light of the denials set forth by Defendant's counsel in the answer served upon this office.

50.    Plaintiff's REQUEST FOR PRODUCTION NO.2: Please produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with Plaintiff and all accidents 3 years prior to October 22, 2007.

Defendant's RESPONSE: Objection, this request is irrelevant, overbroad, overly burdensome, seeks proprietary information, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision."

Defendant's contention in the foregoing response, that the request is irrelevant is absurd. The request is relevant to know whether the driver is a safe driver or not, in order to ascertain the liability of the employer Defendant NEMF. Likewise, the request does not seek proprietary information and is not overly burdensome as the said accident register is maintained by the Defendant in compliance with Federal Motor Carrier Safety Regulations (§ 390.15). Also, if the Defendant finds the request to be overbroad, Defendant is required to release said records for Defendant Andre Hemraj. Further,

Defendant's objection to the word collision is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

51.    Plaintiff's REQUEST FOR PRODUCTION NO.: 6: Please produce the entire personnel file of ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. Such file is privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The foregoing request is not privileged neither does it contain proprietary and/or confidential information as the said personnel file is maintained pursuant to FMCSR 379 Appendix A Subpart E. Personnel file is also essential to gain information regarding the history of the driver's performance at both, Defendant NEMF and prior companies. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

52.    Plaintiff's REQUEST FOR PRODUCTION NO.7: Please produce the entire qualification file of ANDRE HEMRAJ maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

Defendant's RESPONSE: Objection. Such file is privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The qualification file requested in the above request is not privileged and does not contain proprietary and/or confidential information as it is maintained by the Defendant under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.51. The request is certainly relevant to verify if the Defendant met the minimum standard for hiring and qualifying Defendant Andre Hemraj to operate a commercial motor vehicle. Defendants are attempting to

deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

53.    Plaintiff's REQUEST FOR PRODUCTION NO.8: Please produce the entire drug and alcohol file of ANDRE HEMRAJ including but not limited to pre employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 379 (including Appendix A, Note A.).

Defendant's RESPONSE: Objection. Such file is privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, there are no such drug and alcohol tests for October 22, 2007.

The forgoing request is not privileged and does not contain proprietary and/or confidential information, and is maintained pursuant to statute. The requested materials are relevant and admissible in this action as they may show alcohol or drug use on the day of the incident, and also may show evidence of past and present alcohol and drug use that would further establish negligence on behalf of Defendants. In light of bizarre testimony given by Defendant Andre Hemraj to date, the foregoing request is absolutely essential to determine if drugs or alcohol influenced him in the current incident. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

54.    Plaintiff's REQUEST FOR PRODUCTION NO.9: Please produce the entire driver investigation history file or its equivalent for ANDRE HEMRAJ maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

Defendant's RESPONSE: Objection. Such file is privileged, irrelevant, contains proprietary and/ and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The driver investigation file requested in the above request is not privileged and does not contain proprietary and/or confidential information as it is maintained by the Defendant under Federal Motor Carrier Safety Regulations. Furthermore, the said request is relevant to know if the Defendant made efforts to abide by the screening and hiring guidelines for its employees, and more specifically Defendant Andre Hemraj. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

55.    Plaintiff's REQUEST FOR PRODUCTION NO.10: Please produce any other file kept concerning ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. This request is vague, overbroad, undecipherable, unduly burdensome, may seek files prepared in anticipation of litigation, or is otherwise attorney work product.

Plaintiff counter objects to Defendant's objection in the above response. Pursuant to FRCP 26(b)(5)(A), if the defendant withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the Defendant is still obliged describe the nature of the documents not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Here, the Defendant is required to disclose what kind of file, if any, is maintained concerning Defendant Andre Hemraj.

56.    Plaintiff's REQUEST FOR PRODUCTION NO. 11: Please produce any and all payroll and benefit records for ANDRE HEMRAJ for five years prior to the collision to one year after.

Defendant's RESPONSE: Objection. Such records are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The payroll and benefit records in the above request are not privileged and do not contain proprietary and/or confidential information as it is maintained by the Defendant under Federal Motor

Carrier Safety Regulations. Driver payroll records are relevant and are necessary to verify on duty not-driving activities and off-duty status, the proposed incentive Defendant Andre Hemraj gets and on what basis is the said Defendant entitled to such incentives. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

57.    Plaintiff's REQUEST FOR PRODUCTION NO. 12: Please produce any and all cancelled checks of any kind paid to ANDRE HEMRAJ for 12 months prior and 6 months after the collision.

Defendant's RESPONSE: Objection. Such checks are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The cancelled checks in the above request are not privileged and do not contain proprietary and/or confidential information. Driver cancelled checks are relevant and are necessary to verify on duty not-driving activities and off-duty status, the proposed incentive Defendant Andre Hemraj gets and on what basis is the said Defendant entitled to such incentives. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

58.    Plaintiff's REQUEST FOR PRODUCTION NO. 13: Please produce all logs-official and unofficial of ANDRE HEMRAJ for the six months before the collision involving Plaintiff and for thirty days after the collision maintained pursuant to 49 CFR 395.8(k) and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

Defendant's RESPONSE: Objection. Such logs are privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision."

The above request is relevant to enable the Plaintiff to know if the defendant Andre Hemraj had a pattern of disregard of rules required to follow for operating commercial motor vehicle. Moreover, the said logs are essential to establish the amount of time Defendant Andre Hemraj was driving prior to the subject incident which would in turn determine if the cause of the subject incident was driver fatigue. Further, Defendant's objection to the word collision, is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

59.    Plaintiff's REQUEST FOR PRODUCTION NO. 14: Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of ANDRE HEMRAJ for the five years prior to the collision involving Plaintiff.

Defendant's RESPONSE: Objection. Such records are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision."

Defendant's objection above to Plaintiff's corresponding request is absurd. It is relevant for the Plaintiff to be informed about Defendant Andre Hemraj's health, disability and sickness records to identify if he suffered from any health issue that would impair his ability or alertness to make it unsafe for him to begin or continue to operate the commercial motor vehicle. Moreover, litigation of this nature has an exception to the confidentiality issue. Hence, the requested materials are relevant and admissible in this action. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

60.    Plaintiff's REQUEST FOR PRODUCTION NO. 15: Please produce all records of ANDRE HEMRAJ for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A).

a. Bills of Lading;

23

b. Carrier pros;

c. Freight bills;

d. Dispatch records;

e. Driver call-in records;

f. Gate record receipts;

g. Weigh scale tickets;

h. Fuel billing statement and/or summaries;

1. Toll receipts;

J. International registration plan receipts;

k. International fuel tax agreement receipts;

I. Trip permits;

m. Lessor settlement sheets;

n. Port of entry receipts;

o. Cash advance receipts;

p. Delivery receipts;

q. Lumper receipts;

r. Interchange and inspection reports;

s. Over/short and damage reports;

t. Agricultural inspection reports;

u. Commercial Vehicle Safety Alliance reports;

v. Accident reports;

w. Telephone billing statement;

x. Credit card receipts;

y. Driver fax reports;

z. On-board computer reports;

aa. Border crossing report;

24

bb. Custom declarations;

cc. Traffic citation;

dd. Overweight/oversize reports and citation;

ee. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"

Defendant's objection to the word collision is evasive. The production of said documents is essential, especially in light of the denials set forth by Defendant's counsel in the answer served upon this office. Furthermore, Defendant is under obligation to monitor the Defendant driver to ensure Federal Motor Carrier Safety Regulations compliance. The above documents have to be discovered to analyze this component. Defendant's non compliance is a basis of liability since the carrier is responsible for obeying and enforcing the regulations and is directly responsible for, and often a participant in, violations of the safety regulations designed to protect the public. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

61.    Plaintiff's REQUEST FOR PRODUCTION NO. 16: Please produce any and all cellular and telephone records and bills of ANDRE HEMRAJ for the day of the motor vehicle collision with Plaintiff and seven days prior.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision." Without waiving these objections, New England Motor Freight, Inc. is not in possession of any such records for October 22, 2007.

25

The above request is not privileged, irrelevant or contains proprietary and/or confidential information. Such records are necessary to identify any and all calls which were made to the Defendant by Co-defendant Andre Hemraj or made by the Defendant to Co-defendant Andre Hemraj on October, 2007 and location of Co-defendant Andre Hemraj at the time of such calls. Again, the said records might add information about the defendant driver Andre Hemraj's state or actions prior and after the subject incident and also define Andre Hemraj's route of travel. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

62.    Plaintiff's REQUEST FOR PRODUCTION NO. 17: Please produce any and all credit card bills and receipts for ANDRE HEMRAJ for the day of the motor vehicle collision with Plaintiff and seven days prior.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"

The above request is not privileged, irrelevant or contains proprietary and/or confidential information. Plaintiff needs this information to know the geographic positions and speed and to know where Defendant Andre Hemraj was and when. Further defendant's objection to the word collision is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

63.    Plaintiff's REQUEST FOR PRODUCTION NO. 18: Please produce copies of any and all fuel tax reports of ANDRE HEMRAJ for the year of this collision.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.

The said records in Plaintiff's request are relevant to determine if the log books maintained by the Defendant are accurate or not. It is also essential to know if the Defendant driver was in compliance of laws, rules and statutes required to be followed while operating a commercial motor vehicle. Defendant's non compliance is a basis of liability since the carrier is responsible for obeying and enforcing the regulations and is directly responsible for, and often a participant in, violations of the safety regulations designed to protect the public. Furthermore, the said records are maintained by the Defendant pursuant to Federal and State laws. Hence, they are not considered to be privileged proprietary and/or confidential information. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

64.    Plaintiff's REQUEST FOR PRODUCTION NO. 19: Please produce any and all state safety audits for ANDRE HEMRAJ for the year of this collision and three years prior.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.

The safety audit reports are maintained by the Defendant pursuant to Federal and State laws. Hence, they are not considered to be privileged proprietary and/or confidential information. Plaintiff requests the state safety audits in order to determine and verify Defendant's compliance with same. Defendant's non compliance is a basis of liability since the carrier is responsible for obeying and enforcing the regulations and is directly responsible for, and often a participant in, violations of the safety regulations designed to protect the public. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its exposure to punitive damages which will arise from the violation of the same.

65.    Plaintiff's REQUEST FOR PRODUCTION NO. 20: Please state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

Defendant's RESPONSE: Objection. Improper demand. Moreover, to the extent the request seeks records in that regard, such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, plaintiff is referred to New England Motor Freight, Inc.'s Answers to Interrogatories, #20.

The above records are maintained by the Defendant pursuant to Federal and State laws. Hence, they are not considered to be privileged proprietary and/or confidential information. Plaintiff's request to state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission is relevant in order to determine whether the trucking company has encouraged speeding by the method in which it pays a driver (for example, by the number of miles driven), or has encouraged other unsafe practices such as driving in excess of the maximum number of hours allowed. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

66.    Plaintiff's REQUEST FOR PRODUCTION NO. 21: Please produce any and all DOT inspection reports filed for ANDRE HEMRAJ for the year of this collision and three years prior.

Defendant's RESPONSE: Objection. Improper demand. Moreover, to the extent the request seeks records in that regard, such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.

The DOT inspection reports are maintained by the Defendant pursuant to Federal and State laws. Hence, they are not considered to be privileged proprietary and/or confidential information. Plaintiff requests DOT inspection reports filed for ANDRE HEMRAJ in order to the determine and verify the amount of time Defendant Andre Hemraj has been driving and the amount of sleep he has had. Such inspection reports are especially important to determine, if the cause of the crash is driver fatigue. Defendants are attempting to deprive plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from violation of the same.

67.     Plaintiff's REQUEST FOR PRODUCTION NO. 22: Please produce any and all long form DOT physicals for ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The DOT physical examinations are conducted pursuant to FMCSR sec 391.41,43 and are thus not privileged, irrelevant, contain proprietary and/or confidential information. Defendant's objection above to Plaintiff's corresponding request is absurd. It is relevant for the Plaintiff to be informed about Defendant Andre Hemraj's health, disability and sickness records to identify if he suffered from any health issue that would impair the driver's ability or alertness to make it unsafe for him to begin or continue to operate the commercial motor vehicle. Moreover, Litigation of this nature has an exception to the confidentiality issue. Hence, the requested materials are relevant and admissible in this action. Defendants are attempting to deprive plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from violation of the same.

68.     Plaintiff's REQUEST FOR PRODUCTION NO. 23: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for ANDRE HEMRAJ for the month of this collision.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not

reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"

Defendant's contention in the foregoing response, that the request is irrelevant is inappropriate. The request is relevant to know whether the driver is a safe driver or not. Likewise, the request does not seek proprietary information and is not overly burdensome as the said forms are maintained by the Defendant in compliance with Federal Motor Carrier Safety Regulations. The above request is also relevant to enable the Plaintiff to know if the defendant Andre Hemraj had a pattern of disregard of rules required to follow for operating commercial motor vehicle. Moreover, the said forms are essential to establish the amount of time Defendant Andre Hemraj was driving prior to the subject incident which would in turn determine if the cause of the subject incident was driver fatigue. The production of said documents is essential, especially in light of the denials set forth by Defendant's counsel in the answer served upon this office. Furthermore, Defendant is under obligation to monitor the Defendant driver to ensure Federal Motor Carrier Safety Regulations compliance. The above documents have to be discovered to analyze this component. Defendant's non compliance is a basis of liability since the carrier is responsible for obeying and enforcing the regulations and is directly responsible for, and often a participant in, violations of the safety regulations designed to protect the public. Further, Defendant's objection to the word "collision" is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

69.     Plaintiff's REQUEST FOR PRODUCTION NO. 24: Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead, to the discovery of admissible evidence. Defendant New England

30

Motor Freight, Inc. further objects to the words "crash" and "collision". Without waiving these objections, none.

Pursuant to corresponding laws, Federal and state field enforcement staff perform interstate and intrastate inspections of the commercial motor vehicles. Severe violations of the Federal Motor Carrier Safety Regulations may result in a vehicle and/or driver being placed "out-of-service." The data collected from such inspection activity is collected and stored in the FMCSA Motor Carrier Management Information System (MCMIS) Inspection data files. For the reasons stated above, the said request is relevant, not privileged and does not contain proprietary and/or confidential information. Further, Defendant's objection to the words "crash" and "collision" is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its exposure to punitive damages which will arise from said actions.

70.     Plaintiff's REQUEST FOR PRODUCTION NO. 25: Produce any photographs taken of the tractor trailer operated by ANDRE HEMRAJ at the scene of the collision, or anytime after.

Defendant's RESPONSE: Objection, to the extent this request seeks photographs taken in anticipation of litigation, or are otherwise attorney work product. Without waiving this objection, New England Motor Freight, Inc. is not in possession of photographs taken at the accident scene.

The Defendant's response above to Plaintiff's corresponding request is fractional. Defendant has failed to provide the photographs taken anytime after the accident as requested. Moreover, Defendant has contended that the information asked for by the Plaintiff is attorney work product. Pursuant to FRCP 26(b)(3)(A), the documents and tangible things prepared in attorney work product may be discovered if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Plaintiff was denied access to the subject tractor and trailer subsequent to the incident and consequentially was precluded from taking said photographs.

71.    Plaintiff's REQUEST FOR PRODUCTION NO. 26: Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by ANDRE HEMRAJ for NEW ENGLAND MOTOR FREIGHT, INC.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The said request is not irrelevant. It is relevant to know if the said Defendant required driver education with training programs tailored to local needs, if so it is relevant. Additionally, documentation evidencing the completion or non-completion of driver orientation programs by ANDRE HEMRAJ for NEW ENGLAND MOTOR FREIGHT, INC., is essential to know if the Defendant conveyed what rules to driver Andre Hemraj, which rules were withheld, if any, and the reasons for such withholding. Likewise, it would also help to understand if the Defendant driver Andre Hemraj was in compliance or non compliance of NEW ENGLAND MOTOR FREIGHT, INC.'s company policies pertaining to components such as:

Reporting to Work: When, where and to whom to report, procedures for signing in or clocking in.

Work Standards: Dates and responsibilities, motor vehicle record review process, performance evaluation, incentive program, benefits disciplinary procedure, vehicle accident reporting and review procedure.

Pre-Trip On The Road and Post Trip Inspections: Making inspections, recording results, and the importance of having defects corrected before departure.

Emergency Procedures: Vehicle accident handling at the scene and accident reporting procedures, how to handle breakdowns or other emergency situations.

Rules and Regulations: Company safety rules, local, state and Federal Motor Carrier Safety Regulations.

Routes and Schedules: Road conditions, hazardous and, congested areas, overhead clearances and width restrictions.

<u>Equipment Familiarization</u>: Operator controls, emergency equipment and safety equipment.

<u>Handling of Cargo</u>: Dealing with shippers and consignees, handling of bills, checking cargo, security and safety precautions.

<u>Special Equipment</u>: Loan tie downs, winches or hoists, pumps and hoses, etc.

<u>Procedures at Completion of Trip</u>: Parking and refueling vehicle, completion of records and reports, post trip inspections.

      72.     Plaintiff's REQUEST FOR PRODUCTION NO. 27: Produce copies of any and all satellite communications and e-mail for the day of the collision involving Plaintiff and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

a. trip distance

b. total vehicle driving time

c. load factor

d. vehicle speed limit

e. maximum vehicle speed recorded

f. number of hard brake incidents

g. current engine speed (rmp)

h. maximum and minimum cruise speed limits

I. total vehicle driving distance

j. fuel consumption (ga.Ihr.)

k. idle time

I. engine governed speed

m. maximum engine speed recorded

n. current throttle position

o. brake switch status (on/oft)

p. odometer

q. trip driving time

r. overall fuel economy (MPG)

s. average driving speed

t. # of engine overspeeds

u. # of vehicle overspeeds

v. Current vehicle speed (MPH)

w. Clutch switch status (on/oft)

x. Clock

y. jake brake status

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision". Without waiving this objection, none.

The response above is improper. The documents requested by Plaintiff are maintained by the Defendant under Federal Motor Carrier Safety Regulations, to conform with speed limits prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated. The said documents would also help to understand if the Defendant adjusted their schedules accordingly for such variances. Moreover, it is also essential to know if defendant Andre Hemraj faced pressure to accept schedules that cannot be met without violating speed limits. Further, Defendant's objection to the word "collision" is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

73.    Plaintiff's REQUEST FOR PRODUCTION NO. 28: Produce all policies including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

34

Defendant's RESPONSE: Defendant New England Motor Freight, Inc. objects to the word "collision". Without waiving this objection, plaintiff was previously provided with a declaration page setting forth commercial automobile coverage for accidents occurring on October 22, 2007.

Defendant's objection to the word "collision" is evasive.

74.    Plaintiff's REQUEST FOR PRODUCTION NO. 29: Please produce a copy of documents evidencing the completion or non-completion of any safe driving programs by ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The request does not seek proprietary information and is not privileged as the said documents are maintained by the Defendant in compliance with Federal Motor Carrier Safety Regulations. Documents evidencing the completion or non-completion of any safe driving programs by ANDRE HEMRAJ will enable Plaintiff's counsel to understand techniques taught to him by the Defendant NEMF that help them avoid collisions and violations, such as: defensive driving including: visual scanning, stopping distances, road hazards, user hazards, and communicating with other motorists.

75.    Plaintiff's REQUEST FOR PRODUCTION NO. 30: Please produce a copy of the driver manual, company handbook, or their equivalent issued to ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. Such manual or handbook, to the extent of its existence, is privileged, irrelevant, may contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

The request does not seek proprietary information and is not privileged as the said documents are maintained by the Defendant in compliance with Federal Motor Carrier Safety Regulations. Such manual or handbook will help to gain information if the Company and its employees are in compliance with the rules under Federal Motor Carrier Safety Regulations (FMCSR) and Department of Transportation (DOT). It is essential to know about policies and procedures adopted

35

by the Defendant in the company including: Alcohol and Drug Testing Procedures, detailed expense reports, time cards, log book pages, mileage reports, pick up receipts, load sheets, and any other appropriate paperwork, reflecting the prior weeks' activities, log books, physical exam cards, physicians statements, licenses, and other information, required of drivers by the Department of Transportation and the likes.

76.    Plaintiff's REQUEST FOR PRODUCTION NO. 31: Please produce a copy of the company safety rules or its equivalent issued to ANDRE HEMRAJ.

Defendant's RESPONSE: Objection. Such manual or handbook, to the extent of its existence, is privileged, irrelevant, may contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to Defendants response stating "manual or handbook". Plaintiff in the corresponding request has asked for "a copy of the company safety rules". Such a copy will help to gain information if the Company and its employees are in compliance with the rules under Federal Motor Carrier Safety Regulations (FMCSR) and Department of Transportation (DOT). Defendant's non compliance is a basis of liability since the carrier is responsible for obeying and enforcing the regulations and is directly responsible for, and often a participant in, violations of the safety regulations designed to protect the public. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

77.    Plaintiff's REQUEST FOR PRODUCTION NO. 32: Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or the trailer involved in the motor vehicle collision with Plaintiff.

Defendant's RESPONSE: Objection. Such files, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England

36

Motor Freight, Inc. further objects to the word "collision". Without waiving these objections, plaintiff is referred to the maintenance and/or repair records annexed to New England Motor Freight, Inc.'s Answers to Interrogatories.

Pursuant to corresponding laws, Federal and state field enforcement staff perform interstate and intrastate inspections of the commercial motor vehicles. Severe violations of the Federal Motor Carrier Safety Regulations may result in a vehicle and/or driver being placed "out-of-service." The data collected from such inspection activity is collected and stored in the FMCSA Motor Carrier Management Information System (MCMIS) Inspection data files. For the reasons stated above, the said request is relevant, not privileged and does not contain proprietary and/or confidential information. Further, Defendant's objection to the word "collision" is evasive. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

78.    Plaintiff's REQUEST FOR PRODUCTION NO. 33: Please produce the printout(s) from any commercial software program (e.g., JJ Keller's Log Checker©) or customized program used to record and audit ANDRE HEMRAJ's log book entries for the one year preceding October 22, 2007, the date of motor vehicle collision with Plaintiff.

Defendant's RESPONSE: Objection. Such files, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision". Without waiving these objections, none.

The printout(s) from any commercial software program (e.g., JJ Keller's Log Checker©) or customized program used to record and audit ANDRE HEMRAJ's log book entries is essential to verify their authenticity. False log books have been found to be a violation of the FMCSR entitling the plaintiff to negligence per se jury instruction. These log book requirements are part of the federal Regulations, and hence not privileged information as contented by the Defendant.

37

79.    Plaintiff's REQUEST FOR PRODUCTION NO. 34: Please produce the cellular phone records for ANDRE HEMRAJ for the day of the collision.

Defendant's RESPONSE: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision." Without waiving these objections, New England Motor Freight, Inc. is not in possession of any such records for October 22, 2007.

The above request is not privileged, irrelevant or contains proprietary and/or confidential information and it has substantial need for the materials to prepare the case. Such records are necessary to identify any and all calls which were made to the Defendant by Co-defendant Andre Hemraj or made by the Defendant to Co-defendant Andre Hemraj on October, 2007 and location of Co-defendant Andre Hemraj at the time of such calls. Again, the said records might add information about the defendant driver Andre Hemraj's state or actions prior and after the subject incident and also define Andre Hemraj's route of travel. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its liability and exposure to punitive damages which will arise from said actions.

## DEFENDANT ANDRE HEMRAJ's DEFICIENCIES AND FAILURE TO RESPOND TO PLAINTIFF's REQUEST FOR PRODUCTION

80.    Plaintiff's REQUEST FOR PRODUCTION NO. 1: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

Defendant's RESPONSE: Objection, to the extent this request seeks reports or investigations prepared in anticipation of litigation, or is otherwise attorney work product. Defendant Hemraj further objects to the word "crash." Without waiving these objections, see attached Accident or

Report of Damage and Supplemental Report, regarding the subject October 22, 2007 accident, which reports were previously provided in response to other discovery demands.

Defendant has waived his right to object to the current demand. Pursuant to the CPLR the period of objection is 20 days and in the FRCP, it is 30 days to the foregoing request. In the above response, Defendant has contended that the information asked for, by the Plaintiff is attorney work product. Pursuant to FRCP 26(b)(3)(A), the documents and tangible things prepared in attorney work product may be discovered if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. The foregoing documents demanded in the corresponding request are in Defendant's exclusive possession. Hence, Plaintiff cannot obtain them through other means.

81.    Plaintiff's REQUEST FOR PRODUCTION NO.3: Produce any copies of all photographs, slides, motion pictures, video tapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the collision involving Plaintiff to the `present.

Defendant's RESPONSE: Objection. This request is vague and overbroad. Without waiving this objection, defendant Hemraj, and his counsel, are not in possession of any materials relating to plaintiffs surveillance.

The forgoing request is highly specific and drafted in plain English. Defendant's response is evasive and that is failure to respond. Defendant does not respond to Plaintiff's requests for photographs, slides, motion pictures, video tapes and has not specified whether any party affiliated with Defendant contains the requested surveillance.

82.    Plaintiff's REQUEST FOR PRODUCTION NO.4: Produce any logs kept-official or unofficial-for the month of the collision with Plaintiff and six months prior.

Defendant's RESPONSE: Objection. Such logs, to the extent of their existence, are privileged, irrelevant, contain proprietary and confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant Hemraj is uncertain what is meant by "unofficial logs". Without waiving such objections, Defendant Hemraj

is not in possession of any such logs.

The above request is not privileged, irrelevant or contains proprietary and/or confidential information. The above request is relevant to enable the Plaintiff to know if the Defendant Andre Hemraj had a pattern of disregard of rules required to follow for operating commercial motor vehicle. The said logs have substantial need for the materials to prepare the case. Moreover, the said logs are essential to establish the amount of time Defendant Andre Hemraj was driving prior to the subject incident which would in turn determine if the cause of the subject incident was driver fatigue. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its exposure to punitive damages which will arise from said actions.

83.    Plaintiff's REQUEST FOR PRODUCTION NO.6: Please produce a copy of your cellular phone records for the day of the collision and the seven (7) days prior.

Defendant's RESPONSE: Objection, this request is irrelevant, overbroad, overly burdensome, seeks proprietary information, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant Hemraj is not in possession of these records.

The above request is not privileged, irrelevant or contains proprietary and/or confidential information. Defendant's response is inadequate as said Defendant has failed to maintain or retrieve the requested records. Such records are necessary to identify any and all calls which were made to the Defendant by Co-defendant Andre Hemraj or made by the Defendant to Co-defendant Andre Hemraj on October, 2007 and location of Co-defendant Andre Hemraj at the time of such calls. Again, the said records might add information about the defendant driver Andre Hemraj's state or actions prior and after the subject incident and also define Andre Hemraj's route of travel. Defendants are attempting to deprive Plaintiff of the forgoing information to limit its exposure to punitive damages which will arise from said actions.

84.    Given Defendants' failure to comply with the aforesaid Order of this Court, Plaintiff seeks an Order compelling the production of the aforesaid documentation.

85.    No prior request for the relief requested herein has heretofore been made.

Dated:        New York, New York
              July 29, 2008

_____
RAPHAEL WEITZMAN

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                         Plaintiff(s),

            -against-                            **COMBINED DEMANDS**

                                                  Index No.: 150522/2007

NEW ENGLAND MOTOR FREIGHT, INC. &
AUDRAY HEMRAJ,

                      Defendant(s).


-------------------------------------------------------------------X


S I RS:

      **PLEASE TAKE NOTICE**, that Plaintiff by her attorneys **WEITZMAN LAW OFFICES, L.L.C.,** hereby makes the following demands upon you:

    1.      Demand for the Names and Addresses of all Witnesses;

    2.      Demand for the Discovery and Inspection of any Statement of a party represented by the undersigned;

    3.      Demand for Insurance Coverage Information;

    4.      Demand for Photographs, Slides, Audio tapes, Video tapes and Motion pictures;

    5.      Demand for any Accident and/or Police Reports;

    6.      Demand for documents regarding inspection, maintenance and/or repair of condition;

1

7.    Demand for vehicle maintenance and repair records;

8.    Demand for Contracts; and

9.    Demand for Expert Witness Information.


returnable at the office of the undersigned at **10:00 a.m. on January 14, 2008** as follows:


## DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES


**PLEASE TAKE NOTICE**, that the undersigned hereby demands pursuant to CPLR §3101(a) and R.3120 (a) and the case of <u>Zellman v. Metropolitan Transportation Authority</u>, 40 A.D.2nd 248, 339 N.Y.S.2d 255, that you set forth in writing and under oath the names and addresses of each person claimed by any party you represent to be a witness to any of the following:

(a)    The occurrence alleged in the complaint;

(b)    Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;

(c)    The names and addresses of any witnesses to the acts or conditions substantiating the alleged affirmative defenses plead in your answer; and

(d)    The names and addresses of any individuals who commenced legal action for injuries sustained as a result of the occurrence complained of in the instant action.

2

If no such witnesses are known to any party you represent, so state in the sworn reply to this demand.  The undersigned will object upon trial to the testimony of any witnesses not so identified.

**PLEASE TAKE FURTHER NOTICE**, that if any party you represent or its representatives, obtain names and addresses of persons who witnessed the occurrence alleged in the complaint or the acts, notice or conditions substantiating the alleged affirmative defenses or have first hand knowledge of such facts subsequent to the service of this notice, this information is to be furnished to the Plaintiff(s), whenever obtained.  The Plaintiff(s) will object at the time of trial to the testimony of any persons not so identified.

DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT
OF A PARTY REPRESENTED BY THE UNDERSIGNED

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands upon behalf of the Plaintiff(s) in this action that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every statement made or taken by each party and his, her, or its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any matter bears on the issues in this action.  If no such statement(s) is(are) in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

DEMAND FOR DISCOVERY AND INSPECTION
OF INSURANCE COVERAGE

3

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the provisions of §3101 of the Civil Practice Law and Rules, any party you represent is required to serve upon the undersigned at the time and place specified above the declaration and coverage pages of any and all contracts of insurance and insurance policies, including the primary insurance policy of any party you represent, as well as reinsurance and/or excess liability, "umbrella," or "catastrophe" policies of any party you represent, the spouse of any party you represent or any relative residing with any party you represent, for liability on **October 22, 2007** giving the name and addresses of each insurance carrier, the policy numbers thereof, the dates of coverage and/or policy periods, and the amounts of such and each policy coverage.

If, after investigation, no such reinsurance, excess liability, "umbrella," or "catastrophe" policies are found to exist, so state in a sworn reply to this demand.

## DEMAND FOR PHOTOGRAPHS, AUDIO TAPES, SLIDES, VIDEO TAPES AND MOTION PICTURES

**PLEASE TAKE FURTHER NOTICE**, that undersigned demands on behalf of the Plaintiff(s) that pursuant to CPLR Article 31, you produce at the time and place above specified and permit the undersigned to discover, inspect, photograph and copy each and every photograph, audio tapes, slides, videotapes or motion pictures in defendant's custody, possession or control depicting the following:

(a)    The location where it is alleged that the occurrence complained of took place;

(b)    The condition complained of in the complaint;

(c)    Any vehicles involved in the occurrence depicting said vehicles after the occurrence;

4

(d)    The Plaintiff(s);

(e)    Any actions or activities of the Plaintiff(s);

(f)    The injuries sustained by the Plaintiff(s);

If no such photographs, slides, video or motion pictures are in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

<u>DEMAND FOR ACCIDENT REPORT</u>

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR §3101 and the case of <u>Pataki v. Kiseda</u>, 80 A.D.2d 100, 437 N.Y.S.2d 692 (2d Dept. 1981), that the undersigned demands upon behalf of the Plaintiff(s) in this action that you produce at the time and place above specified and permit the undersigned to discover, inspect and copy each and every written report of the occurrence which is the subject matter of this action, prepared in the regular course of business operations or practices of any party you represent, or persons or firms acting on behalf of any party you represent.  If no such report is in existence, so state in the sworn reply to this demand.

DEMAND FOR DOCUMENTS REGARDING INSPECTION,
<u>MAINTENANCE AND/OR REPAIR OF CONDITION</u>

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence

5

within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, cut forms, contracts, logs, log books, letters, charts, maps, diagrams and/or repair orders.

## DEMAND FOR VEHICLE MAINTENANCE AND REPAIR RECORDS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy each and every record of inspection, maintenance and repair of the motor vehicle involved in the occurrence for a period of one year prior to the date of the occurrence.

## DEMAND FOR CONTRACTS

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands on behalf of the Plaintiff(s) in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect and copy each and every contract between any of the parties to this action.

## REQUEST FOR DISCLOSURE OF EXPERT WITNESS INFORMATION PURSUANT TO CPLR §3101(d)

**PLEASE TAKE NOTICE**, that pursuant to §3101(d) of the Civil Practice Law and Rules, the undersigned hereby requests that you produce, within twenty (20) days after service of

this request, at the Law Offices of **WEITZMAN LAW OFFICES, L.L.C.**, 110 Wall Street,

New York, New York 10005 the following information:

(a)    Identify each person the party upon whom this request is served expects to call as an expert witness at the trial of this action.

(b)    The subject matter in reasonable detail upon which each expert named above is expected to testify at the trial of this action.

(c)    The substance of the facts and opinions upon which each expert named above is expected to testify at the trial of this action.

(d)    The complete qualifications of each expert named above.

(e)    A summary of the grounds for the opinion of each expert named above.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply, a motion will be made for an Order to Strike your Answer, with costs.

Dated:        New York, New York
              December 26, 2007

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

7

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

Defendants.

--------------------------------------------------------------------X

**NOTICE OF
DISCOVERY AND
INSPECTION**

Index No.: 150522/2007

**PLEASE TAKE NOTICE**, that pursuant to CPLR §3120, Defendants is hereby required to produce, furnish and permit discovery by the Plaintiff, by her attorneys, the following items or documents for inspection on **January 14, 2008**, at 2:00 o'clock in the afternoon, at the office of **WEITZMAN LAW OFFICES, L.L.C., 110 Wall Street, New York, New York 10005**:

      1.      The primary liability insurance policy insuring the Defendants on October 22, 2007.

      2.      Any personal, umbrella, excess or other insurance agreements covering the Defendants on October 22, 2007 which may be liable to satisfy part or all of the judgment entered herein or to indemnify or reimburse for payment made to satisfy any such judgment.

      This demand explicitly requires a response from the Defendants in person and under oath regarding the existence of such other coverage and responses such as "None Known" or "None to the Best of our Knowledge" from Defendant(s)' counsel will be deemed non-compliant.

1

3.    A copy of any statement given by, or on behalf of, the Plaintiff concerning this occurrence, whether such statement is oral or recorded, whether or not transcribed, whether signed or unsigned.

4.    The names and addresses of any and all witnesses known to the Defendants or to Defendant(s)' attorney who may have witnessed the occurrence or who may have first-hand knowledge of same. If no such persons are known to Defendants or Defendants' representatives, so state in reply to this demand.

The Plaintiff will object at the time of trial of this action to the testimony of any persons not so identified.

**PLEASE TAKE FURTHER NOTICE**, that this is a continuing demand, and that if the Defendants or Defendants' representatives obtain names and addresses of persons who may have witnessed the occurrence or who may have first-hand knowledge of the same subsequent to the service of this notice, or obtain any statement(s) made by said witnesses, such information must be furnished to the Plaintiff whenever so obtained. The Plaintiff will object at the time of trial of this action to introduction of any statements or testimony not previously identified.

5.    All photographs and/or pictures of the accident, the accident scene, the vehicles involved, any buildings, signals, signs, trees, shrubs or other landscape features which existed at the place of the occurrence.

6.    All photographs, videotapes, motion pictures and the like taken of the Plaintiff which Defendants will seek to introduce at the time of trial.

The Plaintiff will object at the time of trial of this action to the introduction of any photographs, videotapes, motion pictures and the like not so exchanged.

2

7.     The MV-104 Motor Vehicle Department report prepared by, or on behalf of, the Defendants with regard to the accident of October 22, 2007.

8.     A copy of all appraisals, damage estimates and repair bills concerning damage to Defendants' vehicle arising out of this accident.

9.     Name and address of the auto body repair shop that repaired Defendants' vehicle.

10.     Copies of all the maintenance records or service reports of the Defendant(s)' vehicle involved in the accident on October 22, 2007 for a period of one year prior to the date of the occurrence. Inspection, maintenance and repair records for the one-year period preceding the accident and the six-month period subsequent to the accident

11.     Name and address of the Service Centre that maintains and services the Defendant(s)' vehicle.

12.     If the Defendants' vehicle was leased, the title or ownership certificate to Defendants' leased vehicle, and the names and addresses of all owners listed on such certificate applicable on October 22, 2007.

13.     If the Defendants' vehicle was leased, the motor vehicle lease agreement in force on Defendants' leased vehicle on October 22, 2007, and the names and addresses of all lessors or lessees listed in said agreement.

14.     Any and all reports prepared in the ordinary course of business concerning the incident which is the subject of this lawsuit.

15.     Physical Inspection Of the vehicle involved in the incident on October 22, 2007.

16.     Daily inspection reports for the three-month period preceding the accident .

17.     Annual inspection report covering the date of the accident.

3

18.    Driver's qualification file and driver's logs for at least the eight-day period Preceding the accident.

19.    Accident register for the time period preceding the accident.

20.    Post-accident drug and alcohol tests of the Driver.

21.    Printouts or data from onboard recording devices.

22.    Downloadable data from the Electronic Control Module (ECM).

23.    Accident register for the time period preceding the accident.

24.    Bills of lading, weight tickets, hotel receipts, and similar documents for the eight day period preceding the accident.

25.    Policy and procedure manuals.

26.    Training documents including audio and video tapes used for the training.

The aforesaid discovery may be complied with by sending true copies of the aforementioned documents to the undersigned prior to the time hereinabove set forth for the production thereof.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained or come into the possession of the Defendants, their agents, servants, employees and/or attorneys after the date of this demand, they are to be furnished pursuant to this demand.

Dated:      New York, New York
            December 26, 2007

Yours, etc.

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street

4

Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008


TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

|  |  |
|---|---|
| Plaintiff, | **DEMAND FOR BILL OF PARTICULARS AS TO AFFIRMATIVE DEFENSES** |
| -against- |  |
| NEW ENGLAND MOTOR FREIGHT, INC.& AUDRAY HEMRAJ, | Index No.: 150522/2007 |
| Defendants. |  |

-------------------------------------------------------------------X

C O U N S E L O R S :

    **PLEASE TAKE NOTICE**, that the Plaintiff(s) hereby demand(s) that you serve upon

**WEITZMAN LAW OFFICES, L.L.C.**, attorney(s) for Plaintiff(s) within ten days after service

hereof a Verified Bill of Particulars of the allegations contained in Defendants' Answer, in which

Defendant(s) shall set forth and specify:

1.    A detailed statement of the act or acts of negligence culpability, lack of care or omissions on the part of the plaintiff which it will be claimed caused or contributed to the accident.

    (a)    Set forth the time and location of said acts and/or omissions.

2.    A statement of the degree, extent and/or proportion to which it will be claimed Plaintiff's alleged negligence contributed to the accident.

3.    State whether it will be claimed Plaintiff's alleged negligent acts were committed and/or omitted by Plaintiff(s) solely or jointly with other persons.

    (a)    If with other persons, set forth the names an addresses of other persons.

    (b)    Set forth a detailed statement of the act or acts of negligence and omissions which will be alleged on the part of each other person.

      (c)      Set forth the degree, extent and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident.

      (d)      Set forth the time and location of each of the aforesaid mentioned acts by each person.

4.      Set forth whether it will be alleged the injuries and/or damages sustained by Plaintiff(s) were in any way caused, initiated, continued and/or contributed to any acts or omissions of Plaintiff(s). If so, set forth:

      (a)      A detailed statement of the acts or omissions by Plaintiff(s) which it will be alleged caused, initiated, continued and/or contributed to Plaintiff's injuries and/or damages and the manner in which said acts or omissions occurred;

      (b)      The time and exact location of said act or omissions;

      (c)      The proportion, extent, degree and nature of Plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of Plaintiff(s) caused, continued and/or contributed to Plaintiff's injuries.

5.      Whether it will be claimed any other persons caused, continued and/or contributed to Plaintiff's injuries and/or damages. If so, set forth:

      (a)      The names and addresses of all such persons.

      (b)      The time and location of each person's acts or omissions.

      (c)      The manner in which each person's acts or omission occurred.

      (d)      The proportion, degree, and extent it will be alleged each person caused, continued and/or contributed to Plaintiff's injuries and/or damages.

6.      Set forth the total promotion, degree or extent to which it will be claimed Plaintiff's injuries and/or damages are diminished by Plaintiff's alleged negligence.

7.      Whether it will be alleged the vehicle in which Plaintiff(s) was(were) seated was equipped with seat belts and/or restraining devices. If so, state:

      (a)      The type of seat belt and/or device.

      (b)      Describe the material of which the seat belts were made.

(c)    Describe the style and make of each seat belt and/or device.

(d)    Whether it will be alleged said seat belts and/or device were in good and proper working order.

(e)    The last time, prior to the date of accident, it will be alleged said belts and/or devices were inspected or checked, and the name and address of the person performing the inspection.

(f)    Whether it will be alleged said belts and/or device has been repaired prior to the accident. If so, state:

(i)    The type of repair.
(ii)   The time and location of repair.
(iii)  Name and address of person or persons who performed the repairs.

(g)    A statement of the number of belts and/or devices it is alleged was(were) present in said vehicle at the time of the accident, specifying the exact location in the vehicle of each said belt and/or device.

8.    Whether it will be alleged that Plaintiff(s) was(were) not wearing a seat belt and/or restraining device at the time of the accident. If so, state the basis of this allegation.

9.    Set forth a detailed statement setting forth in what respect the alleged failure to wear belts and/or devices contributed to the injuries and damages of plaintiff.

10.   Set forth what injuries and damages it will be alleged Plaintiff(s) constituted to in failing to wear restraining devices.

11.   Set forth specifically to what extent and/or proportion it will be claimed the alleged failure to wear available belts and/or devices contributed to Plaintiff's injuries.

12.   Set forth specifically what injuries and/or sequellae it will be alleged Plaintiff(s) would not have sustained had they been wearing restraining devices.

13.   Set forth in detail the manner in which it will be alleged Plaintiff's failure to use available seat belts contributed to and/or caused their injuries.

14.   Set forth if it will be claimed that as a result of the alleged failure to use available seat belts and/or devices a portion and/or portions of Plaintiff's body came into contact with any portion of the vehicle in which Plaintiff(s) was(were) seated, which contact would not have occurred but for the alleged failure to use seat belts and/or devices. If so, state:

    (a)     Which portions of Plaintiff's body.

    (b)     Which parts of the vehicle.

    (c)     The manner in which it will be alleged the use of seatbelts and/or devices would have avoided said contact.


Dated:     New York, New York
           December 26, 2007

Yours, etc.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                                    Plaintiff,                              **DEMAND FOR
                                                                            DISCLOSURE OF
                    -against-                                               EXPERT WITNESS
                                                                            INFORMATION**
NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,                                                              Index No.: 150522/2007

                                    Defendants.

-------------------------------------------------------------------X

    **PLEASE TAKE NOTICE**, that pursuant to CPLR § 3101(d), you are hereby required to

furnish, within thirty (30) days hereof, each person whom you expect to call as an Expert Witness at

the trial of this matter, by stating for each such Expert Witness, with all details available to you or

your attorneys, the following:

    1. State the Name and address of every expert retained or employed by you in anticipation of

this litigation or preparation for trial whom you expect to call as a witness at the trial:

        (a)    The subject matter on which the expert is expected to
                testify;

        (b)    The substance of the facts and opinions of which the
                expert is expected to testify;

        (c)    A summary of the grounds for each such opinions;

        (d)    A brief chronological curriculum vitae of the witness'
                educational background and professional credentials,
                including the associations or societies of which the
                expert is a member, and as to medical personnel, the
                names and addresses of all hospitals on whose staffs
                such experts are or where such medical experts have
                courtesy privileges or act as consultants;

      (e)     Whether each named expert will testify as an expert at the trial of this case.

2.  With respect to any and all proposed medical expert witnesses, indicate:

      (a)     The area of expertise;

      (b)     educational background, including the names and addresses of each medical school attended;

      (c)     The names and addresses of each hospital to which an internship and residency was served and the dates thereof;

      (d)     The names and addresses of each hospital to which privileges of admitting patients is extended and the nature of the privilege;

      (e)     The state or states in which this individual was licensed to practice medicine;

      (f)     Each state in which this individual is actively engaged in the practice of medicine;

      (g)     societies which each said expert is a member of and the date of each membership;

      (h)     The present board certifications and/or qualifications, if any, and the dates given to each proposed expert witness;

      (i)     The subject matter on which each expert is expected to testify, including each and every act which will be claimed was good and accepted medical practice;

      (j)     The substance of these facts and opinions to which each expert is expected to testify, including a summary of his/her grounds for each opinion.

3.     State the names, addresses and qualifications of all expert witnesses and other persons known to you to have made studies or analysis as to the cause of the alleged injury involved herein:

      (a)     State the substance of such opinion as it relates to proximate cause;

      (b)    State the substance of such opinion as it relates to
proximate cause.

**PLEASE TAKE NOTICE**, that failure to respond to these demands will be deemed a

waiver as to the use of an expert by Defendants at the time of trial, and that, in such a case, a

preclusion order will be sought by Plaintiff enforcing such waiver.

**PLEASE TAKE FURTHER NOTICE,** that this demand is continuing in nature and

accordingly, must be supplemented or modified as soon as information contained in any response

hereto becomes inaccurate or incomplete.

Dated:      New York, New York
           December 26, 2007

Yours, etc.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No.: 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

                                        Plaintiff,

                -against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

                                        Defendants.

-----------------------------------------------------------------------X

**DEMAND FOR
PRODUCTION OF
INSURANCE
AGREEMENTS**

Index No.: 150522/2007

**PLEASE TAKE NOTICE** that, demand is hereby made upon you, pursuant to CPLR §
3101(f), to produce and permit Plaintiff(s), or the undersigned attorneys for Plaintiff(s), to inspect
and copy the contents of:

> (a)     Each and every primary, contributing, and excess insurance agreement under
> which any person carrying on an insurance business may be liable to satisfy
> part or all of a judgement which may be entered in this action or to indemnify
> or reimburse for payments made to satisfy the judgement;

> (b)     Each and every insurance agreement, under which the insurer is obligated to
> defend this action; and

> (c)     The amount of each such agreement.

**PLEASE TAKE FURTHER NOTICE**, that said insurance agreements are to be produced
at the offices of **WEITZMAN LAW OFFICES, L.L.C.**, 110 Wall Street, New York, New York
10005, on January 14, 2008, at which time they will be physically inspected, copied or mechanically
reproduced and returned.

**PLEASE TAKE FURTHER NOTICE**, that failure to produce said agreements, or true and accurate copies of same, at the time and place specified in this demand will result in a motion for appropriate relief.

Dated:        New York, New York
              December 26, 2007

Yours, etc.

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No.: 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
MAGDA EISENBERG,

Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT, INC.&
AUDRAY HEMRAJ,

Defendants.

------------------------------------------------------------------X

**NOTICE OF DISCOVERY
AND INSPECTION AND
COMBINED DEMAND**

Index No. 150522/2007

**PLEASE TAKE NOTICE**, that the Plaintiff(s) demand(s) that the Defendant(s), and each of them, produce and allow discovery and inspection to be made by the Plaintiff's attorneys of:

1.     Any and all original policies of insurance (both primary and excess) together with any and all endorsements relating thereto, whether or not physically annexed to the original policies of insurance, which were in force and effect and relating in any way to the accident/occurrence which gave rise to this action.  In the event that this action relates to a motor vehicle accident, in which the operator of the motor vehicle is not the owner, you are required to produce and allow discovery and inspection to be made by the plaintiff's attorneys of any and all policies of insurance (both primary and excess) together with any and all endorsements relating thereto whether or not physically annexed to the original policies of insurance, and which were in force and effect of any motor vehicle either owned by the operator of owned by any member of the operator's household on the date of the accident/occurrence.

2.     All photographs showing the motor vehicles of the Plaintiff(s) or of the Defendant(s) and which were involved in the accident/occurrence taken at any time following the accident/occurrence.

3.  All photographs, motion pictures, videotape films, all surveillance materials taken of the Plaintiff(s) of any kind whatsoever.

4.  All reports, incident reports and statements made in the regular course of business of the Defendant(s), whether written, recorded or otherwise, and whether or not made exclusively for litigation purposes, and relating to the occurrence in which the Plaintiff(s) claims injury.

5.  All records of inspection, maintenance and/or repair of the Defendant(s)' motor vehicle(s) on the date of the occurrence and for a period of one (1) year prior thereto.

6.  The name and address of each person claimed to be a witness by any party that you represent to any of the following:

      (a)  the occurrence alleged in the Complaint;

      (b)  as an eyewitness to the occurrence alleged in the Complaint and/or circumstances regarding the same;

      (c)  any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint;

      (d)  first-hand knowledge of the condition of the site of the occurrence at the time of the occurrence;

      (e)  the nature and duration of the condition alleged by the Plaintiff(s) to have caused the occurrence alleged in the Complaint; and

      (f)  any admission or statement allegedly made by the Plaintiff(s) concerning the happening of the occurrence alleged in the Complaint.

7.  The name and address of any expert the Defendant(s) expect(s) to call at the time of trial setting forth:

      (a)  the subject matter on which each expert is expected to testify;

      (b)  the substance of the facts and opinions each expert is expected to testify on;

      (c)  the qualifications of each expert; and

(d)      the summary of grounds for the opinion expressed by each expert.

8.      All   photographs   showing   the   scene,   site   or   location   of   the accident/occurrence taken at any time following the accident/occurrence.

9.      Copies of all statements, whether oral, signed or unsigned, recorded or unrecorded, electronically recorded by the Plaintiff(s), or any of them, in any way relating to the accident/occurrence.

10.      Copies of all photographs, video tapes or movies ("surveillance materials") taken by the Defendant(s) subsequent to the commencement of this action and which purport to depict the Plaintiff(s). This is a continuing demand, up to and including trial, and in the event that this demand is not complied with, the Plaintiff(s) will move to preclude the Defendant(s) from offering into evidence upon the trial of the action that which this item seeks and which the Defendant(s) has(have) not provided.

11.      The name and address of every person, firm, business entity or other that the Defendant(s) claim(s) caused, or in any way contributed to, the happening of the occurrence set forth in the Complaint, or is responsible in whole or in part for any of the injuries and/or damages sustained by the Plaintiff(s), and over which the Plaintiff(s) can with due diligence obtain jurisdiction over.

12.      A copy of each and every M.V. report (MV-104) prepared by and/or signed by any Defendant and which relates to the happening of the occurrence in which the parties were involved.

This is a continuing demand, and in the event knowledge is acquired of the name and address of any person claimed to be a witness or participant to the occurrence which gave rise to the commencement of this action, or who has been consulted as an expert, and such knowledge is acquired subsequent to the receipt of this demand, up to and including the trial of this action, you are required to set forth in writing, and under oath, the name and address of such

persons. In the event this Demand is not complied with, the Plaintiff(s) will, upon the trial of this action, move the Court to preclude and forbid the testimony of any witness offered by the Defendant(s) as to whom the name and address has not thereto been furnished to the Plaintiff's attorneys, pursuant to this Demand.

**PLEASE TAKE FURTHER NOTICE**, that Discovery and Inspection will take place on January 14, 2008 at 10:00 A.M. at the Plaintiff(s)' attorneys' office located at 110 Wall Street, New York, New York, 10005.

**PLEASE TAKE FURTHER NOTICE**, that your default will result in an application being made to the Court for appropriate relief, with costs.

Dated:       New York, New York
             December 26, 2007

Yours, etc.,

RAPHAEL WEITZMAN
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

4

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

MAGDA EISENBERG,                          Civil Action No.: 08cv01469(VM)

                          Plaintiff,

        -against-
                                          **PARTIES' JOINT DISCOVERY PLAN**

NEW ENGLAND MOTOR FREIGHT,
INC. & AUDRAY HEMRAJ,

                          Defendants.
-----------------------------------------------------X

        Plaintiff and Defendants, through their respective undersigned counsel, hereby submit for

the Court's consideration, pursuant to F.R.C.P 26(f), the following joint discovery plan:

        1.      Automatic Disclosures:  Waived

        2.      Demands and Interrogatories:  Served no later than April 25, 2008, with limits for

same as set forth in Federal Rules of Civil Procedure, and as modified by the Local Rules for the

Southern District of New York. _Service of additional interrogatories may then follow._

        3.      Responses and Answers to Demands and Interrogatories:  Served no later than

May 28, 2008.

        4.      Party Depositions:  Plaintiff's deposition to take place no later than July 14, 2008.

Depositions of defendant Andre Hemraj and a representative for New England Motor Freight,

Inc. to take place no later than July 28, 2008.

        5.      Non-Party Depositions:  Subpoenas to issue no later than September 8, 2008.

        6.      Medical Examinations:  Plaintiff to appear for defense medical examinations with

medical professionals of defendants' choosing no later than September 8, 2008.

Case 1:08-cv-01469-VM-DCF    Document 42-3    Filed 07/30/2008    Page 3 of 3
☑005/005
04/09/2008 Case 1:08-cv-01469-VM-DCF    Document 25    Filed 04/15/2008    Page 2 of 2

7.    Plaintiff's Expert Disclosure:  To be served on liability and damages no later than

September 8, 2008.

8.    Defendants' Expert Disclosure:  To be served on liability and damages no later

than October 30, 2008.

9.    Expert Depositions:  To be completed no later than January 9, 2009.

10.    Privilege Issues:  Privileged documentation shall not be produced.  Parties may

redact privileged information.  *Parties to produce privilege logs as required by the rules.*

11.    Discovery Disputes:  To be addressed in accordance with Judge Freeman's Local

Rules.    *12. Any Motions to amend the pleadings or join additional parties to be served and filed no later than June 30, 2008.*

Dated: Lake Success, New York
      April 9, 2008

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP

_____
Todd C. Rubenstein
Attorneys for Defendants
NEW ENGLAND MOTOR FREIGHT, INC.
AND ANDRE HEMRAJ (improperly sued herein
as AUDRAY HEMRAJ)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

Weitzman Law Offices, LLC

_____
Raphael Weitzman
Attorneys for Plaintiff
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, NY 10005
212-248-5200

SO ORDERED:  4/9/08

_____
Magistrate Judge Debra Freeman, USMJ

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MAGDA EISENBERG,

                         Plaintiff,

            -against-

NEW ENGLAND MOTOR FREIGHT, INC. &
ANDRE HEMRAJ,

                     Defendants.

--------------------------------------------------------------------X

**INTERROGATORIES**

Civil Action File No.:
08 CV 1469(VM)

C O U N S E L:

      The following Interrogatories, Request for Production of Documents, and Request for Admissions are submitted to NEW ENGLAND MOTOR FREIGHT, INC. to be answered under oath, in writing within THIRTY (30) days after the date of service thereon upon you, in accordance with the Federal Court Rules.

## INSTRUCTIONS FOR RESPONDING

      a. All information and documents are to be divulged which are in your possession, custody or control or within the possession, custody or control of your attorneys, investigators, agents, employees or other representatives of you or your attorneys.

      b. You are reminded that all Answers must be made separately and fully, and that an incomplete or an evasive Answer is a failure to answer.

      c. After the Answer to each of the following interrogatories, identify separately and in a manner suitable for use as a description in a subpoena, all sources of information (whether documentary, human, or otherwise) and all records maintained by Defendant or any other person or

organization on which the Defendant relies in answering the interrogatories or which pertain or relate to the information called for by the interrogatories.

d. You are hereby instructed in accordance with the Federal Rules of Civil Procedure to reasonably supplement your responses to these Interrogatories and Request for Production of Documents if and as they may change during the course of the proceedings of this litigation.

e. The following Request for Production of Documents shall be made at the office of counsel for Plaintiff. Such production may be attached to Defendant's Answers to Interrogatories in lieu of producing at said offices.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

INTERROGATORY NO. 2: Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

INTERROGATORY NO. 3: Please state the name and address of the owner(s) of the tractor and trailer that was involved in the incident described in the Plaintiff's foregoing Complaint for damages.

INTERROGATORY NO. 4: Please state the full name, address, date of birth, employer and social security number of the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007.

INTERROGATORY NO. 5: Please state whether the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007 was employed by NEW ENGLAND MOTOR FREIGHT, INC. on the date of the collision. If so, describe his position and when he began working for NEW ENGLAND MOTOR FREIGHT, INC. If this person was not an employee of NEW ENGLAND MOTOR FREIGHT, INC., state the nature of the business relationship between ANDRE HEMRAJ and NEW ENGLAND MOTOR FREIGHT, INC..

INTERROGATORY NO. 6: If ANDRE HEMRAJ was not acting within the course and scope of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

INTERROGATORY NO. 7: Immediately following the incident of October 22, 2007, please state:

a. The person at New England Motor Freight, Inc. who was first notified of the accident?

b. The date and time this person was notified?

c. Whether anyone created a written record of the accident, and if so, whom?

d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?

e. Is this record kept in the ordinary course of business?

INTERROGATORY NO. 8: Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

INTERROGATORY NO. 9: Has NEW ENGLAND MOTOR FREIGHT, INC., or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

INTERROGATORY NO. 10: At the time of the incident in question:

a. List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for NEW ENGLAND MOTOR FREIGHT, INC. and for the owner of the trailer.

b. Liability coverage limit of each type of insurance identified.

c. Whether there is any liability deductible and/or self insured retention which requires payment from the Defendant, and.

d. The amount of said liability deductible or self insured retention.

INTERROGATORY NO. 11: Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

INTERROGATORY NO. 12: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

INTERROGATORY NO. 13: Did ANDRE HEMRAJ complete an application for employment pursuant to 49 CFR 391.21 and/or any other pre-employment paperwork prior to employment by NEW ENGLAND MOTOR FREIGHT, INC.?

INTERROGATORY NO. 14: Please state what maintenance had been performed on the tractor and/or trailer of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please state the following:

a. What prompted the maintenance visit;

b. Who performed the maintenance;

c. Who diagnosed the necessity for maintenance;

d. What diagnosis was rendered;

e. When were the repairs performed;

f. What, if any, parts were replaced; and,

g. Did the problem reoccur? If so, when?

INTERROGATORY NO. 15: Describe with particularity the load that the tractor-trailer was hauling at the time of the collision that is the subject of this lawsuit, including any HAZMAT items. In addition, identify where the load (or portions thereof) was to be delivered had the collision not

occurred and the total gross vehicle weight of the tractor trailer when it left Defendant, NEW ENGLAND MOTOR FREIGHT, INC.'s facility in New Jersey, the morning of the collision.

INTERROGATORY NO. 16: Describe the load when the tractor-trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

INTERROGATORY NO. 17: Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the tractor-trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

INTERROGATORY NO. 18: Did NEW ENGLAND MOTOR FREIGHT, INC. make an inspection of the tractor-trailer at the inception of the lease or contract?

INTERROGATORY NO. 19: Identify the USDOT number displayed on the tractor-trailer on the date of the incident.

INTERROGATORY NO. 20: Please state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

INTERROGATORY NO. 21: Please state the name, address, phone number, and title of the individual(s) at NEW ENGLAND MOTOR FREIGHT, INC. who would verify pursuant to 49 CFR 390.3 whether ANDRE HEMRAJ was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

INTERROGATORY NO. 22: Please state all training that NEW ENGLAND MOTOR FREIGHT, INC. provides or requires for its drivers/contractors.

INTERROGATORY NO. 23: At the time of this incident, was the tractor-trailer equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as

SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

INTERROGATORY NO. 24: List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Caterpillar) and the year it was made.

INTERROGATORY NO. 25: Does NEW ENGLAND MOTOR FREIGHT, INC. maintain a database for its drivers/contractors for recording and auditing their logbook entries and verifying if they are in compliance with federal safety regulations or is this function outsourced to another company?

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

REQUEST FOR PRODUCTION NO. 2: Please produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with Plaintiff and all accidents 3 years prior to October 22, 2007.

REQUEST FOR PRODUCTION NO. 3: If ISO certified, please produce all ISO Certification documents.

REQUEST FOR PRODUCTION NO. 4: Please produce all documents prepared concerning all inspections performed on the tractor and the trailer involved in this accident.

REQUEST FOR PRODUCTION NO. 5: Please produce all leases and contracts that were in effect for the tractor and/or the trailer on the day of the accident.

REQUEST FOR PRODUCTION NO. 6: Please produce the entire personnel file of ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 7: Please produce the entire qualification file of ANDRE HEMRAJ maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

REQUEST FOR PRODUCTION NO. 8: Please produce the entire drug and alcohol file of ANDRE HEMRAJ including but not limited to pre employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 40.323.

REQUEST FOR PRODUCTION NO. 9: Please produce the entire driver investigation history file or its equivalent for ANDRE HEMRAJ maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

REQUEST FOR PRODUCTION NO. 10: Please produce any other file kept concerning ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 11: Please produce any and all payroll and benefit records for ANDRE HEMRAJ for five years prior to the collision to one year after.

REQUEST FOR PRODUCTION NO. 12: Please produce any and all cancelled checks of any kind paid to ANDRE HEMRAJ for 12 months prior and 6 months after the collision.

REQUEST FOR PRODUCTION NO. 13: Please produce all logs–official or unofficial–of ANDRE HEMRAJ for the six months before the collision involving Plaintiff and for thirty days after the collision maintained pursuant to 49 CFR 395.8(k) and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

REQUEST FOR PRODUCTION NO. 14: Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of ANDRE HEMRAJ for the five years prior to the collision involving Plaintiff.

REQUEST FOR PRODUCTION NO. 15: Please produce all records of ANDRE HEMRAJ for the 7 days prior to the collision and for the day of the collision. Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A).

    a. Bills of lading;

    b. Carrier pros;

    c. Freight bills;

d. Dispatch records;

e. Driver call-in records;

f. Gate record receipts;

g. Weight/scale tickets;

h. Fuel billing statements and/or summaries;

i. Toll receipts;

j. International registration plan receipts;

k. International fuel tax agreement receipts;

l. Trip permits;

m. Lessor settlement sheets;

n. Port of entry receipts;

o. Cash advance receipts;

p. Delivery receipts;

q. Lumper receipts;

r. Interchange and inspection reports;

s. Over/short and damage reports;

t. Agricultural inspection reports;

u. Commercial Vehicle Safety Alliance reports;

v. Accident reports;

w. Telephone billing statements;

x. Credit card receipts;

y. Driver fax reports;

z. On-board computer reports

aa. Border crossing reports

bb. Custom declarations

cc. Traffic citations

dd. Overweight/oversize reports and citations

ee. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

REQUEST FOR PRODUCTION NO. 16: Please produce any and all cellular and telephone records and bills of ANDRE HEMRAJ for the day of the motor vehicle collision with Plaintiff and seven days prior.

REQUEST FOR PRODUCTION NO. 17: Please produce any and all credit card bills and receipts for ANDRE HEMRAJ for the month of the motor vehicle collision with Plaintiff.

REQUEST FOR PRODUCTION NO. 18: Please produce copies of any and all fuel tax reports of ANDRE HEMRAJ for the year of this collision.

REQUEST FOR PRODUCTION NO. 19: Please produce any and all state safety audits for ANDRE HEMRAJ for the year of this collision and three years prior.

REQUEST FOR PRODUCTION NO. 20: Please produce any and all federal accident reports filed for ANDRE HEMRAJ the year of this collision and three years prior.

REQUEST FOR PRODUCTION NO. 21: Please produce any and all DOT inspection reports filed for ANDRE HEMRAJ for the year of this collision and three years prior.

REQUEST FOR PRODUCTION NO. 22: Please produce any and all long form DOT physicals for ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 23: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for ANDRE HEMRAJ for the month of this collision.

REQUEST FOR PRODUCTION NO. 24: Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

REQUEST FOR PRODUCTION NO. 25: Produce any photographs taken of the tractor trailer operated by ANDRE HEMRAJ at the scene of the collision, or anytime after.

REQUEST FOR PRODUCTION NO. 26: Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by ANDRE HEMRAJ for NEW ENGLAND MOTOR FREIGHT, INC..

REQUEST FOR PRODUCTION NO. 27: Produce copies of any and all satellite communications and e-mail for the day of the collision involving Plaintiff and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

    a. trip distance

    b. total vehicle driving time

    c. load factor

    d. vehicle speed limit

    e. maximum vehicle speed recorded

    f. number of hard brake incidents

    g. current engine speed (rpm)

    h. maximum and minimum cruise speed limits

    i. total vehicle driving distance

    j. fuel consumption (gal./hr.)

    k. idle time

l. engine governed speed

m. maximum engine speed recorded

n. current throttle position

o. brake switch status (on/off)

p. odometer

q. trip driving time

r. overall fuel economy (MPG)

s. average driving speed

t. # of engine overspeeds

u. # of vehicle overspeeds

v. current vehicle speed (MPH)

w. clutch switch status (on/off)

x. clock

y. jake brake status

REQUEST FOR PRODUCTION NO. 28: Produce all policies including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

REQUEST FOR PRODUCTION NO. 29: Please produce a copy of documents evidencing the completion or non-completion of any safe driving programs by ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 30: Please produce a copy of the driver manual, company handbook, or their equivalent issued to ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 31: Please produce a copy of the company safety rules or its equivalent issued to ANDRE HEMRAJ.

REQUEST FOR PRODUCTION NO. 32: Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or the trailer involved in the motor vehicle collision with Plaintiff.

REQUEST FOR PRODUCTION NO. 33: Please produce the printout(s) from any commercial software program (e.g., JJ Keller's LogChecker©) or customized program used to record and audit ANDRE HEMRAJ's log book entries for the one year preceding October 22, 2007, the date of motor vehicle collision with Plaintiff.

REQUEST FOR PRODUCTION NO. 34: Please produce the cellular phone records for ANDRE HEMRAJ for the day of the collision.

## REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1: Admit or deny that on October 22, 2007, ANDRE HEMRAJ failed to observe safety regulations while operating a commercial motor vehicle.

REQUEST FOR ADMISSION NO. 2: Admit or deny that ANDRE HEMRAJ was acting in the scope and course of his employment with NEW ENGLAND MOTOR FREIGHT, INC. on October 22, 2007 when the collision with Plaintiff occurred.

REQUEST FOR ADMISSION NO. 3: Admit or deny that ANDRE HEMRAJ was negligent in the collision involving Plaintiff on October 22, 2007.

REQUEST FOR ADMISSION NO. 4: Admit or deny that Plaintiff, MAGDA EISENBERG was not contributorily negligent in the October 22, 2007 collision.

REQUEST FOR ADMISSION NO. 5: Admit or deny that ANDRE HEMRAJ's negligence solely and proximately caused some injury to MAGDA EISENBERG.

REQUEST FOR ADMISSION NO. 6: Admit or deny that ANDRE HEMRAJ's negligence solely and proximately caused the injuries alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 7: Admit or deny that Defendant was served a copy of the Complaint in the matter of the above captioned action.

Dated:      New York, New York
            April 8, 2008

            Yours, etc.

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008


TO:    Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
MAGDA EISENBERG,

                             Plaintiff,                           **INTERROGATORIES**

          -against-                                               Civil Action File No.:
                                                                  08 CV 1469 (VM)
NEW ENGLAND MOTOR FREIGHT, INC. &
ANDRE HEMRAJ,

                             Defendants.

--------------------------------------------------------------------X

C O U N S E L:

     The following Interrogatories, Request for Production of Documents, and Request for

Admissions are submitted to ANDRE HEMRAJ to be answered under oath, in writing within

THIRTY (30) days after the date of service thereon upon you, in accordance with the Federal Court

Rules.

## INSTRUCTIONS FOR RESPONDING

     a. All information and documents are to be divulged which are in your possession, custody or

control or within the possession, custody or control of your attorneys, investigators, agents,

employees or other representatives of you or your attorneys.

     b. You are reminded that all Answers must be made separately and fully, and that an

incomplete or an evasive Answer is a failure to answer.

     c. After the Answer to each of the following interrogatories, identify separately and in a

manner suitable for use as a description in a subpoena, all sources of information (whether

1

documentary, human, or otherwise) and all records maintained by Defendant or any other person or organization on which the Defendant relies in answering the interrogatories or which pertain or relate to the information called for by the interrogatories.

d. You are hereby instructed in accordance with the Federal Rules of Civil Procedure to reasonably supplement your responses to these Interrogatories and Request for Production of Documents if and as they may change during the course of the proceedings of this litigation.

e. The following Request for Production of Documents shall be made at the office of counsel for Plaintiff. Such production may be attached to Defendant's Answers to Interrogatories in lieu of producing at said offices.

INTERROGATORY NO. 1: Where were you coming from and where were you going at the time of the accident as alleged in the Complaint?

INTERROGATORY NO. 2: Describe with particularity the load that you were hauling at the time of the collision that is the subject of this lawsuit, including any HAZMAT items. In addition, identify where the load (or portions thereof) was to be delivered had the collision not occurred and the total gross vehicle weight of the tractor trailer when it left defendant's facility in New Jersey the morning of the collision.

INTERROGATORY NO. 3: Describe the exact route that you followed from the point where your trip commenced to the point where the accident occurred.

INTERROGATORY NO. 4: Please state in detail how the accident occurred. If there is more than one version, state separately and identify its source.

INTERROGATORY NO. 5: State the full name and address of each person who witnessed or claims to have witnessed the accident.

INTERROGATORY NO. 6: State the full name and address of each person who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the accident.

INTERROGATORY NO. 7: Did you give a statement(s), oral or written, to anyone concerning the incident as alleged in suit? If so, state the name and address of person taking such statement(s).

INTERROGATORY NO. 8: State the condition of the roads and the weather at the time of the motor vehicle collision as alleged in suit.

INTERROGATORY NO. 9: Identify and describe all traffic citations you received for a period of five years before the collision that is the subject of this lawsuit. Include the violation for which you were cited, whether you plead guilty, whether you were found guilty, the state, city or jurisdiction that issued each citation, the state and court in which each citation was prosecuted, and whether each violation was in a commercial motor vehicle or personal vehicle.

INTERROGATORY NO. 10: Other than the incident at issue, please list all other incidents involving alleged personal injury in which you have been involved.

INTERROGATORY NO. 11: Please state with whom you were employed/under lease agreement within the last SIX (6) months prior to the motor vehicle collision with Plaintiff. Please state the place of your employment/lease, supervisors, type of work, and the length of time you were employed/leased at each place of employment.

INTERROGATORY NO. 12: Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

INTERROGATORY NO. 13: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

INTERROGATORY NO. 14: Has any person likely to have discoverable information about the claims and defenses in this case given a written or recorded statement to you or your agent, if so, please state the name and address of such person, the name and address of the person who has the present custody or control of each such statement.

4

INTERROGATORY NO. 15: List and describe any and all items you intend to offer as exhibits at trial, and explain how each item supports your case. In the alternative, attach copies of all such exhibits to your Answers.

INTERROGATORY NO. 16: Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your Answers.

INTERROGATORY NO. 17: Have you, your agent, your attorneys, insurance company or anyone on your behalf requested and/or received any information from any computer information source or center concerning the plaintiff in this suit? If so, please state the name, address and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, job title of the person so ordering the information, and the name of the information source or center used.

INTERROGATORY NO. 18: State whether there has been a surveillance of Plaintiff's activities from the date of the incident(s) referred to in Plaintiff's Complaint to the present, and if so, state:

a. The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

b. Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

c. Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

5

INTERROGATORY NO. 19: Please state whether you completed a driver's accident report form or its equivalent at any time for your employer/leasor detailing the incident of October 22, 2007.

INTERROGATORY NO. 20: Please state whether you were operating or attempting to operate a cellular phone or other communication device at the time of or in the minutes before the collision with Plaintiff.

INTERROGATORY NO. 21: List all states you primarily operated a commercial motor vehicle in for the 36 months prior to the motor vehicle collision involving Plaintiff.

INTERROGATORY NO. 22: Has your commercial driver's license (CDL) ever been suspended or revoked? If so, identify and describe when all suspensions or revocations occurred, the grounds for the suspension or revocation, and when your CDL was reinstated.

INTERROGATORY NO. 23: State whether NEW ENGLAND MOTOR FREIGHT, INC. imposed any employee discipline or adverse action on you as a result of the collision. If so, describe the employee discipline and/or adverse action NEW ENGLAND MOTOR FREIGHT, INC. took, when it was imposed, why it was imposed, and when the actions stopped.

INTERROGATORY NO. 24: Identify all inspections you performed on the vehicle involved in the collision in the week before and on the day of the occurrence. For every such inspection, identify whether your inspection revealed any defects or conditions, and, if so, describe them and explain how you documented your inspection and findings.

6

# REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

REQUEST FOR PRODUCTION NO. 2: Produce copies of any and all insurance policies for the tractor-trailer involved in the collision with Plaintiff.

REQUEST FOR PRODUCTION NO. 3: Produce copies of all photographs, slides, motion pictures, video tapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the collision involving Plaintiff to the present.

REQUEST FOR PRODUCTION NO. 4: Produce any logs kept–official or unofficial–for the month of the collision with Plaintiff and six months prior.

REQUEST FOR PRODUCTION NO. 5: Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor and the trailer involved in the collision with Plaintiff.

REQUEST FOR PRODUCTION NO. 6: Please produce a copy of your cellular phone records for the day of the collision and the seven (7) days prior.

# REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1: Admit that on October 22, 2007, you observed safety regulations while operating a commercial motor vehicle.

REQUEST FOR ADMISSION NO. 2: Admit that you were acting in the scope and course of your employment/lease agreement with NEW ENGLAND MOTOR FREIGHT, INC. on October 22, 2007 when the collision with Plaintiff occurred.

REQUEST FOR ADMISSION NO. 3: Admit that you were negligent in the collision of October 22, 2007.

REQUEST FOR ADMISSION NO. 4: Admit that Plaintiff, MAGDA EISENBERG was not contributory negligent in the October 22, 2007 collision.

REQUEST FOR ADMISSION NO. 5: Admit that your negligence solely and proximately caused some injury to Plaintiff, MAGDA EISENBERG.

REQUEST FOR ADMISSION NO. 6: Admit that your negligence solely and proximately caused the injuries alleged in Plaintiff's Complaint.

REQUEST FOR ADMISSION NO. 7: Admit or deny that you were served a copy of the Complaint in the matter of the above captioned action.


Dated:      New York, New York
            April 8, 2008

8

Yours, etc.

Raphael Weitzman
Weitzman Law Offices, L.L.C.
Attorneys for Plaintiff(s)
MAGDA EISENBERG
110 Wall Street
Eleventh Floor
New York, New York 10005
212-248-5200
Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MAGDA EISENBERG,

<table>
<tr><td></td><td></td></tr>
</table>

|  |  |
|---|---|
| Plaintiff, | **NOTICE OF DISCOVERY AND INSPECTION** |
| -against- |  |
| NEW ENGLAND MOTOR FREIGHT, INC.& ANDRE HEMRAJ, | Civil File No.: 08 CV 1469 |
| Defendants. |  |

-----------------------------------------------------------------------X
C O U N S E L O R S :

**PLEASE TAKE NOTICE**, that pursuant to the FRCP, Rule 34, Defendants are hereby required to produce, furnish and permit discovery by the Plaintiff, by her attorneys, the following items or documents for inspection on March 28, 2008, at 2:00 o'clock in the afternoon, at the office of **WEITZMAN LAW OFFICES, L.L.C., 110 Wall Street, New York, New York 10005**:

1. The name and address of the owner of the subject Tractor

2. The name and address of the owner of the subject Trailer.

3. Any personal, umbrella, excess or other insurance agreements covering the subject Tractor and/or Trailer on October 22, 2007 which may be liable to satisfy part or all of the judgment entered herein or to indemnify or reimburse for payment made to satisfy any such judgment.

This demand explicitly requires a response from the Defendants in person and under oath regarding the existence of such other coverage and responses such as "None

Known" or "None to the Best of our Knowledge" from Defendant(s)' counsel will be deemed non-compliant.

The aforesaid discovery may be complied with by sending true copies of the aforementioned documents to the undersigned prior to the time hereinabove set forth for the production thereof.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained or come into the possession of the Defendants, their agents, servants, employees and/or attorneys after the date of this demand, they are to be furnished pursuant to this demand.

Dated:        New York, New York
              March 14, 2008

                                    Yours, etc.

                                    Raphael Weitxman
                                    Weitzman Law Offices, L.L.C.
                                    Attorneys for Plaintiff(s)
                                    MAGDA EISENBERG
                                    110 Wall Street
                                    Eleventh Floor
                                    New York, New York 10005
                                    212-248-5200
                                    Our File No. 07-0008

TO:

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant(s)
AUDRAY HEMRAJ AND NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
(516) 328-2300

# EXHIBIT D

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

June 12, 2008

Todd Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Re: Eisenberg v. New England Motor Freight, Inc.
Your File No. 100 - 797
Our File No. 07-0008

Dear Mr. Rubenstein:

On April 8, 2008, Federal Notice for Interrogatories, Production of Documents and Admissions was served upon you in the instant matter.

As per your request, we granted you a brief extension for the foregoing responses. To date, there has been no response from your office to the demands of Interrogatories and Production of Documents.

To avoid unnecessary delay, please respond at the earliest.

Very truly yours,

Raphael Weitzman

RW/us

# EXHIBIT E

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

June 19, 2008

Todd Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Re: Eisenberg v. New England Motor Freight, Inc.
Your File No. 100 - 797
Our File No. 07-0008

Dear Mr. Rubenstein:

On April 8, 2008, Federal Notice for Interrogatories, Production of Documents and Admissions was served upon you in the instant matter. The responses to said Interrogatories and Production of Documents were due on May 28, 2008.

As per your request, we granted you a brief extension for the foregoing responses. It has been three weeks past the scheduled Discovery Response date. To date, there has been no response from your office to the demands of Interrogatories and Production of Documents.

I request you inform Magistrate Judge Debra Freeman of the current delay.

Very truly yours,

Raphael Weitzman

RW/us

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
MAGDA EISENBERG,                                        :
                                                        :
                              Plaintiff,                :       08 Civ. 01469 (VM) (DF)
                                                        :
                                                        :       **SCHEDULING ORDER**
      -against-                                         :
                                                        :
NEW ENGLAND MOTOR FREIGHT, INC. AND                     :
ANDRE HEMRAJ,                                           :
                                                        :
                              Defendants.               :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/08

**DEBRA FREEMAN, United States Magistrate Judge:**

      This Court having received correspondence from plaintiff's counsel regarding

defendants' failure to provide timely responses to certain discovery demands; and the Court

having held a telephone conference on June 30, 2008, with counsel for all parties, to address the

progress of discovery in this action; it is hereby ORDERED, as stated at the conference, that the

Parties' Joint Discovery Plan, as modified and approved by the Court on April 9, 2008, is further

modified as follows:

      1.      To the extent defendants' responses to plaintiff's discovery requests are overdue,

defendants' responses shall be served no later than July 11, 2008.

      2.      All fact discovery shall be completed no later than September 30, 2008.

      3.      Expert discovery shall be completed on the following schedule:

            (a)      Plaintiff shall produce expert report(s), if any, no later than

October 31, 2008.

            (b)      Defendants shall produce expert report(s), if any, no later than

December 5, 2008.

            (c)      All expert discovery shall be completed no later than January 9, 2009.

4.    Counsel are directed to jointly initiate a telephone conference call to my chambers

on August 12, 2008 at 10:00 a.m.

Dated:   New York, New York
         July 8, 2008

                                        SO ORDERED


                                        _illice Mrz_____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge


Copies To:

Hon. Victor Marrero, U.S.D.J.

Raphael Weitzman, Esq.
Weitzman Law Offices, L.L.C.
110 Wall Street, 11th Floor
New York, NY 10005

Todd C. Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato, & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MAGDA EISENBERG,                                    Civil Action No.: 08cv01469(VM)

                              Plaintiff,

        -against-
                                                    **NEW ENGLAND MOTOR
                                                    FREIGHT INC.'S OBJECTIONS
                                                    AND ANSWERS TO
                                                    INTERROGATORIES**

NEW ENGLAND MOTOR FREIGHT,
INC. & AUDRAY HEMRAJ,

                              Defendants.
----------------------------------------------------X

        Defendant, NEW ENGLAND MOTOR FREIGHT, INC. submits the following

Objections and Answers to the Interrogatory Demands of plaintiff MAGDA

EISENBERG:

## GENERAL OBJECTIONS

        NEW ENGLAND MOTOR FREIGHT, INC. reserves all objections to

admissibility, relevancy, materiality, burden and vagueness, and objects to any

interrogatory which calls for materials which are subject to the attorney-client privilege

or which were prepared in anticipation of litigation. NEW ENGLAND MOTOR

FREIGHT, INC.'s Answers are without waiver of or prejudice to any such objections,

and the right to seek a protective order. These Answers contain the best information

presently available, and are subject to such additional knowledge of facts as may result

from either discovery or further investigation by NEW ENGLAND MOTOR FREIGHT,

INC. Discovery and other pretrial preparation may develop further or different

information with respect to certain of these interrogatories and NEW ENGLAND

MOTOR FREIGHT, INC. reserves the right to correct, clarify, amend or supplement

information contained in these Answers if and when he has other or more accurate information.

## SPECIFIC OBJECTIONS

A.  NEW ENGLAND MOTOR FREIGHT, INC. objects to the definitions of "identify", "identity", "describe," "state the basis for the allegation," "state the basis for your contention" on the grounds that these definitions are unduly burdensome, oppressive and overbroad.

B.  In where the Interrogatories call for identification of a document, counsel for NEW ENGLAND MOTOR FREIGHT, INC. may have memoranda prepared by them which otherwise would or may be responsive.  These memoranda are not identified because they constitute attorneys' work product and/or trial preparation materials. In addition, certain documentation may be privileged, confidential, a trade secret, or otherwise irrelevant, and as such shall not be identified in any manner which violates such rights held by NEW ENGLAND MOTOR FREIGHT, INC.

C.  NEW ENGLAND MOTOR FREIGHT, INC. objects to the requirement that NEW ENGLAND MOTOR FREIGHT, INC.  provide supplemental responses to such Interrogatories to the extent that this requirement seeks to impose on NEW ENGLAND MOTOR FREIGHT, INC. obligations greater than those set forth in the Federal Rules of Civil Procedure, as amended or supplemented by the Local Rules of this Court.

D.  NEW ENGLAND MOTOR FREIGHT, INC. objects to the extent plaintiff MAGDA EISENBERG considers answers to interrogatories herein, which NEW

ENGLAND MOTOR FREIGHT, INC. and its counsel deem complete, or to which there is otherwise a valid objection, as incomplete or evasive, as suggested in plaintiff's "Instructions for Responding"

## ANSWERS AND SPECIFIC OBJECTIONS

INTERROGATORY NO. 1: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**Response:**   **Ernest Hardy, Vice President of Risk Management; Robert Rambone, Vice President of Maintenance**

INTERROGATORY NO. 2: Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**Response:**   **New England Motor Freight, Inc.**

INTERROGATORY NO. 3: Please state the name and address of the owner(s) of the tractor and trailer that was involved in the incident described in the Plaintiff's foregoing Complaint for damages.

**Response:**   **New England Motor Freight, Inc., 1-71 North Avenue East, Elizabeth, New Jersey 07201**

INTERROGATORY NO. 4: Please state the full name, address, date of birth, employer and social security number of the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007.

**Response:   We are unaware of any motor vehicle collision.   The driver involved in the accident on October 22, 2007 was Andre Hemraj, 108 Sycamore Road, Jersey City, New Jersey 07305.   His date of birth is May 3, 1970.   We are advised by counsel that Mr. Hemraj's social security number is not an appropriate request, and is not being provided herein.**

INTERROGATORY NO. 5:  Please state whether the driver of the tractor-trailer involved in the motor vehicle collision with Plaintiff on October 22, 2007 was employed by NEW ENGLAND MOTOR FREIGHT, INC. on the date of the collision.  If so, describe his position and when he began working for NEW ENGLAND MOTOR FREIGHT, INC.  if this person was not an employee of NEW ENGLAND MOTOR FREIGHT, INC., state the nature of the business relationship between NEW ENGLAND MOTOR FREIGHT, INC. and NEW ENGLAND MOTOR FREIGHT, INC.

**Response:   We are unaware of any motor vehicle collision.   The driver involved in the accident on October 22, 2007 was employed by New England Motor Freight, Inc.  as a local truck driver.  His start date was June 21, 2007.**

INTERROGATORY NO.: 6: If ANDRE HEMRAJ was not acting within the course and scope of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

Response: **We are unaware of any motor vehicle collision. Upon information and belief, Mr. Hemraj was in route to make a pick up for New England Motor Freight, Inc. at the time of the October 22, 2007 accident.**

INTERROGATORY NO. 7: Immediately following the incident of October 22, 2007, please state:

| | | |
|---|---|---|
| a. | | The person at New England Motor Freight, Inc. who was first notified of the accident? |
| b. | | The date and time this person was notified? |
| c. | | Whether anyone created a written record of the accident, and if so, whom? |
| d. | | Is this record kept in any Vehicle Accident Investigation File or its equivalent? |
| d. | | Is this record kept in the ordinary course of business? |

**Response: To the best of our knowledge and belief, shortly after the accident, and on October 22, 2007, our dispatch department, exact dispatcher is unknown, was notified of the accident by Mr. Hemraj. At that time only background information was obtained, not accident specifics, although Mr. Hemraj has authored a**

**Report of Accident and Damage and Supplemental Report with regard to the accident. We are advised by counsel that these Reports have been already been provided to you.**

INTERROGATORY NO. 8:   Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

**Response:  Andre Hemraj; Terry Mohammed, 204 East 112th Street, New York, New York; Edwin Irizarry, 564 Liberty Avenue, Apartment 1B, Brooklyn, New York; and New York City Responders, including police and ambulance**

INTERROGATORY NO. 9:   Has NEW ENGLAND MOTOR FREIGHT, INC., or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision?  If so, please state the name of the person who gave the statement, who took the statement its date, its substance, and whether counsel may obtain a copy of any such statement.

**Response: No one has given us a statement.  I am advised by legal counsel that they are in possession of oral and written statements from Terry Mohammed, 204 East 112th Street, New York, New York and Edwin Irizarry, 564 Liberty Avenue, Apartment 1B, Brooklyn, New York.  I am further advised that such statements are at least attorney work product and shall not be provided to you.**

INTERROGATORY NO. 10: At the time of the incident in question:

    a.   List the name of any motor vehicle insurance, excess insurance,

         "umbrella" coverage, general liability insurance and/or other insurance

         which arguably provides coverage for NEW ENGLAND MOTOR

         FREIGHT, INC. and for the owner of the trailer.

    b.   Liability coverage limit of each type of insurance identified.

    c.   Whether there is any liability deductible and/or self insured retention

         which requires payment from the Defendant, and.

    d.   The amount of said liability deductible or self insured retention.

**Response:    Discover Property & Casualty Insurance Company with a $5,000,000.00 limit.  New England Motor Freight, Inc. has a $500,000.00 deductible for the subject accident that includes, but is not limited to the claims of Magda Eisenberg. We are advised by counsel that insurance information and a declaration page were previously provided to you.**

INTERROGATORY NO. 11: Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**Response:  I refer you to our legal counsel.  I am also advised by that counsel that expert witness disclosures shall be provided in accordance with the Federal**

**Rules of Civil Procedure, the Local Rules of the Southern District of New York, and any Orders by the sitting Magistrate and Judge in this matter.**

INTERROGATORY NO. 12: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**Response: I do not know what is or is not discoverable information. I refer you to our legal counsel and at least our answer to interrogatory number 9 herein.**

INTERROGATORY NO. 13: Did ANDRE HEMRAJ complete an application for employment pursuant to 49 CFR 391.21 and/or any other pre-employment paperwork prior to employment by NEW ENGLAND MOTOR FREIGHT, INC.?

**Response: Mr. Hemraj did complete an employment application.**

INTERROGATORY NO. 14: Please state what maintenance had been performed on the tractor and/or trailer of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please state the following:

a. What prompted the maintenance visit;

b. Who performed the maintenance;

c. Who diagnosed the necessity for maintenance;

d.  What diagnosis was rendered;

e.  When were the repairs performed;

f.  What, if any, parts were replaced; and,

g.  Did the problem reoccur? If so, when?

**Response:  We refer you to our Repair/Maintenance History, inclusive of parts, for unit 8825, the tractor and unit 4237, the trailer for six months prior to the October 22, 2007 accident which are annexed hereto.  All maintenance and/or repairs were made as a result of routine scheduled preventive maintenance or as a result of driver advisement.  There were no repairs that failed, or that had to be redone.  All maintenance and repairs were made at New England Motor Freight, Inc., Elizabeth New Jersey, by our mechanics.**

INTERROGATORY NO. 15: Describe with particularity the load that the tractor-trailer was hauling at the time of the collision that is the subject of this lawsuit, including any HAZMAT items.  In addition, identify where the load (or portions thereof) was to be delivered had the collision not occurred and the total gross weight of the tractor trailer when it left Defendant, NEW ENGLAND MOTOR FREIGHT, INC.'s facility in New Jersey, the morning of the collision.

**Response:   We are not aware of any collision.  There was no freight on the trailer at the time of the October 22, 2007 accident.  The total gross weight of the tractor and trailer when it left Elizabeth New Jersey was approximately 30,000 pounds.**

INTERROGATORY NO. 16: Describe the load when the tractor-trailer left that day, its number of stops, where it stopped, and the load at the time of the crash.

**Response:  The freight on the trailer when it left Elizabeth, New Jersey weighed approximately 5,391 pounds, consisting of 192 pieces, and was all delivered, prior to the time of the accident, to one location above 86th Street on Second Avenue in Manhattan, New York.**

INTERROGATORY NO. 17: Is there a bill of lading or any other document describing in detail, the entire cargo loaded in the tractor-trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

**Response:  There are no bills of lading since the trailer was empty at the time of the October 22, 2007 accident.**

INTERROGATORY NO. 18: Did NEW ENGLAND MOTOR FREIGHT, INC. make an inspection of the tractor-trailer at the inception of the lease or contract?

**Response:  We do not understand this question.  The tractor and trailer are owned by New England Motor Freight, Inc.**

INTERROGATORY NO. 19: Identify the USDOT number displayed on the tractor-trailer on the date of the incident.

**Response:   On the tractor - USDOT 31120**


INTERROGATORY NO. 20: Please state in detail the method of calculating ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**Response:  Mr. Hemraj is an hourly paid employee.**


INTERROGATORY NO. 21: Please state the name, address, phone number, and title of the individual(s) at NEW ENGLAND MOTOR FREIGHT, INC. who would verify pursuant to 49 CFR 390.3 whether ANDRE HEMRAJ was in compliance with federal safety regulations at the time of the motor vehicle collision with Plaintiff?

**Response:  Ernest Hardy, Vice President of Risk Management, New England Motor Freight, Inc.  , 1-71 North Avenue East, Elizabeth, New Jersey 07201.**


INTERROGATORY NO. 22: Please state all training that NEW ENGLAND MOTOR FREIGHT, INC. provides or requires for its drivers/contractors.

**Response:  This question cannot be answered in the abstract as that depends on numerous factors, including years of driving experience. Andre Hemraj was road tested and trained with regard to New England Motor Freight, Inc. procedures and**

paperwork.  Mr. Hemraj was also trained on transporting hazardous materials and attends driver's meetings on numerous topics.

INTERROGATORY NO. 23: At the time of this incident, was the tractor-trailer equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

Response:  No.

INTERROGATORY NO. 24: List the engine manufacturer of the tractor (i.e. Detroit Diesel, Cummins, Caterpillar) and the year it was made.

Response:  The engine is Mack.  We do not have knowledge of the engine manufacturing year.

**INTERROGATORY NO. 25:**    Does NEW ENGLAND MOTOR FREIGHT, INC. maintain a database for its drivers/contractors for recording and auditing their logbook entries and verifying if they are in compliance with federal safety regulations or is this function outsourced to another company?

**Response:  New England Motor Freight, Inc. maintains and audits the logs of its drivers for whom it is required to do so.  That function is not outsourced.**

Dated:   Lake Success, New York
        July 2, 2008

NEW ENGLAND MOTOR FREIGHT, INC.

By: _____
       Ernest Hardy

AS TO THE OBJECTIONS:

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP

By: _____
       Todd C. Rubenstein (TCR8884)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300
Attorneys for Defendants

STATE OF JERSEY       )

                              )ss:

COUNTY OF    UNION )

      ERNEST HARDY states that: he is a Vice President of NEW ENGLAND MOTOR FREIGHT, INC. and verifies the foregoing answers of NEW ENGLAND MOTOR FREIGHT, INC. to interrogatories propounded by plaintiff MAGDA EISENBERG for and on behalf of NEW ENGLAND MOTOR FREIGHT, INC.; certain of the matters stated therein are not within the personal knowledge of Ernest Hardy; that the facts stated therein have been assembled by counsel for NEW ENGLAND MOTOR FREIGHT, INC. and NEW ENGLAND MOTOR FREIGHT, INC., and Ernest Hardy is informed that the facts stated therein are true to the best of their knowledge and belief.

                        NEW ENGLAND MOTOR FREIGHT, INC.

                        By:

                            Ernest Hardy

Sworn to before me this

2nd day of June, 2008

Notary Public

Jessie B Mabasa
Notary Public Of New Jersey
Commission Expires 8/1/2012

JUL-03-2008 12:13 AM                                              P. 02/14

```
EIC3520                RECENT REPAIR HISTORY LIST              07/02/08 13:05:20
UNIT #      GRP CLASS   LOC  DATE   RO #    METER RE C S T FA  QTY        COST
4237        ###  *******  *** 042207 ****** ******* ** * * ** *****  **********
                              102207         ******* **        *****  **********
4237        101 72004    01  100207 1701655    0 04 1 1 N       1         3.03
     STRAP DOOR P    ULL W23         1524          N/A
4237        101 72004    01  100107 1701655    0 04 1 1 N       2         1.20
     2IN ROLLER                      3228          N/A
4237        101 72004    01  100107 1701655    0 04 1 1 N       1         1.15
     TODCO BOTTOM     HINGE          61352         N/A
4237        101 72-L0472 01 100107 1701655     0 04 1 1   03   .75       28.50
     ROLL UP DOOR-004 AREK KOSAKOW   DRIVER REPOR  NEW EXCHANGE
4237        101 77003    01  073007 1697666    0 04 1 1 N       1         7.08
     SAND SHOE RE    INFORCED        5328          N/A
4237        101 77-L2122 01 073007 1697666     0 04 1 1   03   .50       19.00
     LEG ASSEMBLY-003 ANDY MYSLIW    DRIVER REPOR  NEW EXCHANGE
4237        101 77003    01  071807 1697572    0 04 1 1 N       1         6.32
     SAND SHOE LO    W PROFILE 10    10310         N/A
4237        101 77003    01  071807 1697572    0 04 1 1 N       1         2.63
     SAND SHOE                       10410HD       N/A

            TOTAL PARTS:    21  TOTAL LABOR:    47  TOTAL COSTS:    68.91
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

JUL-03-2008 12:13 AM                                    P.03/14

```
EIC3520               RECENT REPAIR HISTORY LIST              07/02/08 13:05:26
UNIT #      GRP CLASS     LOC  DATE    RO #    METER RE C S T FA  QTY      COST
4237        ###  *******  ***  042207  ******  ******* ** * * ** *****  *********
                                102207          ******* **          *****  *********
4237        101 77-L8202 01  071707 1697572     0 04 1 1   03 1.50    57.00
    VERTICLE SUP-002 TOMMY BOROW        DRIVER REPOR   NEW EXCHANGE
4237        101 PM L2762 01] 051507 01]0511     0 08 1 1   PM  .78    29.64
    PREVENTIVE M 000 JOE MUCHA          PM OR ROUTIN   PM
4237        101 PM L2762 01] 051507 01]0511     0 08 1 1   FI  .00     0.00
    PREVENTIVE M 000 JOE MUCHA          PM OR ROUTIN   FI
*****************************************************************************
```

```
          TOTAL PARTS:    21 TOTAL LABOR:    134 TOTAL COSTS:    155.55
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

JUL-03-2008 12:13 AM

EIC3520                    RECENT REPAIR HISTORY LIST                07/02/08 13:05:38

| UNIT # | GRP | CLASS | LOC | DATE | RO # | METER | RE | C | S | T | FA | QTY | COST |
|--------|-----|-------|-----|------|------|-------|-----|---|---|---|----|-----|------|
| 8825 | | ### | ******* | *** | 042207 | ****** | ******* | ** | * | * | * | ** | ***** | ********** |
| | | | | | 102207 | | ****** | ** | | | | | ***** | ********** |
| 8825 | 014 | 34003 | 01 | 101707 | 1693727 | 45915 | 04 | 1 | 1 | N | | 1 | 9.75 |
| T/S FLASHER | | 2 PRONG | | | 44690 | | | N/A | | | | | |
| 8825 | 014 | 13010 | 01 | 101707 | 1693727 | 45915 | 04 | 1 | 1 | N | | 1 | 37.28 |
| POGO STICK | | | | | 5B1011 | | | N/A | | | | | |
| 8825 | 014 | 14-L5359 | 01 | 101707 | 1693727 | 45915 | 04 | 1 | 1 | | 03 | .02 | 0.76 |
| MUD FLAPS & -009 HERNAN VILLA | | | | | | DRIVER REPOR | | NEW EXCHANGE | | | | | |
| 8825 | 014 | 34-L5359 | 01 | 101707 | 1693727 | 45915 | 04 | 1 | 1 | | 01 | .93 | 35.34 |
| DIRECTIONAL -009 HERNAN VILLA | | | | | | DRIVER REPOR | | ADJUST/ALIGN | | | | | |
| 8825 | 014 | 02-L0472 | 01 | 100407 | 1693496 | 45233 | 04 | 1 | 1 | | 13 | 3.45 | 131.10 |
| SIDE DOOR ME-020 AREK KOSAKOW | | | | | | DRIVER REPOR | | OTHER REPAIR | | | | | |
| 8825 | 014 | 13-L | 01 | 100407 | 01 1004 | 45233 | 10 | 2 | | | 03 | .00 | 318.33 |
| BRAKE LINES -007 TWIN TOWING | | | | | | ROAD CALL | | NEW EXCHANGE | | | | | |
| 8825 | 014 | PM-L3786 | 01 | 100307 | 1693482 | 44935 | 11 | 1 | 1 | | PM 10.65 | | 404.70 |
| PREVENTIVE M 000 ANTONIO OLIV | | | | | | ROUTINE | | PM | PREVEN | | | | |
| 8825 | 014 | 44002 | 01 | 100307 | 1693482 | 44935 | 11 | 1 | 1 | N | | 1 | 3.34 |
| FUEL FILTER | | PRIMARY | | | BF877 | | | N/A | | | | | |

TOTAL PARTS:    50  TOTAL LABOR:    B90  TOTAL COSTS:    940.60

ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT

JUL-03-2008 12:14 AM

```
EI C3520              RECENT REPAIR HISTORY LIST              07/02/08 13:06:04
UNIT #      GRP CLASS    LOC  DATE   RO #      METER  RE C S T FA  QTY      COST
8825        ###  *******  ***  042207  ******  ******  ** * * **  *****  **********
                                102207                *******  **
8825        014 44002    01   100307 1693482    44935 11 1 1 N         1        4.86
   FUEL FILTER          SECONDARY            BF976       N/A
8825        014 34004    01   100307 1693482    44935 11 1 1 N         1        5.41
   SWITCH DOOR                               1MR2345     N/A
8825        014 13002    01   100307 1693482    44935 11 1 1 N         2       71.00
   3030/TR SPRING BRAKE                      3430051     N/A
8825        014 02035    01   100307 1693482    44935 11 1 1 N         1        1.12
   CONNECTOR                                 35QT226M    N/A
8825        014 34001    01   100307 1693482    44935 11 1 1 N         1        4.50
   BULB FOG LIGHT                            893         N/A
8825        014 02004    01   100307 1693482    44935 11 1 1 N         1       24.68
   HOOD GUIDE                                140QM33M    N/A
8825        014 02-L3786 01   100307 1693482    44935 11 1 1       13   .68     25.84
   HOOD         -004 ANTONIO OLIV  ROUTINE           OTHER REPAIR
8825        014 02-L3786 01   100307 1693482    44935 11 1 1       05   .03      1.14
   CAB OR FRONT-017 ANTONIO OLIV  ROUTINE           USED EXCHANG

          TOTAL PARTS:    161  TOTAL LABOR:    917  TOTAL COSTS:   1079.15
ENTER-PROCESS REQ F4-DTL REQ F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

```
  EIC3520                  RECENT REPAIR HISTORY LIST              07/02/08 13:06:06
UNIT #      GRP CLASS      LOC  DATE   RO #       METER  RE C S T FA  QTY       COST
8825        ###  ******** ***  042207  ******    *****  **                ***** **********
                                102207                   ******* **        ***** **********
8825        014 13-L3786 01   100307 1693482   44935 11 1 1   03  .02       0.76
      SPRING PARKI-004 ANTONIO OLIV    ROUTINE         NEW EXCHANGE
8825        014 23-L3786 01   100307 1693482   44935 11 1 1   01  .03       1.14
      CLUTCH ASSEM 001 ANTONIO OLIV    ROUTINE         ADJUST/ALIGN
8825        014 34-L3786 01   100307 1693482   44935 11 1 1   13  .02       0.76
      HEADLAMPS  -001 ANTONIO OLIV     ROUTINE         OTHER REPAIR
8825        014 43-L3786 01   100307 1693482   44935 11 1 1   13  .03       1.14
      MUFFLER    -003 ANTONIO OLIV     ROUTINE         OTHER REPAIR
8825        014 32001    01   092807 1693417   44935 04 1 1 N      3      178.99
      BATTERY                          1031MF          N/A
8825        014 32-L5359 01   092807 1693417   44935 04 1 1   03 1.00      38.00
      BATTERY & CA-001 HERNAN VILLA    DRIVER REPOR    NEW EXCHANGE
8825        014 13-L     01   091707 01 0917   43119 10   2   03  .00     189.50
      BRAKE LINES -007 NICK'S TOWN     ROAD CALL       NEW EXCHANGE
8825        014 02011    01   083007 1679902   43119 04 1 1 N      1       83.63
      SEAT BELT       CH               34RC499P4       N/A
```

          TOTAL PARTS:    424  TOTAL LABOR:    1148  TOTAL COSTS:    1573.07
ENTER-PROCESS REQ F4-DTL REQ F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT

JUL-03-2008 12:14 AM                                          P.07/14

```
 EIC3520              RECENT REPAIR HISTORY LIST              07/02/08 13:06:08
UNIT #      GRP CLASS    LOC  DATE   RO#     METER RE C S T FA  QTY       COST
8825                ###  ****** *** 042207 ****** ****** ** * * ** *****  **********
                                    102207            ****** **       ***** **********
8825        014 53-L5359 01 083007 1679902  43119 04 1 1   03    .18       6.84
    SAFETY EQUIP-004 HERNAN VILLA   DRIVER REPOR   NEW EXCHANGE
8825        014 43002    01 082807 1679837  42630 11 1 1 N       12       15.00
    EXHAUST MANI     FOLD NUT       142GC236M      N/A
8825        014 43004    01 082807 1679837  42630 11 1 1 N        1        0.89
    TURBO WASHER                    37AX495        N/A
8825        014 34002    01 082807 1679837  42630 11 1 1 N        1        6.60
    GROTE, REG LA    MP OLD 3025    47112          N/A
8825        014 26011    01 082807 1679837  42630 11 1 1 N        1       30.99
    SHIFTER BOOT                    8MY46M         N/A
8825        014 43003    01 082807 1679837  42630 11 1 1 N        6       31.48
    EXHAUST GASK     ET             573GB257A      N/A
8825        014 43004    01 082807 1679837  42630 11 1 1 N        1      834.95
    TURBO                           631GC5140MHX   N/A
8825        014 43002    01 082807 1679837  42630 11 1 1 N       12       67.07
    EXHST STUD                      616GC245M2     N/A

         TOTAL PARTS:  1410  TOTAL LABOR:  1154  TOTAL COSTS:  2566.89
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

```
 EIC3520                  RECENT REPAIR HISTORY LIST            07/02/08 13:06:10
UNIT #      GRP CLASS     LOC   DATE   RO #      METER  RE C S T FA  QTY       COST
8825        ###  ******** ***  042207 ******  *******  ** * * **  *****  **********
                                102207                 ******* **           *****  **********
8825        014 43002     01   082807 1679837  42630 11 1 1 N       4        6.00
     NUT                               142GC247M       N/A
8825        014 26-L3587 01   082807 1679837  42630 11 1 1   03    .20      7.60
     TRANS EXTERN-011 PAUL KOSAKOW     ROUTINE        NEW EXCHANGE
8825        014 43-L3587 01   082807 1679837  42630 11 1 1   03   5.98    227.24
     EXHAUST MANI -002 PAUL KOSAKOW    ROUTINE        NEW EXCHANGE
8825        014 43-L3587 01   082807 1679837  42630 11 1 1   03   3.02    114.76
     TURBOCHARGER-004 PAUL KOSAKOW     ROUTINE        NEW EXCHANGE
8825        014 43-L3587 01   082707 1679837  42630 11 1 1   13   3.00    114.00
     EXHAUST MANI -002 PAUL KOSAKOW    ROUTINE        OTHER REPAIR
8825        014 13-L5694 01   081707 1679700  42630 04 1 1   13   1.23     46.74
     BRAKE LINES -007 MARIO REIS       DRIVER REPOR   OTHER REPAIR
8825        014 54001     01   081407 1679648  41644 04 1 1 N       1       32.52
     HORN BUTTON      KITCH            26MR31M         N/A
8825        014 54-L5359 01   081407 1679648  41644 04 1 1   03    .50     19.00
     HORN AND MOU-001 HERNAN VILLA     DRIVER REPOR   NEW EXCHANGE

          TOTAL PARTS:   1449  TOTAL LABOR:   1684  TOTAL COSTS:   3134.75
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

```
  EIC3520              RECENT REPAIR HISTORY LIST              07/02/08 13:06:12
 UNIT #     GRP CLASS    LOC  DATE    RO #     METER RE C S T FA  QTY        COST
 8825           ###  ******** *** 042207 ******* ******* ** * * * ** *****  **********
                                  102207         ******* **        ***** **********
 8825         014 54-L5359 01 081407 1679648   41644 04 1 1    01   .18     6.84
 HORN AND MOU-001 HERNAN VILLA       DRIVER REPOR    ADJUST/ALIGN
 8825         014 43-L8646 01 080907 1679582   41644 11 1 1    13   .85     32.30
 MUFFLER    -003 DOUGLAS K LE         ROUTINE         OTHER REPAIR
 8825         014 34003    01 073007 1692845   41644 04 1 1 N        1       9.75
 T/S FLASHER    2 PRONG               44690          N/A
 8825         014 13010    01 072707 1692845   41644 04 1 1 N        2       17.12
 BRACKET                              24QE438M2      N/A
 8825         014 13010    01 072707 1692845   41644 04 1 1 N        1       3.39
 DRAIN VALVE                          35013          N/A
 8825         014 13009    01 072707 1692845   41644 04 1 1 N        2       13.48
 AIRTANK BRKT                         24QE437M2      N/A
 8825         014 13020    01 072707 1692845   41644 04 1 1 N        1       140.28
 AIR TANK                             22QE41467M     N/A
 8825         014 13-L5359 01 072707 1692845   41644 04 1 1    03  2.30      87.40
 BRAKE VALVE -020 HERNAN VILLA       DRIVER REPOR    NEW EXCHANGE

        TOTAL PARTS:   1633  TOTAL LABOR:    1810  TOTAL COSTS:    3445.31
 ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

JUL-03-2008 12:15 AM

```
   EIC3520            RECENT REPAIR HISTORY LIST            07/02/08 13:06:14
  UNIT #     GRP CLASS    LOC  DATE    RO #     METER RE C S T FA  QTY       COST
  8825       ###  ******* *** 042207  ******   ******* ** * * ** *****  **********
                                102207           ******* **        *****  **********
  8825        014 PM L5694 01 072507 1692803  41254 08 1 1    PM 5.13    194.94
        PREVENTIVE M 000 MARIO REIS     PM OR ROUTIN  PM       PREVEN
  8825        014 45011  01 072507 1692803  41254 08 1 1 N          1      6.87
        CENTRICAL FI      LTER          BC110           N/A
  8825        014 44002  01 072507 1692803  41254 08 1 1 N          1      3.58
        FUEL FILTER       PRIMARY        BF877          N/A
  8825        014 44002  01 072507 1692803  41254 08 1 1 N          1      4.92
        FUEL FILTER       SECONDARY      BF976          N/A
  8825        014 45011  01 072507 1692803  41254 08 1 1 N          2     10.38
        FILTER                           B7225          N/A
  8825        014 34003   01 070707 1692516  40822 04 1 1 N         1      9.75
        T/S FLASHER       2 PRONG         44690         N/A
  8825        014 34-L0472 01 070607 1692516  40822 04 1 1    03    .50    19.00
        LAMPS-REAR, T-002 AREK KOSAKOW   DRIVER REPOR  NEW EXCHANGE
  8825        014 45008   01 060507 1602960  37216 04 1 1 N         2     37.92
        GASKET VALVE      COVER          554GB321       N/A
            TOTAL PARTS:   1706  TOTAL LABOR:    2023  TOTAL COSTS:   3732.67
  ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

JUL-03-2008 12:15 AM

| EIC3520 | | | | RECENT REPAIR HISTORY LIST | | | | | | | | 07/02/08 13:06:16 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| UNIT # | GRP | CLASS | LOC | DATE | RO # | METER | RE | C | S | T | FA | QTY | COST |
| 8825 | ### | ******* | *** | 042207 | ****** | ******* | ** | * | * | ** | ***** | ********** | |
| | | | | 102207 | | ****** | ** | | | | | | |
| 8825 | 014 | 41004 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 1 | 1.67 |
| O RING | | | | | 56AX594 | | | N/A | | | | | |
| 8825 | 014 | 45013 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 30 | 49.20 |
| ISOLATOR OIL | | PAN NEWSTYLE | | | 41GC212 | | | N/A | | | | | |
| 8825 | 014 | 34004 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 1 | 2.14 |
| SEAL | | | | | 6MO238 | | | N/A | | | | | |
| 8825 | 014 | 02008 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 1 | 57.53 |
| CONDUCTOR | | | | | 96MR43M | | | N/A | | | | | |
| 8825 | 014 | 44001 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 1 | 28.54 |
| FUEL SENDER | | | | | 16MB48DP22 | | | N/A | | | | | |
| 8825 | 014 | 31002 | 01 | 051707 | 1602960 | 37216 | 04 | 1 | 1 | N | | 1 | 32.28 |
| ALT BRACKET | | | | | 3M485AM2 | | | N/A | | | | | |
| 8825 | 014 | 44002 | 01 | 050707 | 1691550 | 38251 | 08 | 1 | 1 | N | | 1 | 3.58 |
| FUEL FILTER | | PRIMARY | | | BF877 | | | N/A | | | | | |
| 8825 | 014 | 44002 | 01 | 050707 | 1691550 | 38251 | 08 | 1 | 1 | N | | 1 | 5.18 |
| FUEL FILTER | | SECONDARY | | | BF976 | | | N/A | | | | | |

TOTAL PARTS:  1886  TOTAL LABOR:  2023  TOTAL COSTS:  3912.79
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT

JUL-03-2008 12:15 AM                                          P.12/14

```
 EIC3520              RECENT REPAIR HISTORY LIST              07/02/08 13:06:18
UNIT #      GRP CLASS    LOC  DATE   RO #      METER RE C S T FA   QTY      COST
8825         ### ******** ***  042207 ******* ******* ** * * **  *****  **********
                              102207           ******* **       *****  **********
8825      014 42007     01  050707 1691550  38251 08 1 1 N       1      30.14
     COOLANT FILTER            BW5201              N/A
8825      014 PM L8870  01  050607 1691550  38251 08 1 1   PM 2.00     76.00
     PREVENTIVE M 000 JOSE BENEVID   PM OR ROUTIN   PM  PREVEN
8825      014 45001     01  050307 1602960  37216 04 1 1 N       1      36.97
     TIMING EVENT    SENSOR          64MT2105M          N/A
8825      014 41001     01  050207 1602960  37216 04 1 1 N       1      35.69
     AIR FILTER                      PA2680             N/A
8825      014 44004     01  050207 1602960  37216 04 1 1 N       6     773.35
     INJECTORS       FUEL            RBLTINJECT         N/A
8825      014 01001     01  050207 1602960  37216 04 1 1 N       1      12.05
     TEMPERATURE     CONTROL CABL    4379RD55505625     N/A
8825      014 45001     01  050207 1602960  37216 04 1 1 N       2       4.31
     GASKET BREAT    HING TUBE       590GB2111A         N/A
8825      014 45012     01  050207 1602960  37216 04 1 1 N       1       4.06
     GASKET                          590GB2130          N/A

          TOTAL PARTS:  2783  TOTAL LABOR:   2099  TOTAL COSTS:   4885.36
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

JUL-03-2008 12:15 AM                                                          P.13/14

```
EIC3520              RECENT REPAIR HISTORY LIST                07/02/08 13:06:20
UNIT #      GRP  CLASS    LOC   DATE    RO #     METER  RE  C S T FA   QTY      COST
8825        ###  *******  ***  042207  ******* *******  **  * * *  **  *****  **********
                                102207          *******  **            *****  **********
8825        014  41001    01   050207  1602960   37216  04  1 1 N         1      3.02
   GASKET                ECONOVANCE      590GB2155         N/A
8825        014  44003    01   050207  1602960   37216  04  1 1 N         2      2.64
   GROMMETS                            52AX36            N/A
8825        014  44003    01   050207  1602960   37216  04  1 1 N         1    305.59
   VALVE ASSY                          805GC319          N/A
8825        014  43004    01   050207  1602960   37216  04  1 1 N         1    830.38
   TURBO                               631GC5140MX       N/A
8825        014  44003    01   050207  1602960   37216  04  1 1 N         2      1.12
   FITTING                             63AX3457          N/A
8825        014  43002    01   050207  1602960   37216  04  1 1 N         4      6.00
   NUT                                 142GC247M         N/A
8825        014  45002    01   050207  1602960   37216  04  1 1 N         1      4.22
   TUBE                                227GC450A         N/A
8825        014  01-L4414 01   050207  1602960   37216  04  1 1     03  1.58    60.04
   AIR CONDITIO 001 JON SUROWIEC      DRIVER REPOR    NEW EXCHANGE
```

        TOTAL PARTS:  3935   TOTAL LABOR:   2159   TOTAL COSTS:   6098.37
ENTER-PROCESS REQ F4-DTL REQ F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT

```
 EIC3520              RECENT REPAIR HISTORY LIST              07/02/08 13:06:22
UNIT #      GRP CLASS    LOC  DATE   RO #     METER RE C S T FA  QTY      COST
8825        ###  ******** *** 042207 ****** ****** ** * * * ** *****  *********
                              102207               ****** **         ***** *********
8825        014 44-L4414 01  050107 1602960  37216 04 1 1  04  9.53   362.14
       FUEL PUMP   -003 JON SUROWIEC     DRIVER REPOR   RBLT EXCHANG
8825        014 44-L4414 01  042707 1602907  37216 04 1 1  13  4.62   175.56
       FUEL PUMP   -003 JON SUROWIEC     DRIVER REPOR   OTHER REPAIR
****************************************************************************
```

```
              TOTAL PARTS:  3935  TOTAL LABOR:  2696  TOTAL COSTS:  6636.07
ENTER-PROCESS REQ  F4-DTL REQ  F6-LAST F7-BWD F8-FWD F10-PRINT HIST F11-COMMENT
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MAGDA EISENBERG,                                    Civil Action No.: 08cv01469(VM)

                               Plaintiff,

      -against-
                                                    **ANDRE HEMRAJ'S**
                                                    **OBJECTIONS AND ANSWERS**
                                                    **TO INTERROGATORIES**

NEW ENGLAND MOTOR FREIGHT,
INC. & AUDRAY HEMRAJ,

                            Defendants.
------------------------------------------------------X

     Defendant, ANDRE HEMRAJ (s/h/a Audray Hemraj) submits the following

Objections and Answers to the Interrogatory Demands of plaintiff MAGDA

EISENBERG.

**GENERAL OBJECTIONS**

     ANDRE HEMRAJ reserves all objections to relevancy, materiality, burden and

vagueness, and objects to any interrogatory which calls for materials which are subject to

the attorney-client privilege or which were prepared in anticipation of litigation. ANDRE

HEMRAJ's Answers are without waiver of or prejudice to any such objections, and the

right to seek a protective order. These Answers contain the best information presently

available, and are subject to such additional knowledge of facts as may result from either

discovery or further investigation by ANDRE HEMRAJ. Discovery and other pretrial

preparation may develop further or different information with respect to certain of these

interrogatories and ANDRE HEMRAJ reserves the right to correct, clarify, amend or

supplement information contained in these Answers if and when he has other or more

accurate information.

## SPECIFIC OBJECTIONS

A.    ANDRE HEMRAJ objects to the definitions of "identify", "identity", "describe," "state the basis for the allegation," "state the basis for your contention" on the grounds that these definitions are unduly burdensome, oppressive and overbroad.   .

B.    In where the Interrogatories call for identification of a document, counsel for ANDRE HEMRAJ may have memoranda prepared by them which otherwise would or may be responsive.   These memoranda are not identified because they constitute attorneys' work product and/or trial preparation materials. In addition, certain documentation may be privileged, confidential, a trade secret, or otherwise irrelevant, and as such shall not be identified in any manner which violates such rights held by ANDRE HEMRAJ.

C.    ANDRE HEMRAJ objects to the requirement that ANDRE HEMRAJ provide supplemental responses to such Interrogatories to the extent that this requirement seeks to impose on ANDRE HEMRAJ obligations greater than those set forth in the Federal Rules of Civil Procedure, as amended or supplemented by the Local Rules of this Court.

D.    ANDRE HEMRAJ objects to the extent plaintiff MAGDA EISENBERG considers answers to interrogatories herein, which ANDRE HEMRAJ and his counsel deem complete, or to which there is otherwise a valid objection, as incomplete or evasive, as suggested in plaintiff's "Instructions for Responding"

## ANSWERS AND SPECIFIC OBJECTIONS

INTERROGATORY NO. 1: Where were you coming from and where were you going at the time of the accident as alleged in the Complaint?

**Response:  I was coming from making a delivery of freight on Second Avenue, above 86th Street. I was going to make a pick up in Queens, New York.**

INTERROGATORY NO. 2: Describe with particularity the load that you were hauling at the time of the collision that is the subject of this lawsuit, including any HAZMAT items. In addition, identify where the load (or portions thereof) was to be delivered had the collision not occurred and the total gross vehicle weight of the tractor trailer when it left defendant's facility in New Jersey the morning of the collision.

Response:    **I am not aware of a collision. I was not hauling a load at the time of the accident. I don't know the gross weight of the tractor and trailer.**

INTERROGATORY NO. 3: Describe the exact route that you followed from the point where your trip commenced to the point where the accident occurred.

Response:    **After making a delivery on Second Avenue, above 86th Street, I traveled south on Second Avenue until the time of the accident.**

INTERROGATORY NO. 4: Please state in detail how the accident occurred. If there is more than one version, state separately and identify its source.

**Response: I don't understand the question. I only have one version of how the accident occurred. I stopped for a red light at Second Avenue and 59th Street, in the second lane from the west side of the street. Once the light turned green, and no one was directly in front of my truck, I put the truck in gear and slowly began moving forward. After the truck moved less than 10 feet, I heard people yelling, so I immediately stopped my truck.**

INTERROGATORY NO. 5: State the full name and address of each person who witnessed or claims to have witnessed the accident.

**Response: I don't know who witnessed the accident. I was by advised by Angela Mejia and Terry Mohammed that they witnessed the accident. I do not know their addresses.**

INTERROGATORY NO. 6: State the full name and address of each person who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the accident.

**Response: I do not know who was present before or during, the accident. The police and ambulance arrived after the accident. I was by advised by Angela Mejia and Terry Mohammed that they witnessed the accident.**

INTERROGATORY NO. 7: Did you give a statement(s), oral or written, to anyone concerning the incident as alleged in suit? If so, state the name and address of person taking such statement(s).

**Response: I gave an oral statement to the police. I also drafted a Report of Accident or Damage and a Supplemental Statement, which was given to New England Motor Freight, Inc.**

INTERROGATORY NO. 8: State the condition of the roads and the weather at the time of the motor vehicle collision as alleged in suit.

**Response: I am not aware of a collision. At the time of the accident the road was dry, and it was not raining.**

INTERROGATORY NO. 9: Identify and describe all traffic citations you received for a period of five years before the collision that is the subject of this lawsuit. Include the violation for which you were cited, whether you plead guilty, whether you were found guilty, the state, city or jurisdiction that issued each citation, the state and court in which each citation was prosecuted, and whether each violation was in a commercial motor vehicle or personal vehicle.

**Response:    I did not receive a traffic citation as a result of the accident which is the subject of this case.  I am advised by counsel that prior citations, especially those for which there were no finding of guilt, are not pertinent or relevant to this lawsuit, and I am uncertain if I received any in the five year period prior to the accident.  If I did, they would be a matter of public record.**

INTERROGATORY NO. 10: Other than the incident at issue, please list all other incidents involving alleged personal injury in which you were involved.

**Response: I am advised by counsel that prior accidents are irrelevant. Prior to October 22, 2007, I had no accidents in which any one claimed to be injured while working for New England Motor Freight, Inc.**

INTERROGATORY NO. 11: Please state with whom you were employed/under lease agreement within the last SIX (6) months prior to the motor vehicle collision with Plaintiff. Please state the place of your employment/lease, supervisors, type of work, and the length of time you were employed/leased at each place of employment.

**Response: I don't understand this question. I began my employment with New England Motor Freight, Inc. as a local truck driver on June 21, 2007. I don't have any one supervisor, as I report to dispatch in Elizabeth, New Jersey. Prior to New England Motor Freight, Inc., I worked at Shred It as a route service supervisor. My supervisor was Greg Soto.**

INTERROGATORY NO. 12: Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

**Response: I refer you to my legal counsel.**

INTERROGATORY NO. 13: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**Response: I refer you to my legal counsel. I am also advised by that counsel that these requests are considered attorney work product.**

INTERROGATORY NO. 14: Has any person likely to have discoverable information about the claims and defenses in this case given a written or recorded statement to you or your agent, if so, please state the name and address of such person, the name and address of the person who has the present custody or control of each such statement.

**Response: No one has given me a statement. I am advised by my legal counsel that they are in possession of oral and written statements from Terry Mohammed, 204 East 112th Street, New York, New York and Edwin Irizarry, 564 Liberty Avenue, Apartment 1B, Brooklyn, New York.**

INTERROGATORY NO. 15: List and describe any and all items you intend to offer as exhibits at trial, and explain how each item supports your case. In the alternative, attach copies of all such exhibits to your Answers.

**Response: I refer you to my legal counsel. I am also advised by that counsel that what exhibits are to be offered at trial, and how each exhibit supports my defense, are considered attorney work product, and will also depend on the exhibits offered by you.**

INTERROGATORY NO. 16: Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your Answers.

**Response: I refer you to my legal counsel. I am also advised by that counsel that what demonstrative evidence is to be offered at trial, and how that evidence supports my defense, are considered attorney work product, and will also depend on the evidence offered by you.**

INTERROGATORY NO. 17: Have you, your attorneys, insurance company or anyone on your behalf requested and/or received any information from any computer information source or center concerning the plaintiff in this suit? If so, please state the name, address and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, job title of the person so ordering the information, and the name of the information source or center used.

**Response: I don't understand this question, and refer you to my legal counsel. I don't have any computer information regarding plaintiff in my possession. I am also advised that this question may seek information that is attorney work product.**

INTERROGATORY NO. 18: State whether there has been any surveillance of Plaintiff's activities from the date of the incident(s) referred to in the Plaintiff's Complaint to the present and if so, state:

a.      The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

b.      Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

c.      Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

**Response: I refer you to my legal counsel. I have not conducted surveillance of the plaintiff.**

**INTERROGATORY NO. 19:** Please state whether you completed a driver's accident report form or its equivalent at any time for your employer/leasor detailing the incident of October 22, 2007.

**Response: I did complete a Report of Accident or Damage and a Supplemental Report.**

**INTERROGATORY NO. 20:** Please state whether you were operating or attempting to operate a cellular phone or other communication device at the time of or in the minutes before the collision with the Plaintiff.

**Response: I was not.**

INTERROGATORY NO. 21: List all the states you primarily operated a commercial motor vehicle in for the 36 months prior to the motor vehicle collision involving the Plaintiff.

**Response: Since becoming employed by New England Motor Freight, Inc. I have operated a truck in New Jersey and New York.**

INTERROGATORY NO. 22: Has your commercial driver's license (CDL) ever been suspended or revoked? If so, identify and describe when all suspensions or revocations occurred, the grounds for the suspension and revocation and when your CDL was reinstated.

**Response: No.**

INTERROGATORY NO. 23: State whether NEW ENGLAND MOTOR FREIGHT, INC. has imposed any employee discipline or adverse action on you as a result of the collision. If so, describe the employee discipline and/or adverse action NEW ENGLAND MOTOR FREIGHT, INC. took, when it was imposed, why it was imposed and when the actions stopped.

**Response: None.**

INTERROGATORY NO. 24: Identify all inspections you performed on the vehicle involved in the collision in the week before and on the day of the occurrence. For every such inspection, identify whether your inspection revealed any defects or conditions, and if so, describe them and explain how you documented your inspection and findings.

**Response: I did an inspection each day before leaving Elizabeth, New Jersey with my truck. I found no problems with the operation of these trucks, and had no problems with the truck I was operating on the day of the accident.**

Dated: Elizabeth, New Jersey
July 1, 2008

_____
ANDRE HEMRAJ

AS TO THE OBJECTIONS:

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP

By: _____
        Todd J. Rubenstein(TCR8884)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300
Attorneys for Defendants
New England Motor Freight, Inc. and
Andre Hemraj (s/h/a Audray Hemraj)

STATE OF JERSEY            )
                          )ss:
COUNTY OF UNION           )

ANDRE HEMRAJ states that:  he is a Defendant and verifies the foregoing

answers to interrogatories propounded by plaintiff MAGDA EISENBERG to which he

has personal knowledge; certain of the matters stated therein are not within his personal

knowledge; that the facts stated therein have been assembled by counsel for NEW

ENGLAND MOTOR FREIGHT, INC. and ANDRE HEMRAJ, and he is informed that

the facts stated therein are true.

_____
ANDRE HEMRAJ

Sworn to before me this 2ⁿᵈ
day of July, 2008

_____
Notary Public

**Jessie B Mabasa**
**Notary Public Of New Jersey**
**Commision Expires 8/1/2012**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MAGDA EISENBERG,                                    Civil Action No.: 08cv01469(VM)

                              Plaintiff,

        -against-

                                                    **RESPONSE TO REQUEST FOR**
                                                    **PRODUCTION**

NEW ENGLAND MOTOR FREIGHT,
INC. & AUDRAY HEMRAJ,

                              Defendants.
-----------------------------------------------------X

        Defendant Andre Hemraj (s/h/a Audry Hemraj), by and through his attorneys, Abrams,

Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, hereby responds to

Plaintiff's Request for Production as follows:

                   **GENERAL STATEMENT AND OBJECTIONS**

        1.   Defendant Hemraj objects to the Request for Production on the grounds that same

purport to impose obligations beyond those set forth in the applicable Federal Rules of Civil

Procedure and Local Rules of the Southern District of New York, and that responses to same

would invade applicable privileges.

        2.   Defendant Hemraj objects to the Request for Production insofar as it seeks

confidential business information and/or trade secrets without any showing of need that would

justify requiring Defendant to make such disclosure.

        3.   Defendant Hemraj objects to the Request for Production insofar as it seeks

information in the public record which is equally available to Plaintiff and/or documents that are

not within the possession or control of answering Defendant.

                                    ˇ1ˇ

4.    Defendant Hemraj objects to the Request for Production insofar as it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Such information will not provided.

5.    Any statements that response documents will be produced should not be taken to mean that any such documents actually exist, but only that if they exist and can be located through a reasonable search of Defendant's records, they will be produced.

6.    By making specific objection to a particular request, Defendant Hemraj does not imply that the specific objection is not applicable to any other particular response, or that the general objections are not applicable to that response.

7.    While Defendant Hemraj has responded to this Request, he does not waive any rights to object to any further inquiry or any effort to compel responses beyond those provided herein.

8.    Defendant Hemraj objects to Plaintiff's Request for Production to the extent that the same purports to impose obligations inconsistent with and/or beyond the scope imposed Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and orders of this case.

9.    The answering Defendant objects to Plaintiff's Request for Production to the extent that it seeks information that is neither relevant to the subject matter of this cause of action nor reasonably calculated to the discovery of admissible evidence.

10.    The answering Defendant objects to each request to the extent that it is unreasonable, cumulative, unduly burdensome, oppressive and will cause unnecessary expense.

11.    The answering Defendant objects to each demand to the extent that it is overly broad, vague and ambiguous.

˅2˅

12.  The answering Defendant objects to the extent that the request requires him to conduct an unreasonable investigation.

13.  The answering Defendant objects to the extent that the request cites to regulations and/or laws that have been misapplied and/or misconstrued, or otherwise seek to render a legal conclusion as to defendant's obligations and/or responsibilities.  Defendant's objections solely on other grounds is not meant to be, and shall not be construed as an acknowledgement that there has been a proper pronouncement of any such regulation and/or law, or of its applicability.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**Response:     Objection, to the extent this request seeks reports or investigations prepared in anticipation of litigation, or is otherwise attorney work product. Defendant Hemraj further objects to the word "crash." Without waiving these objections, see attached Accident or Report of Damage and Supplemental Report, regarding the subject October 22, 2007 accident, which reports were previously provided in response to other discovery demands.**

REQUEST FOR PRODUCTION NO. 2: Produce copies of any and all insurance policies for the tractor-trailer involved in the collision with Plaintiff.

**Response:  Objection, to the extent this request seeks insurance information unrelated to and not affording coverage for the subject October 22, 2007 accident. Without waiving these objections, Defendant Hemraj has no insurance coverage, other than that afforded by New England Motor Freight, Inc., for the subject October 22, 2007 accident.**

REQUEST FOR PRODUCTION NO. 3: Produce any copies of all photographs, slides, motion pictures, video tapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the collision involving Plaintiff to the present.

**Response: Objection. This request is vague and overbroad. Without waiving this objection, defendant Hemraj, and his counsel, are not in possession of any materials relating to plaintiff's surveillance.**

REQUEST FOR PRODUCTION NO. 4: Produce any logs kept-official or unofficial-for the month of the collision with Plaintiff and six months prior.

**Response:   Objection.   Such logs, to the extent of their existence, are privileged, irrelevant, contain proprietary and confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant Hemraj is uncertain what is meant by "unofficial logs". Without waiving such objections, Defendant Hemraj is not in possession of any such logs.**

REQUEST FOR PRODUCTION NO. 5: Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor and trailer involved in the collision with Plaintiff.

**Response:  Defendant Hemraj is not in possession of any such records.**

REQUEST FOR PRODUCTION NO. 6: Please produce a copy of your cellular phone records for the day of the collision and the seven (7) days prior.

**Response:    Objection, this request is irrelevant, overbroad, overly burdensome, seeks proprietary information, and not reasonably calculated to lead**

to the discovery of admissible evidence.  Without waiving this objection, Defendant

Hemraj is not in possession of these records.


Dated: Lake Success, New York
       July 3, 2008


                           Abrams, Fensterman, Fensterman, Eisman,
                           Greenberg, Formato & Einiger, LLP


                   By: _____
                           Todd C. Rubenstein(TCR8884)
                           1111 Marcus Avenue, Suite 107
                           Lake Success, New York 11042
                           (516) 328-2300
                           Attorneys for Defendants
                           New England Motor Freight, Inc. and
                           Andre Hemraj (s/h/a Audray Hemraj)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
MAGDA EISENBERG,                                    Civil Action No.: 08cv01469(VM)

                              Plaintiff,

        -against-
                                                    **RESPONSE TO REQUEST**
                                                    **FOR PRODUCTION OF**
NEW ENGLAND MOTOR FREIGHT,                          **DOCUMENTS**
INC. & AUDRAY HEMRAJ,

                              Defendants.
----------------------------------------------------X

        Defendant New England Motor Freight, Inc., by and through its attorneys, Abrams,

Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, hereby responds to

Plaintiff's Request for Production of Documents as follows:

<u>**GENERAL STATEMENT AND OBJECTIONS**</u>

        1. Defendant New England Motor Freight, Inc. objects to the Request for Production on

the grounds that same purport to impose obligations beyond those set forth in the applicable

Federal Rules of Civil Procedure and Local Rules of the Southern District of New York, and that

responses to same would invade applicable privileges.

        2. Defendant New England Motor Freight, Inc. objects to the Request for Production

insofar as it seeks confidential business information and/or trade secrets without any showing of

need that would justify requiring Defendant to make such disclosure.

        3. Defendant New England Motor Freight, Inc. objects to the Request for Production

insofar as it seeks information in the public record which is equally available to Plaintiff and/or

documents that are not within the possession or control of answering Defendant.

4.    Defendant New England Motor Freight, Inc. objects to the Request for Production insofar as it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Such information will not provided.

5.    Any statements that response documents will be produced should not be taken to mean that any such documents actually exist, but only that if they exist and can be located through a reasonable search of Defendant's records, they will be produced.

6.    By making specific objection to a particular request, Defendant New England Motor Freight, Inc. does not imply that the specific objection is not applicable to any other particular response, or that the general objections are not applicable to that response.

7.    While Defendant New England Motor Freight, Inc. has responded to this Request, it does not waive any rights to object to any further inquiry or any effort to compel responses beyond those provided herein.

8.    Defendant New England Motor Freight, Inc objects to Plaintiff's Request for Production to the extent that the same purports to impose obligations inconsistent with and/or beyond the scope imposed Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and orders of this case.

9.    The answering Defendant objects to Plaintiff's Request for Production to the extent that it seeks information that is neither relevant to the subject matter of this cause of action nor reasonably calculated to the discovery of admissible evidence.

10.  The answering Defendant objects to each request to the extent that it is unreasonable, cumulative, unduly burdensome, oppressive and will cause unnecessary expense.

11. The answering Defendant objects to each demand to the extent that it is overly broad, vague and ambiguous.

12. The answering Defendant objects to the extent that the request requires him to conduct an unreasonable investigation.

13. The answering Defendant objects to the extent that the request cites to regulations and/or laws that have been misapplied and/or misconstrued, or otherwise seek to render a legal conclusion as to defendant's obligations and/or responsibilities. Defendant's objections solely on other grounds is not meant to be, and shall not be construed as an acknowledgement that there has been a proper pronouncement of any such regulation and/or law, or of its applicability.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:    Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**Response:    Objection, to the extent this request seeks reports or investigations prepared in anticipation of litigation, or is otherwise attorney work product.  Defendant New England Motor Freight, Inc. further objects to the word "crash."  Without waiving these objections, see attached Accident or Report of Damage and Supplemental Report, regarding the subject October 22, 2007 accident, which reports were previously provided in response to other discovery demands.**

REQUEST FOR PRODUCTION NO. 2:    Please produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with Plaintiff and all accidents 3 years prior to October 22, 2007.

**Response:    Objection, this request is irrelevant, overbroad, overly burdensome, seeks proprietary information, and not reasonably calculated to lead to the discovery of admissible evidence.   Defendant New England Motor Freight, Inc. further objects to the word "collision."**

REQUEST FOR PRODUCTION NO. 3:    If ISO certified, please produce all ISO Certification documents.

Response:  **Objection, this request is irrelevant, overbroad, overly burdensome, seeks proprietary information, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving such objections, not applicable.**

REQUEST FOR PRODUCTION NO. 4:    Please    produce    all    documents prepared concerning all inspections performed on the tractor and the trailer involved in this action.

**Response:    Objection.  This request is vague, overbroad and unduly burdensome.  Without waiving this objection, all repairs/maintenance for the tractor and trailer for six months prior to October 22, 2007 accident date are annexed to New England Motor Freight, Inc.'s Answers to Interrogatories.**

REQUEST FOR PRODUCTION NO. 5:    Please produce all leases and contracts that were in effect for the tractor and/or trailer on the day of the accident.

**Response:    None.**

REQUEST FOR PRODUCTION NO.: 6:    Please  produce  the  entire  personnel file of ANDRE HEMRAJ.

**Response:    Objection.  Such file is privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 7:     Please produce the entire qualification file of

ANDRE HEMRAJ maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49

CFR 379 (including Appendix A, Note A).

**Response:     Objection.     Such file is privileged, irrelevant, contains**

**proprietary and/or confidential information, and such request is not reasonably**

**calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 8:     Please produce the entire drug and alcohol file

of ANDRE HEMRAJ including but not limited to pre employment, post accident, random,

reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant

to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A),

and released pursuant to 49 CFR 379 (including Appendix A, Note A.).

**Response:     Objection.     Such file is privileged, irrelevant, contains**

**proprietary and/or confidential information, and such request is not reasonably**

**calculated to lead to the discovery of admissible evidence.     Without waiving this**

**objection, there are no such drug and alcohol tests for October 22, 2007.**

REQUEST FOR PRODUCTION NO. 9:     Please produce the entire driver investigation

history file or its equivalent for ANDRE HEMRAJ maintained pursuant to 49 CFR 391.53

and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

**Response:     Objection.     Such file is privileged, irrelevant, contains**

**proprietary and/or confidential information, and such request is not reasonably**

**calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 10:     Please produce any other file kept concerning

ANDRE HEMRAJ.

Response: **Objection.  This request is vague, overbroad, undecipherable,**

**unduly burdensome, may seek files prepared in anticipation of litigation, or is**

**otherwise attorney work product.**


REQUEST FOR PRODUCTION NO. 11:     Please produce any and al payroll and benefit

records for ANDRE HEMRAJ for five years prior to the collision to one year after.

**Response:     Objection.  Such records are privileged, irrelevant, contain**

**proprietary and/or confidential information, and such request is not reasonably**

**calculated to lead to the discovery of admissible evidence.**


REQUEST FOR PRODUCTION NO. 12:     Please produce any and all cancelled checks

of any kind paid to ANDRE HEMRAJ for 12 months prior and 6 months after the collision.

**Response:     Objection.  Such checks are privileged, irrelevant, contain**

**proprietary and/or confidential information, and such request is not reasonably**

**calculated to lead to the discovery of admissible evidence.**


REQUEST FOR PRODUCTION NO. 13:     Please produce all logs-official and unofficial-

of ANDRE HEMRAJ for the six months before the collision involving Plaintiff and for

thirty days after the collision maintained pursuant to 49 CFR 395.8(k) and preserved

pursuant to 49 CFR 379 (including Appendix A, Note A).

**Response:    Objection.    Such logs are privileged, irrelevant, contains proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant New England Motor Freight, Inc. further objects to the word "collision."**

REQUEST FOR PRODUCTION NO. 14:    Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of ANDRE HEMRAJ for the five years prior to the collision involving Plaintiff.

**Response: Objection. Such records are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant New England Motor Freight, Inc. further objects to the word "collision."**

REQUEST FOR PRODUCTION NO. 15:    Please produce all records of ANDRE HEMRAJ for the 7 days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the Defendant is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A).

    a.   Bills of Lading;

    b.   Carrier pros;

    c.   Freight bills;

    d.   Dispatch records;

    e.   Driver call-in records;

    f.   Gate record receipts;

g.  Weight/scale tickets;

h.  Fuel billing statement and/or summaries;

i.  Toll receipts;

j.  International registration plan receipts;

k.  International fuel tax agreement receipts;

l.  Trip permits;

m. Lessor settlement sheets;

n.  Port of entry receipts;

o.  Cash advance receipts;

p.  Delivery receipts;

q.  Lumper receipts;

r.  Interchange and inspection reports;

s.  Over/short and damage reports;

t.  Agricultural inspection reports;

u.  Commercial Vehicle Safety Alliance reports;

v.  Accident reports;

w.  Telephone billing statement;

x.  Credit card receipts;

y.  Driver fax reports;

z.  On-board computer reports;

aa. Border crossing report;

bb. Custom declarations;

cc. Traffic citation;

dd. Overweight/oversize reports and citation;

ee. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**Response:    Objection.  Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"**

REQUEST FOR PRODUCTION NO. 16:    Please produce any and all cellular and telephone records and bills of ANDRE HEMRAJ for the day of the motor vehicle collision with Plaintiff and seven days prior.

**Response:  Objection.  Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision." Without waiving these objections, New England Motor Freight, Inc. is not in possession of any such records for October 22, 2007.**

REQUEST FOR PRODUCTION NO. 17:    Please produce any and all credit card bills and receipts for ANDRE HEMRAJ for the day of the motor vehicle collision with Plaintiff and seven days prior.

**Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"**

REQUEST FOR PRODUCTION NO. 18:    Please produce copies of any and all fuel tax reports of ANDRE HEMRAJ for the year of this collision.

**Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.**

REQUEST FOR PRODUCTION NO. 19:    Please produce any and all state safety audits for ANDRE HEMRAJ for the year of this collision and three years prior.

**Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.**

REQUEST FOR PRODUCTION NO. 20:    Please state in detail the method of calculating

ANDRE HEMRAJ's pay, compensation, wages, salary, bonus, or commission at the time of

the collision and one year prior.

**Response: Objection. Improper demand. Moreover, to the extent the request**

**seeks records in that regard, such records, to the extent of their existence, are**

**privileged, irrelevant, contain proprietary and/or confidential information, and such**

**request is not reasonably calculated to lead to the discovery of admissible evidence.**

**Defendant New England Motor Freight, Inc. further objects to the word "collision"**

**Without waiving these objections, plaintiff is referred to New England Motor**

**Freight, Inc.'s Answers to Interrogatories, #20.**

REQUEST FOR PRODUCTION NO. 21:    Please produce any and all DOT inspection

reports filed for ANDRE HEMRAJ for the year of this collision and three years prior.

**Response: Objection. Improper demand. Moreover, to the extent the request**

**seeks records in that regard, such records, to the extent of their existence, are**

**privileged, irrelevant, contain proprietary and/or confidential information, and such**

**request is not reasonably calculated to lead to the discovery of admissible evidence.**

**Defendant New England Motor Freight, Inc. further objects to the word "collision"**

**Without waiving these objections, none.**

REQUEST FOR PRODUCTION NO. 22:    Please produce any and all long form DOT physicals for ANDRE HEMRAJ.

Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 23:    Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for ANDRE HEMRAJ for the month of this collision.

Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision"

REQUEST FOR PRODUCTION NO. 24:    Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

Response: Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the words "crash" and "collision". Without waiving these objections, none.

REQUEST FOR PRODUCTION NO. 25:    Produce any photographs taken of the tractor

trailer operated by ANDRE HEMRAJ at the scene of the collision, or anytime after.

**Response:  Objection, to the extent this request seeks photographs taken in**

**anticipation of litigation, or are otherwise attorney work product.  Without waiving**

**this objection, New England Motor Freight, Inc. is not in possession of photographs**

**taken at the accident scene.**

REQUEST FOR PRODUCTION NO. 26:    Produce copies of any documentation

evidencing the completion or non-completion of training programs and driver orientation

programs by ANDRE HEMRAJ for NEW ENGLAND MOTOR FREIGHT, INC.

**Response: Objection.  Such records, to the extent of their existence, are**

**privileged, irrelevant, contain proprietary and/or confidential information, and such**

**request is not reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 27:    Produce copies of any and all satellite

communications and e-mail for the day of the collision involving Plaintiff and seven days

prior, as well as all recorded ECM (electronic control module), EDR (event data recorder),

and/or SDM (sensing & diagnostic module) chronological data with reference to all data

available, including but not limited to:

    a.   trip distance

    b.   total vehicle driving time

    c.   load factor

    d.   vehicle speed limit

e.  maximum vehicle speed recorded

f.  number of hard brake incidents

g.  current engine speed (rmp)

h.  maximum and minimum cruise speed limits

i.  total vehicle driving distance

j.  fuel consumption (ga./hr.)

k.  idle time

l.  engine governed speed

m.  maximum engine speed recorded

n.  current throttle position

o.  brake switch status (on/off)

p.  odometer

q.  trip driving time

r.  overall fuel economy (MPG)

s.  average driving speed

t.  # of engine overspeeds

u.  # of vehicle overspeeds

v.  Current vehicle speed (MPH)

w.  Clutch switch status (on/off)

x.  Clock

y.  jake brake status

**Response: Objection.  Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such**

request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision". Without waiving this objection, none.

REQUEST FOR PRODUCTION NO. 28:    Produce    all    policies    including    liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

Response: **Defendant New England Motor Freight, Inc. objects to the word "collision". Without waiving this objection, plaintiff was previously provided with a declaration page setting forth commercial automobile coverage for accidents occurring on October 22, 2007.**

REQUEST FOR PRODUCTION NO. 29:    Please    produce    a    copy    of    documents evidencing the completion or non-completion of any safe driving programs by ANDRE HEMRAJ.

Response: **Objection. Such records, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 30:    Please produce a copy of the driver manual, company handbook, or their equivalent issued to ANDRE HEMRAJ.

**Response: Objection. Such manual or handbook, to the extent of its existence, is privileged, irrelevant, may contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 31:    Please produce a copy of the company safety rules or its equivalent issued to ANDRE HEMRAJ.

**Response: Objection. Such manual or handbook, to the extent of its existence, is privileged, irrelevant, may contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR PRODUCTION NO. 32:    Please produce the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or the trailer involved in the motor vehicle collision with Plaintiff.

**Response: Objection. Such files, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, plaintiff is referred to the maintenance and/or repair records annexed to New England Motor Freight, Inc.'s Answers to Interrogatories**

REQUEST FOR PRODUCTION NO. 33:    Please produce the printout(s) from any commercial software program (e.g., JJ Keller's Log Checker©) or customized program used to record and audit ANDRE HEMRAJ's log book entries for the one year preceding October 22, 2007, the date of motor vehicle collision with Plaintiff.

**Response: Objection.    Such files, to the extent of their existence, are privileged, irrelevant, contain proprietary and/or confidential information, and such request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant New England Motor Freight, Inc. further objects to the word "collision" Without waiving these objections, none.**

**[Remainder of Page Intentionally Left Blank]**

REQUEST FOR PRODUCTION NO. 34:    Please produce the cellular phone records for

ANDRE HEMRAJ for the day of the collision.

**Response:  Objection.  Such records, to the extent of their existence, are**

**privileged, irrelevant, contain proprietary and/or confidential information, and such**

**request is not reasonably calculated to lead to the discovery of admissible evidence.**

**Defendant New England Motor Freight, Inc. further objects to the word "collision."**

**Without waiving these objections, New England Motor Freight, Inc. is not in**

**possession of any such records for October 22, 2007.**

Dated: Lake Success, New York
        July 11, 2008

                            Abrams, Fensterman, Fensterman, Eisman,
                            Greenberg, Formato & Einiger, LLP

                            By: _____
                                Todd C. Rubenstein(TCR8884)
                                1111 Marcus Avenue, Suite 107
                                Lake Success, New York 11042
                                (516) 328-2300
                                Attorneys for Defendants
                                New England Motor Freight, Inc. and
                                Andre Hemraj (s/h/a Audray Hemraj)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
MAGDA EISENBERG,                                             Civil Action No.: 08cv01469(VM)

                                        Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT,
INC. & AUDRAY HEMRAJ,

                                        Defendants.
-------------------------------------------------X

## ANDRE HEMRAJ'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, Andre Hemraj (s/h/a Audray Hemraj) makes the following responses to Plaintiff's Requests for Admissions dated March 28, 2008 and April 8, 2008:

REQUEST FOR ADMISSION NO.: 1:        Admit that on October 22, 2007, you observed safety regulations while operating a commercial motor vehicle.

**RESPONSE: Objection, it is uncertain what is meant by "safety regulations" and as such a complete response cannot be made to this request. Without waiving this objection, it is admitted that Andre Hemraj observed and followed applicable traffic codes and statutes at the time of the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 2:        Admit that you were acting in the scope and course of your employment/lease agreement with New England Motor Freight, Inc. on October 22, 2007 when the collision with Plaintiff occurred.

**RESPONSE: It is admitted only that at the time of the accident on October 22, 2007, Andre Hemraj was employed by and operating a vehicle in furtherance**

of his job duties as a truck driver for New England Motor Freight, Inc.  In all other respects, this request is denied.

REQUEST FOR ADMISSION NO.: 3:    Admit that you were negligent in the collision of October 22, 2007.

**RESPONSE: Objection.  This request calls for legal conclusion and is an improper request.  Without waiving this objection, it is denied that Andre Hemraj was negligent with regard to the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 4:    Admit that Plaintiff, Magda Eisenberg was not contributorily negligent in the October 22, 2007 collision.

**RESPONSE: Objection.  This request calls for legal conclusion and is an improper request.  Without waiving this objection it is denied that Magda Eisenberg was not contributorily negligent with regard to the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 5:    Admit that your negligence solely and proximately caused some injury to Magda Eisenberg.

**RESPONSE: Objection.  This request calls for legal conclusion and is an improper request.  Without waiving this objection it is denied that Andre Hemraj was negligent and it is further denied that Andre Hemraj proximately caused some injury to Magda Eisenberg.**

REQUEST FOR ADMISSION NO.: 6:    Admit that your negligence solely and proximately caused the injuries alleged in Plaintiff's Complaint.

**RESPONSE: Objection.  This request calls for legal conclusion and is an improper request.  Without waiving this objection it is denied that Andre Hemraj was negligent and it is further denied that Andre Hemraj proximately caused the injuries alleged in Plaintiff's Complaint.**

REQUEST FOR ADMISSION NO.: 7:    Admit that you were served a copy of the Complaint in the matter of the above captioned action.

**RESPONSE:  Objection.  This request calls for legal conclusion and is an improper request.  Without waiving this objection it is admitted only that Andre Hemraj received a copy of the Complaint filed in the Supreme Court of**

the State of New York, County of New York, which was removed to United
States District Court, Southern District of New York.

Dated: Lake Success, New York
      April 16, 2008

                                              By: Todd C. Rubenstein
                                              Abrams, Fensterman, Fensterman, Eisman,
                                              Greenberg, Formato & Einiger, LLP
                                              Attorneys for Defendants
                                              NEW ENGLAND MOTOR FREIGHT, INC. AND
                                              ANDRE HEMRAJ (improperly sued herein as
                                              AUDRAY HEMRAJ)
                                              1111 Marcus Avenue, Suite 107
                                              Lake Success, New York 11042
                                              (516) 328-2300

To:    RAPHAEL WEITZMAN
        Weitzman Law Offices, LLC
        Attorneys for Plaintiff(s)
        MAGDA EISENBERG
        110 Wall Street
        Eleventh Floor
        New York, NY 10005
        212-248-5200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MAGDA EISENBERG,                                    Civil Action No.: 08cv01469(VM)

                                    Plaintiff,

-against-

NEW ENGLAND MOTOR FREIGHT,
INC. &  AUDRAY HEMRAJ,

                                    Defendants.
-----------------------------------------------------X

---

**NEW ENGLAND MOTOR FREIGHT, INC.'S  RESPONSE TO PLAINTIFF'S
REQUEST FOR ADMISSIONS**

---

**Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, New
England Motor Freight, Inc. makes the following responses to Plaintiff's Requests for
Admissions dated March 27, 2008 and April 8, 2008:**

REQUEST FOR ADMISSION NO.: 1:        Admit or deny that on October 22,
2007, ANDRE HEMRAJ failed to observe safety regulations while operating a commercial
motor vehicle.

> **RESPONSE:  Objection, it is uncertain what is meant by "safety regulations".
> Without waiving this objection, it is denied that Andre Hemraj failed to
> observe applicable traffic codes and statutes or other undefined "safety
> regulations" at the time of the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 2:        Admit or deny that Andre Hemraj was
acting in the scope and course of his employment with New England Motor Freight, Inc. on
October 22, 2007 when the collision with Plaintiff occurred.

> **RESPONSE:  It is admitted only that at the time of the accident on October 22,
> 2007, Andre Hemraj was employed by and operating a vehicle in furtherance**

of his job duties as a truck driver for **New England Motor Freight, Inc. In all other respects, this request is denied.**

REQUEST FOR ADMISSION NO.: 3:      Admit or deny that Andre Hemraj was

negligent in the collision involving Plaintiff on October 22, 2007.

**RESPONSE: Objection. This request calls for legal conclusion and is an improper request. Without waiving this objection, it is denied that Andre Hemraj was negligent with regard to the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 4:      Admit or deny that Magda Eisenberg

was not contributorily negligent in the October 22, 2007 collision.

**RESPONSE: Objection. This request calls for legal conclusion and is an improper request. Without waiving this objection it is denied that Magda Eisenberg was not contributorily negligent with regard to the October 22, 2007 accident.**

REQUEST FOR ADMISSION NO.: 5:      Admit or deny that Andre Hemraj's

negligence solely and proximately caused some injury to Magda Eisenberg.

**RESPONSE: Objection. This request calls for legal conclusion and is an improper request. Without waiving this objection it is denied that Andre Hemraj was negligent and it is further denied that Andre Hemraj proximately caused some injury to Magda Eisenberg.**

REQUEST FOR ADMISSION NO.: 6:      Admit or deny that Andre Hemraj's

negligence solely and proximately caused the injuries alleged in Plaintiff's Complaint.

**RESPONSE: Objection. This request calls for legal conclusion and is an improper request. Without waiving this objection it is denied that Andre Hemraj was negligent and it is further denied that Andre Hemraj proximately caused the injuries alleged in Plaintiff's Complaint.**

REQUEST FOR ADMISSION NO.: 7:      Admit or deny that Defendant was

served with a copy of the Complaint in the matter of the above captioned action.

**RESPONSE: Objection. This request calls for legal conclusion and is an improper request. Without waiving this objection it is admitted only that Andre Hemraj received a copy of the Complaint filed in the Supreme Court of**

the State of New York, County of New York, which was removed to United States District Court, Southern District of New York.

Dated: Lake Success, New York
      April 16, 2008

By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorneys for Defendants
NEW ENGLAND MOTOR FREIGHT, INC. AND
ANDRE HEMRAJ (improperly sued herein as
AUDRAY HEMRAJ)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

To:    RAPHAEL WEITZMAN
      Weitzman Law Offices, LLC
      Attorneys for Plaintiff(s)
      MAGDA EISENBERG
      110 Wall Street
      Eleventh Floor
      New York, NY 10005
      212-248-5200

# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MAGDA EISENBERG,

                                    Plaintiff,

                -against-                                    AFFIDAVIT

                                                            Index No.: 150522/2007
NEW ENGLAND MOTOR FREIGHT, INC.&
ANDRE HEMRAJ,

                                    Defendants.

-------------------------------------------------------------------X
STATE OF NEW YORK   )
            : SS.:
COUNTY OF NEW YORK)

        Terry Mohamed, being duly sworn, deposes and says:

        I, am a witness to an incident involving New England Motor Freight, Inc. on October 22,

2007, as referenced above.

        The statement I signed for New England Motor Freight, Inc. and Andre Hemraj on January  ,

2008 was signed under the following circumstances:

I was led to believe that the statement from New England Motor Freight, Inc. and Andre Hemraj was

the one I dictated to the Weitzman Law Offices, L.L.C., 110 Wall Street, 11th Floor, New York, NY

10005-3817.  I did not review the document accordingly.


Dated:        New York, New York
              January 29, 2008


Sworn to before me this
29 day of January, 2008


NOTARY PUBLIC                          RAPHAEL WEITZMAN
                                   Notary Public - State of New York
                                          No. 02WE5050489
                                   Qualified in New York County
                                   My Commission Expires Oct. 10, 2009

**Terry Z Mohamed**
**204 E 112 Street**
**New York, NY 10029-2911**

January 25, 2008

Larry Press, Inc.
2284 Flatbush Ave Telephone 718.377.7585
Brooklyn, NY 11234

Todd Rubenstein, Esq.
Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042

Re: Your Client: New England Motor Freight, Inc.
D/A: October 22, 2007
Location: Second Avenue at or near its intersection
with East 60th Street

Dear Gentlemen:

I, the undersigned, am a witness to an accident involving your client, New England Motor Freight, Inc., as referenced above. Your firm is in possession of my statement as a witness in the case of Magda Eisenberg v. New England Motor Freight, Inc..

I wish to bring to your attention that your firm and/or it's associates and/or it's agents led me to believe that the statement I signed for you was the one I dictated to the Weitzman Law Offices, L.L.C., 110 Wall Street, 11th Floor, New York, NY 10005-3817. I did not review the document.

I request that the statement be returned to me for review and any possible correction in the matter of the statement.